IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC WILKINS, MAHARI BELL, ESSENCE JEFFERSON, JOSE MANUEL ALMANZA, JR., AND JACQUEZ BEASLEY, <br><br>Plaintiffs, <br><br>v. <br><br>CITY OF CHICAGO AND CHICAGO POLICE DEPARTMENT, <br><br>Defendants. | Case No. 23-cv-4072 <br><br> Hon. Mary M. Rowland |

**PLAINTIFFS' MOTION FOR ENTRY OF CONFIDENTIALITY ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), Local Rule 37.2, and this Court's Standing Orders, Plaintiffs Eric Wilkins, Mahari Bell, Essence Jefferson, José Manuel Almanza, Jr., and Jacquez Beasley (collectively, "Plaintiffs"), respectfully request entry of a confidentiality order ("Plaintiffs' Proposed Order"), which is based upon the Northern District of Illinois Model Confidentiality Order, Form LR 26.2 ("Model Order").[1] Plaintiffs' Proposed Order is attached hereto as **Exhibit A**, with differences between Plaintiffs' Proposed Order and the Model Order noted in redline.

The parties have agreed on several alterations to the Model Order, including permitting parties to designate certain particularly sensitive materials as Attorneys Eyes Only, and allowing third party subpoena respondents to invoke the protections of the confidentiality order when

---

[1] Per this Court's standing order, redlined and clean Word versions of Plaintiffs' Proposed Order will be e-mailed to the Court's proposed order inbox upon the filing of this motion.

1

producing documents in this matter. However, as further described below, the parties disagree on one issue: Whether Defendants may designate as Confidential documents and information that may be exempt from disclosure under the Illinois Freedom of Information Act ("FOIA").

Plaintiffs respectfully submit that their proposed version of the confidentiality order better adheres to the intent of the Model Order to limit confidentiality designations to truly sensitive documents and information, and that the original language of ¶2(a) of the Model Order should be entered. In further support of this motion, Plaintiffs state as follows:

### Scope of Discovery

1. On June 26, 2023, Plaintiffs filed a Class Action Complaint alleging that Defendants' program of subjecting Black and Latino drivers to high volumes of traffic stops, frisks, and searches (the "Mass Traffic Stop Program") violates Plaintiffs' rights under the Fourteenth Amendment Equal Protection Clause, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.*, Article I, Section 2 of the Illinois Constitution, and the Illinois Civil Rights Act of 2003, 740 ILCS 23/5.

2. To establish their claims, Plaintiffs have requested from Defendants the following types of data (among others), generally for the period 2015-present: all traffic stops made by the Chicago Police Department ("CPD"); all calls for service (i.e., 911 calls) in the City of Chicago; all arrests made by CPD; rosters of CPD officers and officer attendance and assignment sheets; all uses of force by CPD; all traffic crashes recorded by CPD; and all red-light camera and speed camera citations issued in Chicago. Importantly, Plaintiffs are *not* seeking copies of the underlying documents, such as traffic stop reports or arrest reports (except for the named plaintiffs). Rather, they seek electronic data reflecting the information requested.

3. Plaintiffs also seek categories of documents relating to Defendants' decisions to

initiate, maintain and support the Mass Traffic Stop Program, such as correspondence regarding District Strategic Plans, and deliberative materials regarding Defendants' strategies for deployment of CPD personnel and decisions to focus on so-called "proactive" traffic stops in predominantly Black and Latino neighborhoods in Chicago.

### The Parties Dispute Paragraph 2(a) of the Protective Order

4. Defendants seek to alter ¶2(a) of the Model Order such that all information exempt from disclosure under FOIA would automatically be subject to designation as Confidential. Specifically, ¶2(a) of the Model Order permits a party to designate as Confidential "information prohibited from disclosure by statute." Defendants seek to expand ¶2(a) to cover "information prohibited or exempted from disclosure by statute, including the Illinois Freedom of Information Act (FOIA), 5 ILCS 140/1, *et seq.*"

5. FOIA does not "prohibit" disclosure of any documents. It does, however, allow public bodies such as Defendants to refuse to produce certain documents should they wish to invoke statutory exemptions. 5 ILCS 140/7(1). And Illinois FOIA contains scores of exemptions that sweep far more broadly than the limited grounds for confidentiality designations contemplated in the Model Order. *Id.*

6. For example, simply because FOIA permits public bodies to withhold "preliminary drafts, notes, recommendations, memoranda, and other records in which opinions are expressed, or policies or actions are formulated," *see id.* 7(f), it does not follow that Defendants should be permitted to designate all such drafts, notes, memoranda, and the like as Confidential in discovery in this federal case—where Defendants' decisions to initiate and continue the Mass Traffic Stop Program form the core of Plaintiffs' *Monell* allegations.

7. Moreover, Defendants' proposal would place parties that are public bodies, and

3

therefore are subject to FOIA, in a different position than non-governmental parties. Whether specific documents or information should be considered confidential under Fed. R. Civ. P. 26(c) should not be determined by whether the custodian of that information is a public body within the meaning of FOIA or is a private litigant.

8. Plaintiffs respectfully submit that the original language of ¶2(a) of the Model Order ("information prohibited from disclosure by statute") should be adopted in this matter.

### The Parties' Efforts to Meet and Confer

9. Pursuant to Local Rule 37.2, counsel for the parties have met virtually and conferred multiple times by email in an attempt to resolve their differences concerning a confidentiality order. While the parties have been able to resolve nearly all of their disagreements, they have been unable to resolve the issue concerning ¶2 discussed above.

10. Specifically, on October 5, 2023, counsel for the parties held their first Rule 26(f) meeting by videoconference. Plaintiffs' counsel asked whether Defendants were likely to seek a confidentiality order. Defendants' counsel stated that they intended to do so and would promptly circulate a draft order based on the Model Order.

11. On November 14, 2023, Plaintiffs' counsel followed up with Defendants' counsel by email and requested that Defendants provide a proposed confidentiality order. Defendants' counsel emailed their proposed confidentiality order to Plaintiffs' counsel on November 16, 2023.

12. Plaintiffs provided a marked-up draft to Defendants on November 29, 2023, to which Defendants responded by email with a revised mark-up on December 14, 2023.

13. Counsel for the parties met and conferred by videoconference on December 15, 2023. Defendants agreed to consider Plaintiffs' positions on a number of issues and respond further.

14. Defendants provided a further redline by email on December 28, 2023. On January

4, 2024, Plaintiffs responded by email with a redline and an explanation of their positions. Plaintiffs then prompted Defendants by email on January 16, 2024, seeking Defendants' response to Plaintiffs' proposals. On January 19, 2024, Defendants sent a marked-up draft that stood on their prior positions on the issues in dispute.

15. Upon receipt of Defendants' final redline, on January 19, 2024, Plaintiffs' counsel replied by email seeking confirmation that Defendants intended to stand on their position regarding the proposed FOIA exemption in ¶2(a) and attempting to explore whether a resolution was possible on three other issues. Plaintiffs' counsel requested a response by Monday, January 22. Plaintiffs' counsel further stated their intention to seek entry of Plaintiffs' Proposed Order on Tuesday, January 23, in advance of the status conference scheduled for Thursday, January 25.

16. On the afternoon of Tuesday, January 23, Defendants' counsel responded by email, confirming that the parties are at issue regarding the proposed FOIA exemption in ¶2(a). The parties were able to resolve all other outstanding disputes regarding the protective order by email.

WHEREFORE, Plaintiffs respectfully request entry of Plaintiffs' Proposed Order, attached hereto as **Exhibit A**.

Dated: January 23, 2024

Respectfully Submitted,

*/s/ Alexandra K. Block*

Alexandra K. Block (ARDC # 6285766)
Joshua M. Levin (ARDC # 6320993)
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 N. Michigan, Suite 600
Chicago, IL 60601
Phone: (312) 201-9740
Fax: (312) 201-9760
ABlock@aclu-il.org
JLevin@aclu-il.org

Sheldon L. Solow (ARDC # 2673061)
Patrick Derocher (ARDC # 3668891)
Cate Baskin (ARDC # 6343199)

Arnold & Porter Kaye Scholer LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Phone: (312) 583-2300
Fax: (312) 583-2360

John A. Freedman (*pro hac vice*)
Joshua M. Davis (*pro hac vice*)
Stacey Menjivar (*pro hac vice*)
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001-3743
Phone: (202) 942-5000
Fax: (202) 942-5999

Andrew Hannemann (*pro hac vice*)
Mikaila O. Skaroff (*pro hac vice*)
Arnold & Porter Kaye Scholer LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Phone: (415) 471-3100
Fax: (415) 471-3400