# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| ERIC WILKINS, MAHARI BELL, ESSENCE JEFFERSON, JOSE MANUEL ALMANZA, JR., AND JACQUEZ BEASLEY, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 23-cv-4072 |
| v. | ) ) ) | Hon. Mary M. Rowland |
| CITY OF CHICAGO AND CHICAGO POLICE DEPARTMENT, | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS CITY OF CHICAGO AND CHICAGO POLICE DEPARTMENT**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiffs Eric Wilkins, Mahari Bell, Essence Jefferson, José Manuel Almanza, Jr., and Jacquez Beasley (collectively, "Plaintiffs"), by and through their undersigned counsel, request that, no later than thirty (30) days from the date of service of this Plaintiffs' First Set of Interrogatories, defendants City of Chicago and Chicago Police Department ("CPD") (collectively, "Defendants"), answer separately, fully, in writing and under oath each of the following interrogatories (each an "Interrogatory" and collectively the "Interrogatories"), in accordance with the definitions and instructions that follow.

**DEFINITIONS**

1. Notwithstanding any definition set forth below, each word, term, or phrase used in the Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

2. "Document" shall be construed to the fullest and broadest scope of things discoverable under Federal Rule of Civil Procedure 34(a), encompassing material of whatever kind

1

or nature, whether typed, printed, handwritten, or otherwise produced and however stored, printed, recorded, or preserved, including, without limitation, all communications, correspondence, letters, memoranda, meeting minutes, notes, reports, grievances, handbooks, policies, directives, guidelines, contracts, bills, invoices, photographs, calendars, text messages, SMS, instant messages, facsimiles, photocopies, audio or video recordings, and electronic data compilations, including computerized files, computer discs, hard drives, servers, database records, voicemail recordings, electronic mail (e-mail) messages, and electronic calendar invites.

3.  "Communication" means any act or instance of transferring, transmitting, passing, delivering, or giving information by oral, written, signed, or electronic means, including, without limitation, in-person discussions, virtual meetings, memos, notes, letters, text messages, SMS, instant messages, facsimiles, electronic mail (e-mail), phone calls, and voicemail.

4.  "Relating to" means referring to, pertaining to, related to, reflecting, concerning, and their variants, and shall be construed to bring within the scope of the Interrogatory any information that explicitly or implicitly comprises, evidences, embodies, constitutes, describes, responds to, reflects, was reviewed in conjunction with, or was generated as a result of, the subject matter of the Interrogatory.

5.  "Plaintiffs" means plaintiffs named in the Complaint in the above-captioned action, including Eric Wilkins, Mahari Bell, Essence Jefferson, José Manuel Almanza, Jr., and Jacquez Beasley, and those persons yet to be identified who are similarly situated.

6.  "Defendants" means defendants named in the Complaint in the above-captioned action, including the City of Chicago, CPD, and their directors, officers, employees, affiliates, representatives, advisors, agents, associates, and/or any other person acting for or at the direction thereof, and any such person's subsidiaries, predecessors, and successors.

2

7.      "Person" means any natural person, corporation, partnership, proprietorship, association, joint venture, group, governmental or public entity, or any other form or organization of legal entity, and all of their directors, officers, employees, representatives, or agents.

8.      "Identify"

a.  When used in reference to a document, means to state the type of document, the document's date, author(s), recipient(s), subject matter, attachments or appendices, and persons who possess or were involved in making the document.

b.  When used in reference to electronically stored information, means to describe the electronically stored information, describe all electronic devices on which the electronically stored information is stored or maintained, and identify all persons who have custody, possession, or control over the electronically stored information or electronic devices.

c.  When used in reference to a natural person, means that person's full name, current or last known business address, business telephone number, present occupation or business affiliation, present or last known place of employment, current job title or role, and job title or role at the time of the events in the Interrogatory.

d.  When used in reference to a transaction, occurrence, or communication, means to provide the date of that event, the persons who participated, and to provide a description of the subject and substance of the interaction.

## **RULES OF CONSTRUCTION**

1.      The terms "You" and "Your" shall be construed to include Defendants and their directors, officers, employees, affiliates, representatives, advisors, agents, associates, and/or any other person acting for or at the direction thereof, and any such person's subsidiaries, predecessors, and successors.

2.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as required by the context so as to bring within the scope of a request any information that might otherwise be considered to be beyond it.

3.      The terms "any," "all," and "each" shall be construed in the broadest sense possible to be consistent with an interpretation that results in a more expansive response.

3

4.  The use of the singular form of any word shall be construed to include the plural and vice versa.

5.  All phrases following the terms "including" are intended to illustrate the kinds of information responsive to each request, and shall be construed as "including, but not limited to."  Such examples are not intended to be exhaustive of the information sought by the request and shall not in any way be read to limit the scope of the request.

6.  The use of a verb in any tense, voice, or mood shall be construed as the use of the verb in all other tenses, voices, or moods, as necessary to bring within the scope of the request any information that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1.  If You object to any part of any Interrogatory, state with particularity both the grounds and reasons for Your objection, and respond to all parts of the Interrogatory to which Your objection does not apply.

2.  In the event You do not answer any Interrogatory, in whole or in part, on the basis of an assertion of attorney-client privilege, the work-product doctrine, or any other claim of privilege or immunity, answer each Interrogatory to the extent consistent with the privilege or immunity asserted, and provide information sufficient to permit the Court to make a determination of whether a proper basis exists for the assertion of privilege or immunity.

3.  You are required to supplement Your responses to these Interrogatories in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

1.    With respect to these Interrogatories, please identify the person answering them, all persons who provided assistance in answering them and specify which Interrogatories each person assisted in answering.

2.    Identify each person who has knowledge about the Plaintiffs' claims or your defenses in this case. For each person identified, summarize the knowledge you believe each person has.

3.    Identify each CPD officer/supervisor/employee involved in each of Plaintiffs' enumerated traffic stops as set forth in the Complaint (Doc. 1) and the additional traffic stops of Plaintiffs that are identified in Plaintiffs' Rule 26(a) Initial Disclosures.

4.    For each CPD officer/supervisor/employee identified in your answer to Interrogatory No. 3, identify all misconduct complaints relating to that individual, including but not limited to Log Number files, Complaint Register files, Universal files, Extraordinary Occurrence files, Non-Disciplinary Intervention files, and Summary Punishment Action Requests, and explain in detail what actions, if any, you took in response to each of those complaints.

5.    Identify all communications you have had with any person about the allegations in Plaintiffs' complaint.

6.    If Defendants contend that the policies and practices that comprise the "mass traffic stop program," as alleged in Plaintiffs' complaint, are justified by a legitimate, non-discriminatory policy objective and are necessary to the attainment of that objective, explain in detail such objective and why the policies and practices comprising the "mass traffic stop program" are necessary to attain that objective, and identify all documents and communications relating to that objective.

December 7, 2023

Respectfully submitted,

/s/ Alexandra K. Block
Alexandra K. Block (ARDC # 6285766)
Joshua M. Levin (ARDC # 6320993)
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 N. Michigan, Suite 600
Chicago, IL 60601
Phone: (312) 201-9740
Fax: (312) 201-9760
ABlock@aclu-il.org
JLevin@aclu-il.org

Sheldon L. Solow (ARDC # 2673061)
Patrick Derocher (ARDC # 3668891)
Cate Baskin (ARDC # 6343199)
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL  60602-4231
Phone: (312) 583-2300
Fax: (312) 583-2360
Sheldon.Solow@arnoldporter.com
Patrick.Derocher@arnoldporter.com
Cate.Baskin@arnoldporter.com

John A. Freedman (*pro hac vice*)
Joshua M. Davis (*pro hac vice*)
Stacey Menjivar (*pro hac vice* forthcoming)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001-3743
Phone: (202) 942-5000
Fax: (202) 942-5999
John.Freedman@arnoldporter.com
Joshua.Davis@arnoldporter.com

Andrew Hannemann (*pro hac vice* forthcoming)
Mikaila O. Skaroff (*pro hac vice* forthcoming)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Phone: (415) 471-3100
Fax: (415) 471-3400
Andrew.Hannemann@arnoldporter.com
Mikaila.Skaroff@arnoldporter.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 7, 2023, the foregoing *Plaintiffs' First Set of Interrogatories to Defendants City of Chicago and Chicago Police Department* were served on the following counsel of record by E-mail:

Michael P. Sheehan
Allan Slagel
Elizabeth A. Winkowski
T. Hudson Cross, IV
Taft Stettinius & Hollister LLC
111 East Wacker Drive, Suite 2600
Chicago, IL 60602
msheehan@taftlaw.com
aslagel@taftlaw.com
ewinkowski@taftlaw.com
hcross@taftlaw.com

/s/ *Alexandra K. Block*
Alexandra K. Block