# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ERIC WILKINS, MAHARI BELL, ESSENCE JEFFERSON, JOSE MANUEL ALMANZA, JR., and JACQUEZ BEASLEY, *Plaintiffs,* *v.* CITY OF CHICAGO, et al., *Defendants.* | Case No. 23-cv-4072 Judge Mary M. Rowland Magistrate Judge Beth W. Jantz |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant City of Chicago ("City") on behalf of itself and Chicago Police Department ("CPD") (collectively, "Defendants"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 33, for its answers to Plaintiffs' First Set of Interrogatories (the "Interrogatories"), hereby states as follows:

### OBJECTIONS TO PLAINTIFFS' DEFINITIONS

1. "Document" shall be construed to the fullest and broadest scope of things discoverable under Federal Rule of Civil Procedure 34(a), encompassing material of whatever kind or nature, whether typed, printed, handwritten, or otherwise produced and however stored, printed, recorded, or preserved, including, without limitation, all communications, correspondence, letters, memoranda, meeting minutes, notes, reports, grievances, handbooks, policies, directives, guidelines, contracts, bills, invoices, photographs, calendars, text messages, SMS, instant messages, facsimiles, photocopies, audio or video recordings, and electronic data compilations, including computerized

files, computer discs, hard drives, servers, database records, voicemail recordings, electronic mail (e-mail) messages, and electronic calendar invites.

**ANSWER:** Defendants object to this definition as overly broad in scope due to the inclusion of "calendars . . . text messages, SMS, instant messages . . . servers . . . voicemail recordings, electronic mail (e-mail) messages, and electronic calendar invites," and vague and ambiguous as to the terms "grievances," "calendars," "electric data compilations," and not proportional to the needs of the case considering the expense and burden to fulfill each of Plaintiffs' discovery requests for information or documents based on Plaintiffs' definition outweighs any likely benefit.

2. "Communication" means any act or instance of transferring, transmitting, passing, delivering, or giving information by oral, written, signed, or electronic means, including, without limitation, in-person discussions, virtual meetings, memos, notes, letters, text messages, SMS, instant messages, facsimiles, electronic mail (e-mail), phone calls, and voicemail.

**ANSWER:** Defendants object to this definition as overly broad in scope due to the inclusion of "including, without limitation."

3. "Relating to" means referring to, pertaining to, related to, reflecting, concerning, and their variants, and shall be construed to bring within the scope of the Interrogatory any information that explicitly or implicitly comprises, evidences, embodies, constitutes, describes, responds to, reflects, was reviewed in conjunction with, or was generated as a result of, the subject matter of the Interrogatory.

**ANSWER:** Defendants object to this definition as overly broad in scope due to the inclusion of "and their variants," and vague and ambiguous as to the terms "implicitly comprises," "embodies," and "constitutes."

4.     "Plaintiffs" means plaintiffs named in the Complaint in the above-captioned action, including Eric Wilkins, Mahari Bell, Essence Jefferson, José Manuel Almanza, Jr., and Jacquez Beasley, and those persons yet to be identified who are similarly situated.

**ANSWER:** Defendants object to this definition as overly broad in scope due to the inclusion of "and those persons yet to be identified who are similarly situated."

5.     "Defendants" means defendants named in the Complaint in the above-captioned action, including the City of Chicago, CPD, and their directors, officers, employees, affiliates, representatives, advisors, agents, associates, and/or any other person acting for or at the direction thereof, and any such person's subsidiaries, predecessors, and successors.

**ANSWER:** Defendants object to this definition as overly broad in scope due to the inclusion of "their directors, officers, employees, affiliates, representatives, advisors, agents, associates, and/or any other person acting for or at the direction thereof, and any such person's subsidiaries, predecessors, and successors."

6.     "Person" means any natural person, corporation, partnership, proprietorship, association, joint venture, group, governmental or public entity, or any other form or organization of legal entity, and all of their directors, officers, employees, representatives, or agents.

**ANSWER:** Defendants object to this definition as overly broad in scope due to the inclusion of "*any* natural person, corporation, partnership, proprietorship, association, joint venture, group . . . or *any other* form or organization of legal entity, and all of their directors, officers, employees, representatives, or agents."

7.     "Identify"

  a.     When used in reference to a document, means to state the type of document, the document's date, author(s), recipient(s), subject matter, attachments or

3

appendices, and persons who possess or were involved in making the document.

b.  When used in reference to electronically stored information, means to describe the electronically stored information, describe all electronic devices on which the electronically stored information is stored or maintained, and identify all persons who have custody, possession, or control over the electronically stored information or electronic devices.

c.  When used in reference to a natural person, means that person's full name, current or last known business address, business telephone number, present occupation or business affiliation, present or last known place of employment, current job title or role, and job title or role at the time of the events in the Interrogatory.

d.  When used in reference to a transaction, occurrence, or communication, means to provide the date of that event, the persons who participated, and to provide a description of the subject and substance of the interaction.

**ANSWER:** Defendants object to this definition due to the inclusion of the following language:

a.  Identify, "[w]hen used in reference to a document . . . persons who possess or were involved in the making the document," is overbroad, unduly burdensome, not proportional the needs of the case considering the expense and burden outweighs any likely benefit.

b.  Identify, "[w]hen used in reference to electronically stored information . . . identify all persons who have custody, possession, or control over the

4

electronically stored information or electronic devices," is premature as the parties have not yet agreed upon custodians pursuant to the ESI protocol, which would cover this topic.

c.   Identify, "[w]hen used in reference to a natural person . . . present occupation or business affiliation, present or last know place of employment, current job title or role, and job title or role at the time of the events in the Interrogatory," is overbroad, unduly burdensome, and not proportional to the needs of the case considering the expense and burden outweighs any likely benefit.

d.   Identify, "[w]hen used in reference to a transaction, occurrence, or communication means to provide . . . persons who participated, and to provide a description of the subject and substance of the interaction" as overbroad, vague and ambiguous as to "substance of the interaction," and not proportional to the needs of the case considering the expense and burden outweighs any likely benefit.

**OBJECTIONS TO PLAINTIFFS' RULES OF CONSTRUCTION**

1.   The terms "You" and "Your" shall be construed to include Defendants and their directors, officers, employees, affiliates, representatives, advisors, agents, associates, and/or any other person acting for or at the direction thereof, and any such person's subsidiaries, predecessors, and successors.

**ANSWER:** Plaintiffs' definition of "You" and "Your" is overbroad and beyond the scope of Fed. R. Civ. P. 34 because it impermissibly includes individuals and entities that are not a party

to this litigation as well as individuals for whom Defendants have no legal right or obligation to answer on behalf of.

2. The terms "and" and "or" shall be construed either conjunctively or disjunctively as required by the context so as to bring within the scope of a request any information that might otherwise be considered to be beyond it.

**ANSWER:** Defendants object that Plaintiffs' construction is overly broad as to the instruction that Defendants also include "any information that might otherwise be considered to be beyond" the context of the words "and . . . or" as it instructs Defendants to look beyond the scope of the actual discovery request. Objecting further, this language is vague and ambiguous and fails to describe with reasonable particularity the information and documents Plaintiffs seek.

3. The terms "any," "all," and "each" shall be construed in the broadest sense possible to be consistent with an interpretation that results in a more expansive response.

**ANSWER:** Defendants object that Plaintiffs' construction is vague and ambiguous as to the phrase "consistent with an interpretation that results in a more expansive response."

4. The use of the singular form of any word shall be construed to include the plural and vice versa.

**ANSWER:** Defendants object to this construction because it is overly broad ("any word shall be construed to include") and unduly burdensome for Defendants to read "any word" in Plaintiffs' discovery requests in both the singular and plural forms.

5. All phrases following the terms "including" are intended to illustrate the kinds of information responsive to each request, and shall be construed as "including, but not limited to." Such examples are not intended to be exhaustive of the information sought by the request and shall not in any way be read to limit the scope of the request.

**ANSWER:** Defendants object to this construction as overly broad in scope ("All phrases following the terms 'including'. . . shall be construed as 'including, but not limited to'"), vague and ambiguous as to the phrase "such examples," and unduly burdensome for Defendants to respond to a request that is "not limited."

6.      The use of a verb in any tense, voice, or mood shall be construed as the use of the verb in all other tenses, voices, or moods, as necessary to bring within the scope of the request any information that might otherwise be construed to be outside of its scope.

**ANSWER:** Defendants object to the form of this construction as overly broad in scope ("shall be construed as the use of the verb in all other tenses, voices, or moods") and vague and ambiguous as to the term "mood" and the phrase "as necessary to bring within the scope of the request any information that might otherwise be construed to be outside of its scope."

## INTERROGATORIES

1.      With respect to these Interrogatories, please identify the person answering them, all persons who provided assistance in answering them and specify which Interrogatories each person assisted in answering.

**ANSWER:** Defendants object to this Interrogatory as overly broad in scope and unduly burdensome due to the nature and structure of the City and its various departments.

Subject to and without waiving the foregoing objections, Defendants' undersigned counsel were primarily responsible for answering these Interrogatories, with assistance from CPD Acting General Counsel Scott Spears and his staff.

2.      Identify each person who has knowledge about the Plaintiffs' claims or your defenses in this case. For each person identified, summarize the knowledge you believe each person has.

**ANSWER:** Defendants object to this Interrogatory as overbroad in scope ("Identify each person who has knowledge"), vague and ambiguous as to the term "knowledge," and premature at this time as it purports to request that Defendants identify all witnesses (and their subject matter) that Defendants may call to testify at trial in this case.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to their Rule 26(a) disclosures, Plaintiffs' Rule 26(a) disclosures, and any and all documents produced by a party or third-party at any time during this litigation for names of persons who may have knowledge of facts pertaining to the claims and defenses in this action and incorporate the summary of their knowledge as if fully stated herein. In addition, Defendants further identify:

a. **Deputy Chief Daniel O'Connor, CPD (Bureau of Patrol),** who may be contacted through Defendants' undersigned counsel, is likely to have information concerning CPD's policies, practices, and procedures relating to traffic stops.

b. **Sgt. Randolph Nichols, CPD (Data Fulfillment and Analysis, Strategic Initiatives Division),** who may be contacted through Defendants' undersigned counsel, is likely to have information concerning data and reporting relating to traffic stops.

c. **Sgt. Matthew J. Carlson, CPD,** who may be contacted through Defendants' undersigned counsel, is likely to have information concerning CPD's policies, practices, and procedures relating to traffic stops.

d. **Sgt. Trak Silapaduriyang, CPD,** who may be contacted through Defendants' undersigned counsel, is likely to have information concerning the development and implementation of training programs involving traffic stops.

e. **Sgt. Richard Rice, CPD,** who may be contacted through Defendants' undersigned counsel, is likely to have information concerning the development and

8

implementation of training programs involving Fourth Amendment issues pertaining to investigatory and probable cause stops.

  f.  **Sgt. Jose Esquivel, CPD,** who may be contacted through Defendants' undersigned counsel, is likely to have information concerning the development and implementation of training programs concerning bias-based policing, procedural justice, and police legitimacy.

  g.  **Scott Spears, CPD (Acting General Counsel),** who may be contacted through Defendants' undersigned counsel, is likely to have knowledge about Plaintiffs' claims or the City's defenses in his capacity as Acting General Counsel, including but not limited to his knowledge of the Complaint and his assistance in the preparation of these discovery responses.

Investigation continues.

3.  Identify each CPD officer/supervisor/employee involved in each of Plaintiffs' enumerated traffic stops as set forth in the Complaint (Dkt. 1) and the additional traffic stops of Plaintiffs that are identified in Plaintiffs' Rule 26(a) Initial Disclosures.

**ANSWER:** Defendants object to this Interrogatory as overbroad in scope ("each . . . employee") and vague and ambiguous as to the term "involved."

Subject to and without waiving the foregoing objections, Defendants identify the following CPD officers, some of which were previously disclosed in Defendants' Rule 26(a) disclosures:

| Officer Name | Star No. | Employee No. |
|---|---|---|
| Charles Harris II | 3200 | 124760 |
| Jason Anderson | 9054 | 118463 |
| Jeremy Noe | 5490 | 123194 |
| Koebe Nelson Jr. | 5116 | 122080 |

| | | |
|---|---|---|
| Santos Reyes | 17832 | 96891 |
| Bryan Hoffman | 4317 | 9288 |
| Chris Sopikiotis | 2468 | 28123 |
| Robert T. Stumpe | 15418 | 20953 |
| Geraldo Ortiz | 18496 | 122825 |
| Sergio Zagala | 19734 | 127771 |
| Christopher A. Samuel | 4635 | 124805 |
| Aaron McClelland | 9164 | 118519 |
| Patrick Mamaat | 6084 | 122328 |
| Ricardo Carrillo | 15705 | 115142 |
| Victor Perez | 14826 | 119696 |
| Jose Uriostegui | 7854 | 121417 |
| Austin Watts | 18328 | 127519 |
| Daniel Rocha | 19344 | 127508 |
| Miguel Cuellar, Jr. | 14259 | 119632 |
| Gustavo Marchan | 17663 | 124611 |
| Humberto Rabadan | | 127424 |
| Joshua Gonzalez | 18274 | 125969 |
| Irving C. Lopez | 5485 | 123395 |
| Alexus J. Brown | 12043 | 123711 |
| Thomas F. Frole | 8566 | 99567 |
| Oleksandr Artymovych | 15973 | 126591 |
| Kevin Moran | 16162 | 125103 |
| Dillan J. Halley | 7341 | 121361 |
| Mark E. Mueller | 7919 | 17657 |
| Trevor Miller | 6860 | 121568 |
| Nathaniel Carrasco | 3054 | 122056 |

10

| | | |
|---|---|---|
| Joseph C. Shmerl | 5358 | 124634 |
| Michael Anderson | 2712 | 122409 |
| Jhon Vasquez | 19486 | 113491 |
| Michal Sajdak | 19046 | 124508 |
| Daniel W. Printz | 1064 | 56822 |
| Thomas F. Frole | 8566 | 99567 |
| Thomas Zaccone | 10076 | 100050 |
| Jose W. Ayala | 6609 | 121514 |
| Christopher Irizarry | 18202 | 124768 |
| Emma Turbyville | 15952 | 124811 |
| David L. Waite | 10229 | 118034 |
| Asha K. Das | | 127172 |
| John J. Pietryla | 7061 | 112671 |

Based on Plaintiffs' disclosure of personal identifying information related to Plaintiffs made on January 30, 2024, Defendants are conducting further inquiries. Answering further, Defendants refer Plaintiffs to those documents produced in response to Plaintiffs' First Set of Requests for Production, Nos. 3, 4, and 5. Investigation continues.

4.      For each CPD officer/supervisor/employee identified in your answer to Interrogatory No. 3, identify all misconduct complaints relating to that individual, including but not limited to Log Number files, Complaint Register files, Universal files, Extraordinary Occurrence files, Non-Disciplinary Intervention files, and Summary Punishment Action Requests, and explain in detail what actions, if any, you took in response to each of those complaints.

**ANSWER:** Defendants object to this Request as overly broad in scope ("all misconduct complaints . . . including but not limited to"), and because it lacks any temporal range, is vague and ambiguous as to the terms "complaints" and "actions," seeks documents beyond the claims

11

and defenses in this matter, and is not proportional to the needs of the case considering the expense and burden of answering this Interrogatory outweighs any likely benefit. Defendants further object to this Interrogatory to the extent it seeks documents and information protected by the deliberative process, attorney client, and attorney work product privileges.

Subject to and without waiving the foregoing objections, Defendants are in the process of collecting the disciplinary histories, including dispositions, regarding the officers identified in response to Interrogatory No. 3 and will supplement their response. Investigation continues.

5. Identify all communications you have had with any person about the allegations in Plaintiffs' complaint.

**ANSWER:** Defendants object to this Request as overly broad in scope, not proportional to the needs of the case considering the expense and burden of answering this Interrogatory outweighs any likely benefit, and unduly burdensome. Defendants further object to this Interrogatory to the extent it seeks documents and information protected by the deliberative process, attorney client, and attorney work product privileges.

Subject to and without waiving the foregoing objections, Defendants will produce or make available for inspection at a mutually agreeable place and time, non-privileged communications, pursuant to a search protocol to be agreed upon by the parties or otherwise ordered by the Court.

6. If Defendants contend that the policies and practices that comprise the "mass traffic stop program," as alleged in Plaintiffs' complaint, are justified by a legitimate, non-discriminatory policy objective and are necessary to the attainment of that objective, explain in detail such objective and why the policies and practices comprising the "mass traffic stop program" are necessary to attain that objective, and identify all documents and communications relating to that objective.

**ANSWER:** Defendants object to the characterization of CPD's policies and practices as a "mass traffic stop program" and further object to this term as vague and ambiguous. Defendants further object to this contention Interrogatory as premature because it requires Defendants to commit to a position and give factual specifics supporting its position with one year left in discovery. (Dkt. 38.) Defendants further object to this Interrogatory because it is overly broad in scope ("explain in detail," "and identify all documents and communications relating to that objective") and vague and ambiguous as to the terms "comprise," "justified," and "legitimate." Defendants further object to this Interrogatory to the extent it seeks documents protected by the deliberative process, attorney client, and attorney work product privileges ("why," and "all documents and communications").

Subject to and without waiving the foregoing objections, Defendants do not contend that they engage in the policies and practices that comprise the "mass traffic stop program" as alleged in the Complaint, in particular, engaging in policies or practices of (1) "targeting Black and Latino drivers for pretextual traffic stops citywide," (2) "saturating Black and/or Latino neighborhoods with pretextual traffic stops," and (3) "imposing quotas for pretextual traffic stops."

Dated: February 14, 2024                              Respectfully submitted,

                                                      CITY OF CHICAGO AND CHICAGO POLICE
                                                      DEPARTMENT

                                              By:  _/s/ Michael P. Sheehan_
                                                      One of Defendants' Attorneys

Michael P. Sheehan
Allan T. Slagel
Elizabeth A. Winkowski
T. Hudson Cross, IV
TAFT STETTINIUS AND HOLLISTER LLP
111 East Wacker Drive
Suite 2600

Chicago, Illinois 60601
Telephone:     (312) 527-4000
Facsimile:     (312) 527-4011
Email:         msheehan@taftlaw.com
               aslagel@taftlaw.com
               ewinkowski@taftlaw.com
               hcross@taftlaw.com

## CERTIFICATE OF SERVICE

I, Michael P. Sheehan, hereby certify that on February 14, 2024, the foregoing *Defendants'*

*Responses to Plaintiffs' First Set of Interrogatories* were served on the following counsel of record

by email:

Alexandra K. Block (ARDC # 6285766)
Joshua M. Levin (ARDC # 6320993)
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 N. Michigan, Suite 600
Chicago, IL 60601
ABlock@aclu-il.org
JLevin@aclu-il.org

Sheldon L. Solow (ARDC # 2673061)
Patrick Derocher (ARDC # 3668891)
Cate Baskin (ARDC # 6343199)
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Sheldon.Solow@arnoldporter.com
Patrick.Derocher@arnoldporter.com
Cate.Baskin@arnoldporter.com

John A. Freedman (*pro hac vice*)
Joshua M. Davis (*pro hac vice*)
Stacey Menjivar (*pro hac vice* forthcoming)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001-3743
John.Freedman@arnoldporter.com
Joshua.Davis@arnoldporter.com

Andrew Hannemann (*pro hac vice* forthcoming)
Mikaila O. Skaroff (*pro hac vice* forthcoming)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Andrew.Hannemann@arnoldporter.com
Mikaila.Skaroff@arnoldporter.com

15

## VERIFICATION

I, Sgt. Joe A. Holt, Legal Affairs Officer, Chicago Police Department, Office of Legal Affairs, have read the foregoing Interrogatories and the Answers thereto, dated February 14, 2024, which are true and correct according to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated this 27th day of February, 2024.

16