# Exhibit F

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ERIC WILKINS, MAHARI BELL,
ESSENCE JEFFERSON,
JOSE MANUEL ALMANZA, JR., and
JACQUEZ BEASLEY,

     *Plaintiffs,*

  *v.*

CITY OF CHICAGO, et al.,

     *Defendants.*

Case No. 23-cv-4072

Judge Mary M. Rowland

Magistrate Judge Beth W. Jantz

**DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET
OF REQUESTS FOR PRODUCTION**

  Defendant City of Chicago ("City") on behalf of itself and Chicago Police Department ("CPD") (collectively, "Defendants"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 34, for its answers to Plaintiffs' First Set of Requests for Production (the "Requests"), hereby state as follows:

**OBJECTIONS TO PLAINTIFFS' DEFINITIONS**

  1. "Document" shall be construed to the fullest and broadest scope of things discoverable under Federal Rule of Civil Procedure 34(a), encompassing material of whatever kind or nature, whether typed, printed, handwritten, or otherwise produced and however stored, printed, recorded, or preserved, including, without limitation, all communications, correspondence, letters, memoranda, meeting minutes, notes, reports, grievances, handbooks, policies, directives, guidelines, contracts, bills, invoices, photographs, calendars, text messages, SMS, instant messages, facsimiles, photocopies, audio or video recordings, and electronic data compilations, including computerized

files, computer discs, hard drives, servers, database records, voicemail recordings, electronic mail (e-mail) messages, and electronic calendar invites.

**ANSWER:** Defendants object to this definition as overly broad in scope due to the inclusion of "calendars . . . text messages, SMS, instant messages . . . servers . . . voicemail recordings, electronic mail (e-mail messages, and electronic calendar invites") and vague and ambiguous as to the terms "grievances," "calendars," "electric data compilations," and unduly burdensome and not proportional to the needs of the case considering the expense and burden to fulfill each of Plaintiffs' discovery requests for information or documents based on Plaintiffs' definition outweighs any likely benefit.

2. "ESI" means electronically stored information and shall be construed to the fullest and broadest scope of things discoverable under Federal Rule of Civil Procedure 34(a).

**ANSWER:** Defendants will produce requested ESI pursuant to their obligations under the Federal Rules of Civil Procedure and the parties' ESI protocol.

3. "Communication" means any act or instance of transferring, transmitting, passing, delivering, or giving information by oral, written, signed, or electronic means, including, without limitation, in-person discussions, virtual meetings, memos, notes, letters, text messages, SMS, instant messages, facsimiles, electronic mail (e-mail), phone calls, and voicemail.

**ANSWER:** Defendants object to this definition as overly broad in scope due to the inclusion of "including, without limitation."

4. "Relating to" means referring to, pertaining to, related to, reflecting, concerning, and their variants, and shall be construed to bring within the scope of the Interrogatory any information that explicitly or implicitly comprises, evidences, embodies, constitutes, describes,

responds to, reflects, was reviewed in conjunction with, or was generated as a result of, the subject matter of the Interrogatory.

**ANSWER:** Defendants object to this definition as overly broad in scope due to the inclusion of "and their variants," and vague and ambiguous as to the terms "implicitly comprises," "embodies," and "constitutes."

5.      "Plaintiffs" means plaintiffs named in the Complaint in the above-captioned action, including Eric Wilkins, Mahari Bell, Essence Jefferson, José Manuel Almanza, Jr., and Jacquez Beasley, and those persons yet to be identified who are similarly situated.

**ANSWER:** Defendants object to this definition as overly broad in scope due to the inclusion of "and those persons yet to be identified who are similarly situated."

6.      "Defendants" means defendants named in the Complaint in the above-captioned action, including the City of Chicago, CPD, and their directors, officers, employees, affiliates, representatives, advisors, agents, associates, and/or any other person acting for or at the direction thereof, and any such person's subsidiaries, predecessors, and successors.

**ANSWER:** Defendants object to this definition as overly broad in scope due to the inclusion of "their directors, officers, employees, affiliates, representatives, advisors, agents, associates, and/or any other person acting for or at the direction thereof, and any such person's subsidiaries, predecessors, and successors."

7.      "Person" means any natural person, corporation, partnership, proprietorship, association, joint venture, group, governmental or public entity, or any other form or organization of legal entity, and all of their directors, officers, employees, representatives, or agents.

**ANSWER:** Defendants object to this definition as overly broad in scope due to the inclusion of "*any* natural person, corporation, partnership, proprietorship, association, joint

3

venture, group . . . or *any other* form or organization of legal entity, and all of their directors, officers, employees, representatives, or agents."

**OBJECTIONS TO PLAINTIFFS' RULES OF CONSTRUCTION**

1.      The terms "You" and "Your" shall be construed to include Defendants and their directors, officers, employees, affiliates, representatives, advisors, agents, associates, and/or any other person acting for or at the direction thereof, and any such person's subsidiaries, predecessors, and successors.

**ANSWER:** Plaintiffs' definition of "You" and "Your" is overbroad and beyond the scope of Fed. R. Civ. P. 34 because it impermissibly includes individuals and entities that are not a party to this litigation as well as individuals for whom Defendants have no legal right or obligation to answer on behalf of.

2.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as required by the context so as to bring within the scope of a request any information that might otherwise be considered to be beyond it.

**ANSWER:** Defendants object that Plaintiffs' construction is overly broad as to the instruction that Defendants also include "any information that might otherwise be considered to be beyond" the context of the words "and . . . or" as it instructs Defendants to look beyond the scope of the actual discovery request. Objecting further, this language is vague and ambiguous and fails to describe with reasonable particularity the information and documents Plaintiffs seek.

3.      The terms "any," "all," and "each" shall be construed in the broadest sense possible to be consistent with an interpretation that results in a more expansive response.

**ANSWER:** Defendants object that Plaintiffs' construction is vague and ambiguous as to the phrase "consistent with an interpretation that results in a more expansive response."

4

4.      The use of the singular form of any word shall be construed to include the plural and vice versa.

**ANSWER:** Defendants object to this construction because it is overly broad ("any word shall be construed to include") and unduly burdensome and not proportional to the needs of the case considering the burden and expense for Defendants to read "any word" in Plaintiffs' discovery requests in both the singular and plural forms.

5.      All phrases following the terms "including" are intended to illustrate the kinds of information responsive to each request, and shall be construed as "including, but not limited to." Such examples are not intended to be exhaustive of the information sought by the request and shall not in any way be read to limit the scope of the request.

**ANSWER:** Defendants object to this construction as overly broad in scope ("All phrases following the terms 'including'. . . shall be construed as 'including, but not limited to"), vague and ambiguous as to the phrase "such examples," and unduly burdensome and not proportional to the needs of the case considering the burden for Defendants to respond to a Request that is "not limited."

6.      The use of a verb in any tense, voice, or mood shall be construed as the use of the verb in all other tenses, voices, or moods, as necessary to bring within the scope of the request any information that might otherwise be construed to be outside of its scope.

**ANSWER:** Defendants object to the form of this construction as overly broad in scope ("shall be construed as the use of the verb in all other tenses, voices, or moods") and vague and ambiguous as to the term "mood" and the phrase "as necessary to bring within the scope of the request any information that might otherwise be construed to be outside of its scope."

5

Subject to and without waiving the foregoing objections, Defendants state as follows:[1]

## REQUESTS FOR PRODUCTION

1.      All documents identified, referenced, or relied on in preparing Defendants' initial disclosures under Rule 26(a)(1)(A).

**RESPONSE:** Defendants will search for and produce or make available for inspection at a mutually agreeable place and time all documents referenced in Defendants' initial disclosures. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.[2]

2.      All documents identified, referenced, or relied upon in preparing Defendants' Responses to Plaintiffs' First Set of Interrogatories.

**RESPONSE:** Defendants will search for and produce or make available for inspection at a mutually agreeable place and time all documents referenced in Defendants' answers to Plaintiff's First Set of Interrogatories. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Defendants refer Plaintiffs to the documents identified in response to Request No. 4. Investigation continues.

---

[1] Defendants' responses are based upon its investigation to date, such that Defendants reserve the right to amend or supplement their responses with additional information or documents that may become available or come to its attention in the future, and to rely upon such information or documents in any hearing, trial, or other proceeding in this litigation.

Defendants' objection to any particular Request should not be construed to mean that responsive documents or information exist. Similarly, the statement that Defendants will search for and produce responsive documents in response to any particular Request should not be construed to mean that documents or information of a type, or in the category described, in fact exist. Furthermore, the production of any document or information that is otherwise subject to an objection is not a waiver of any such objection as to any other document or information not produced. Defendants' production of documents is subject to Defendants' retention policies and schedules in place prior to the filing of this lawsuit.

[2] Defendants have provided a log attached hereto as Exhibit A identifying the production by Bates-number and associated request for production. Defendants note that certain documents may relate to more than one request for production. Defendants engaged in a good faith attempt to identify the responsive requests for each document produced, but any failure to identify a particular request for production in the log shall not be construed as an acknowledgement that the document is not responsive to such request for production.

3.      All video or audio recordings of body-worn cameras, in-car cameras, and any other applicable sources relating to or arising out of any traffic stops by CPD of Plaintiffs from 2015 to the present.

**RESPONSE:** Defendants object to this Request as overly broad in time ("2015 to the present") and scope, to the extent it seeks information concerning traffic stops of Plaintiffs not alleged in the Complaint or identified in Plaintiffs' initial disclosures. Defendants further object to this Request as ambiguous as to the phrase, "other applicable sources relating to or arising out of." Defendants further object to the extent that the Request calls for material that is already in Plaintiff's possession.

Subject to and without waiving the foregoing objections, and subject to Defendants' retention policies and schedules in place prior to the filing of this lawsuit, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time, responsive video and audio of CPD body-worn cameras or in-car cameras, of traffic stops of the named Plaintiffs, as identified in the Complaint and in Plaintiffs' initial disclosures. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

4.      All records, reports, or other documents relating to or arising out of any traffic stops by CPD of Plaintiffs from 2015 to the present, including but not limited to Traffic Stop reports (also known as "TSSS reports"), Traffic Stop Statistical Study – Driver Information Cards, Traffic Stop Statistical Study Stickers, CLEAR Name Check results, Investigatory Stop Reports, Contact Cards, Arrest Reports, Case Reports, and Service Call Reports.

**RESPONSE:** Defendants object to this Request on the grounds that it is overly broad in time ("2015 to the present") and scope ("including but not limited to"), to the extent it seeks

information concerning traffic stops of Plaintiffs not alleged in the complaint or identified in Plaintiffs' initial disclosures. Defendants further object to this Request as ambiguous as to the phrase "or other documents relating to or arising out of." Defendants further object to the extent Plaintiffs seek documents are already in their possession, or that are no longer in Defendants' possession, custody, or control.

Subject and without waiving the foregoing objections, and subject to Defendants' retention policies and schedules in place prior to the filing of this lawsuit, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time and place records, reports, and documents relating to traffic stops of the named Plaintiffs, as identified in the Complaint and in Plaintiffs' initial disclosures. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

5. Any of the following documents that exist for each Plaintiff:

    a. Criminal history reports (including arrest reports)

    b. Traffic citations

    c. "Blue Cards"

    d. Vehicle Registration information

    e. Gang Arrest information

    f. Hot desk inquiry searches

    g. Information relating to Complaint Registers or other misconduct complaints filed by Plaintiffs against CPD personnel; and

    h. Office of Emergency Management and Communications (OEMC) records and communications, event queries, and audio recordings.

**RESPONSE:** Defendants object to this Request on the grounds that it is overly broad in scope ("including but not limited to") and vague and ambiguous as to the phrase "or other documents relating to or arising out of." Responding further, Defendants object that this Request is unduly burdensome and not proportional to the needs of the case considering the claims, defenses, and that the burden and expense of the proposed discovery outweighs any likely benefit. Defendants further object to the extent Plaintiffs seek vehicle registration information that is not in Defendants' possession, custody, or control. Defendants further object to the extent that the Request calls for material that is already in Plaintiff's possession.

Subject to and without waiving the foregoing objections, and subject to Defendants' retention policies and schedules in place prior to the filing of this lawsuit, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time the above-mentioned documents, to the extent that they exist for each of the named Plaintiffs, for the time period 2016 to December 31, 2023. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

6. Data relating to CPD's rosters of sworn officers for all shifts from 2015 to the present, including the following information:

a. Badge Number

b. First Name

c. Middle Name

d. Last Name

e. Race/Ethnicity

f. Gender

g. Birth Year

9

h. Salary/Pay Grade

i. Rank/Title

j. Unit Assignment

k. Appoint Date

**RESPONSE:** Defendants object to this Request as overly broad in scope and time ("Data relating to CPD's rosters of sworn officers for all shifts from 2015 to the present") and further object as a matter of public safety because this Request seeks documents that would disclose personal identifying information of CPD sworn officers. Responding further, Defendants object that this Request is unduly burdensome and not proportional to the needs of the case considering the claims, defenses, and that the burden and expense of the proposed discovery outweighs any likely benefit. Plaintiffs' claims against Defendants do not place any individual officer, or the makeup of CPD's roster of sworn officers from 2015 to present, at issue. Defendants further object to Plaintiffs' request for "Salary/Pay Grade Information" as irrelevant to the claims or defenses in this matter.[3]

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time Attendance and Assignment ("A&A") Sheets for the time period 2016 to December 31, 2023, in accordance with the ESI protocol to be agreed upon or entered by the Court. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

---

[3] Here, and incorporated into each response to a Request seeking "data," Defendants object to the term "data" as vague and ambiguous as to the information being sought. Defendants' production of data is subject to the parties' meeting and conferring regarding the scope of the data requested.

7.     Data relating to daily attendance and assignment sheets for all CPD units from 2015 to the present, including the following information for each officer shift:

a.     Badge Number

b.     First Name

c.     Middle Name

d.     Last Name

e.     Attendance and Assignment Date

f.     Shift Start Time

g.     Shift End Time

h.     Unit Assignment

i.     Watch Number

j.     Beat Number

k.     Car Number

l.     Present for Duty (i.e., whether the officer was present for their assignment that day and/or shift)

m.     Any additional information related to an officer's daily attendance or assignment (e.g., if the officer was detailed elsewhere from their usual assignment, on comp time, bike patrol, union business, injured on duty, etc.)

**RESPONSE:** Defendants object to this Request as overly broad in scope and time ("Data relating to CPD's rosters of sworn officers for all shifts from 2015 to the present," "Any additional information related to an officer's daily attendance or assignment"), and further object as a matter of public safety because this Request seeks documents that would disclose personal identifying information of CPD sworn officers. Responding further, Defendants object that this Request is

11

unduly burdensome and not proportional to the needs of the case considering the claims, defenses, and that the burden and expense of the proposed discovery outweighs any likely benefit. The level of detail sought in this Request (subparts (a)-(m)) bears no reasonable relationship to Plaintiffs' allegations in this matter.

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time A&A Sheets for the time period 2016 to December 31, 2023, in accordance with the ESI protocol to be agreed upon or entered by the Court. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

8.      CPD's beat maps from 2015 to the present, in shapefile format, and documents sufficient to show the dates that each beat map has been in effect.

**RESPONSE:** Defendants object to this Request as overly broad in time ("2015 to the present").

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time CPD beat maps for the time period 2016 to December 31, 2023. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

9.      Traffic and pedestrian stop data that CPD reported to the Illinois Department of Transportation pursuant to the Illinois Traffic and Pedestrian Stop Statistical Study Act, for the period 2015 to present.

**RESPONSE:** Defendants object that this Request as overly broad in time ("for the period 2015 to present") and scope ("pedestrian stop data"). Defendants further object that this Request seeks documents already in Plaintiffs' possession (*see* Compl. (Dkt. 1) ¶¶ 408-418).

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time pedestrian and traffic stop data that CPD reported to IDOT for the time period 2016 to December 31, 2023, in accordance with the ESI protocol to be agreed upon or entered by the Court. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024.

10.     If different from the previous Request, data relating to every traffic and pedestrian stop CPD made from 2015 to the present, including the following information for each stop:

    a.      ID number

    b.      Date

    c.      Time

    d.      Location (complete address or latitude and longitude)

    e.      Reason

    f.      Officer(s) Badge number

    g.      Officer(s) First Name

    h.      Officer(s) Middle Name

    i.      Officer(s) Last Name

    j.      Civilian First Name

    k.      Civilian Middle Name

    l.      Civilian Last Name

13

      m.      Civilian Age/Year of Birth

      n.      Civilian Race/Ethnicity

      o.      Civilian Gender

      p.      Indication of whether a citation was issued during the stop. If so:

            i.      Citation number

            ii.      Citation offense statute

            iii.      Citation offense statute description

      q.      Indication of whether an arrest was made during the stop. If so:

            i.      Arrest Report number

            ii.      Arrest offense statute

            iii.      Arrest offense statute description

      r.      Indication of whether a search was conducted during the stop. If so:

            i.      Type of search (e.g., consent, probable cause, incident to arrest)

            ii.      Nature and quantity of any contraband discovered

**RESPONSE:** Defendants object that this Request is overly broad in time ("for the period 2015 to present") and scope ("data relating to every traffic and pedestrian stop CPD made") and requests a level of detail that is unduly burdensome and not proportional to the needs of the case considering the burden and expense of the proposed discovery outweighs any likely benefit. Defendants' further object that this Request seeks documents already in Plaintiffs' possession (*see* Compl. (Dkt. 1) ¶¶ 408-418).

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time data relating to traffic stops conducted by CPD for the time period 2016 to December 31, 2023, in accordance

14

with the ESI protocol to be agreed upon or entered by the Court. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

11. Data relating to every call for service and/or dispatch (including but not limited to computer-aided dispatch [CAD] radio and computer data) from 2015 to the present, including the following information for each call or dispatch:

    a.    All ID numbers used to identify the incident

    b.    All ID numbers used to identify other related incidents

    c.    Date

    d.    Time of call receipt, dispatch, first officer arrival, and call conclusion

    e.    Source of call (e.g. officer self-initiated, 911 call, alarm)

    f.    Priority assigned to call

    g.    Location (complete address or latitude and longitude)

    h.    Incident type as initially classified by call-takers and as determined by responding officers (code and textual description)

    i.    Identity of all officer(s) and/or unit(s) dispatched

    j.    Number of all officer(s) and/or unit(s) dispatched

    k.    All warnings, narratives, and/or remarks recorded by call-taker(s), dispatcher(s), responding officer(s), reviewing officer(s), or other sources

    l.    Indication of whether a citation was issued, arrest was made, or force was used during response to the incident. If so:

        i.    Citation and/or arrest number

        ii.    Citation and/or arrest offense statute

15

iii.     Citation and/or arrest offense statute description

iv.     Force ID number

**RESPONSE:** Defendants object to this Request as overly broad in scope ("Data relating to every call for service and/or dispatch" and subparts (a)-(l) of the Request) and time ("2015 to the present"). Defendants further object that the Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense of the proposed discovery outweighs any likely benefit. Plaintiffs' claims against the Defendants are limited to traffic stops of Black and Latino drivers and bear no reasonable relationship to every call for service or dispatch for the past eight years.

Subject to and without waiving the foregoing objections, Defendants will meet and confer with Plaintiffs regarding the scope of this Request.

12.     Data relating to every arrest CPD made from 2015 to the present, including the following information for each arrest:

a.     ID number

b.     Date

c.     Time

d.     Location (complete address or latitude and longitude)

e.     Arrest offense crime code

f.     Arrest offense statute

g.     Arrest offense statute description

h.     Officer(s) Badge number

i.     Officer(s) First Name

j.     Officer(s) Middle Name

16

k.      Officer(s) Last Name

l.      Civilian First Name

m.      Civilian Middle Name

n.      Civilian Last Name

o.      Civilian Age/Year of Birth

p.      Civilian Race/Ethnicity

q.      Civilian Gender

**RESPONSE:** Defendants object to this Request as overly broad in scope ("Data relating to every arrest" and subparts (a)-(q) of the Request) and time ("2015 to the present"). Defendants further object that the Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense of the proposed discovery outweighs any likely benefit. Plaintiffs' claims against Defendants are limited to traffic stops of Black and Latino drivers and bear no reasonable relationship to every arrest over the past nine years.

Subject to and without waiving the foregoing objections, Defendants will meet and confer with Plaintiffs regarding the scope of this Request.

13.     Data relating to every use of force by a CPD officer from 2015 to the present, including the following information for each use of force:

a.      ID number

b.      Date

c.      Time

d.      Location (complete address or latitude and longitude)

e.      Type of force used

f.      Reason force was used

17

g.    Whether the use of force occurred during a traffic stop, pedestrian stop, or other type of law enforcement encounter. If so:

      i.    Call for service and/or dispatch ID number

      ii.    Stop ID number

      iii.    Citation number

      iv.    Arrest report number

      v.    ID number for other type of encounter

h.    Officer(s) Badge number

i.    Officer(s) First Name

j.    Officer(s) Middle Name

k.    Officer(s) Last Name

l.    Civilian First Name

m.    Civilian Middle Name

n.    Civilian Last Name

o.    Civilian Age/Year of Birth

p.    Civilian Race/Ethnicity

q.    Civilian Gender

r.    Civilian Height

s.    Civilian Weight

t.    Whether civilian was armed

u.    Resulting injuries (officer or civilian)

v.    Resulting fatalities (officer or civilian)

18

**RESPONSE:** Defendants object to this Request as overly broad in scope ("Data relating to every use of force by a CPD officer" and subparts (a)-(v) of the Request) and time ("2015 to the present"), and vague and ambiguous as to the phrase "use of force." Defendants further object that the Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense of the proposed discovery outweighs any likely benefit. Plaintiffs' claims against Defendants are limited to traffic stops of Black and Latino drivers and bear no reasonable relationship to every "use of force by a CPD officer" over the past nine years.

Subject to and without waiving the foregoing objections, Defendants will meet and confer with Plaintiffs regarding the scope of this Request.

14. Data relating to every traffic crash in Chicago from 2015 to the present, including the following information for each crash:

    a. ID number

    b. Date

    c. Time

    d. Location (complete address or latitude and longitude)

    e. Reason crash occurred

    f. Resulting damage

    g. Resulting injuries

    h. Resulting fatalities

    i. Officer(s) Badge number

    j. Officer(s) First Name

    k. Officer(s) Middle Name

    l. Officer(s) Last Name

19

m.   Civilian First Name

n.   Civilian Middle Name

o.   Civilian Last Name

p.   Civilian Age/Year of Birth

q.   Civilian Race/Ethnicity

r.   Civilian Gender

s.   Indication of whether a citation was issued or arrest made as a result of the accident. If so:

    i.   Citation and/or arrest number

    ii.   Citation and/or arrest offense statute

    iii.   Citation and/or arrest offense statute description

    iv.   First, middle, and last name of civilian(s) cited and/or arrested

**RESPONSE:** Defendants object to this Request as overly broad in scope ("Data relating to every traffic crash in Chicago" and subparts (a)-(s) of the Request) and time ("2015 to the present"). Defendants further object that the Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense of the proposed discovery outweighs any likely benefit. Plaintiffs' claims against Defendants are limited to traffic stops of Black and Latino drivers and bear no reasonable relationship to every traffic crash in Chicago over the past nine years. Defendants further object that this Request seeks information outside of Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants will meet and confer with Plaintiffs regarding the scope of this Request.

20

15. Data relating to every City of Chicago red-light camera citation issued, and every red-light camera violation observed for which no citation was issued, from 2015 to the present, including the following information for each citation:

  a.  ID number

  b.  Date

  c.  Time

  d.  Camera ID number

  e.  Camera location (complete address or latitude and longitude)

  f.  Civilian First Name

  g.  Civilian Middle Name

  h.  Civilian Last Name

  i.  Civilian Age/Year of Birth

  j.  Civilian Race/Ethnicity

  k.  Civilian Gender

  l.  If no citation was issued, the reason or explanation

**RESPONSE:** Defendants object to this Request as overly broad in scope ("Data relating to every red light camera citation issued and every red light camera violation observed for which no citation was issued" and subparts (a)-(l) of the Request) and time ("2015 to the present"). Defendants further object that the Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense of the proposed discovery outweighs any likely benefit. Plaintiffs' claims against Defendants are limited to traffic stops of Black and Latino drivers and bear no reasonable relationship to every red light camera violation over the past nine years. Objecting further, Plaintiffs' request for "data" relating to red-light camera violations for which

21

no citations were issued is overly broad and vague and ambiguous as to what "data" Plaintiffs seeks for violations that do not result in a citation, to the extent that they exist, such that it fails to describe the requested information with reasonable particularity

Subject to and without waiving the foregoing objections, Defendants will meet and confer with Plaintiffs regarding the scope of this Request.

16. Data relating to every City of Chicago speed camera citation issued, and every speed camera violation observed for which no citation was issued, from 2015 to the present, including the following information for each citation:

  a. ID number

  b. Date

  c. Time

  d. Camera ID number

  e. Camera location (complete address or latitude and longitude)

  f. Posted speed limit at camera location

  g. Recorded speed of cited vehicle

  h. Civilian First Name

  i. Civilian Middle Name

  j. Civilian Last Name

  k. Civilian Age/Year of Birth

  l. Civilian Race/Ethnicity

  m. Civilian Gender

  n. If no citation was issued, the reason or explanation

22

**RESPONSE:** Defendants object to this Request as overly broad in scope ("Data relating to every City of Chicago speed camera citation issued, and every speed camera violation observed for which no citation was issued" and subparts (a)-(n) of the Request) and time ("2015 to the present"), and vague and ambiguous as to the term "data." Defendants further object that the Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense of the proposed discovery outweighs any likely benefit. Plaintiffs' claims against Defendants are limited to traffic stops of Black and Latino drivers and bear no reasonable relationship to every speed camera violation over the past nine years. Objecting further, Plaintiffs' request for "data" relating to speed camera violations for which no citations were issued is overly broad and vague and ambiguous as to what "data" Plaintiffs seeks for violations that do not result in a citation, to the extent that they exist, such that it fails to describe the requested information with reasonable particularity.

Subject to and without waiving the foregoing objections, Defendants will meet and confer with Plaintiffs regarding the scope of this Request.

17.     All raw data collected from traffic sensors in the City of Chicago from 2015 to the present, at the most granular level available. Please include the following information for each sensor:

      a.     Sensor ID number

      b.     Sensor location (address or latitude/longitude)

      c.     Record date

      d.     Hourly vehicle volume

      e.     Hourly vehicle speed

23

**RESPONSE:** Defendants object to this Request as overly broad in scope ("All raw data collected from traffic sensors in the City of Chicago" and subparts (a)-(e) of the Request) and time ("2015 to the present"), and vague and ambiguous as to the phrases "raw data" and "at the most granular level," such that it fails to describe the requested information with reasonable particularity. Defendants further object that the Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense of the proposed discovery outweighs any likely benefit. Plaintiffs' claims against Defendants are limited to traffic stops of Black and Latino drivers and bear no reasonable relationship to all raw data from every traffic sensor in the City of Chicago over the past nine years.

Subject to and without waiving the foregoing objections, Defendants will meet and confer with Plaintiffs regarding the scope of this Request.

18. All data, documents and communications created by, distributed by, or in the possession or control of any employee of CPD, the Mayor's Office, or the Office of the Deputy Mayor for Public Safety related to:

    a. Traffic stop quotas

    b. Traffic stop targets, goals, or expectations

    c. Contact card targets, goals, or expectations

    d. "Blue card" targets, goals, or expectations

    e. "Performance" targets, goals, or expectations

    f. "Production" targets, goals, or expectations

    g. Police "productivity"

    h. Police "activity"

i. "High visibility" policing, "beat integrity," "directed patrols," "focused patrols," "Proactive patrols," and other similar terms for "proactive" policing.

**RESPONSE:** Defendants object to this Request because it presupposes that there are quotas, targets, goals, or expectations regarding traffic stops, contact cards, "Blue Cards," "performance," "production," and police "productivity" and "activity" (including subpart (i)). Defendants further object to this Request as overly broad in scope ("All data, documents, and communications," "by . . . any employee"), vague and ambiguous as to the terms "quotas," "targets," "goals," and "expectations," and disproportionate to the needs of the case considering the burden and expense of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Defendants will meet and confer with Plaintiffs regarding the scope of this Request as part of a discussion on collection of ESI. Investigation continues.

19. All reports, notes, agendas, readouts, records, and other documents and communications, related to CompStat meetings relating to the performance or metrics of CPD districts or units with respect to investigatory stops and traffic stops, including, but not limited to "underperforming" units or districts from 2011 to the present.

**RESPONSE:** Defendants object to this Request as it is overly broad in scope ("[a]ll" and "and other documents and communications") and time ("2011 to the present"). Defendants further object to the extent this Request seeks documents protected by the deliberative process, attorney-client and attorney work product privileges. Responding further, Defendants object that this Request is unduly burdensome and not proportional to the needs of the case considering the burden

25

and expense of the proposed discovery outweighs any likely benefit. Defendants further object that the term "readouts" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants will meet and confer with Plaintiffs regarding the scope of this Request.

20. The CPD report titled "Shooting Incidents, Traffic Stops, Recovered Guns and More Summary," including all iterations of the report that have been created and all related documents or communications.

**RESPONSE:** Defendants object to this Request as overly broad ("all iterations of the report that have been created and all related documents and communications"). Defendants also object to the extent that this Request seeks documents protected by the deliberative process, attorney-client, and work product privileges.

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place the report titled "Shooting Incidents, Traffic Stops, Recovered Guns and More Summary." Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Defendants will meet and confer with Plaintiffs regarding the scope of this Request as part of a discussion on collection of ESI. Investigation continues.

21. CPD's Crime Analysis Report dated September 20, 2021, and all similar or related reports, publications, and other documents.

**RESPONSE:** Defendants object to this Request as vague and ambiguous as to the phrase "and all similar or related reports, publications, and other documents." Responding further, Defendants object to the extent that this Request seeks documents protected by the deliberative process, attorney-client, and work product privileges.

26

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time responsive non-privileged documents. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

22. All documents and data relating to the data analysis tool called "Homicides and Shootings in the Top 55 Beats."

**RESPONSE:** Defendants object to this Request as overly broad in scope ("All documents and data relating to") and because the term "data" is vague and ambiguous. Responding further, Defendants object to the extent that this Request seeks documents protected by the deliberative process, attorney-client, and work product privileges and that it is unduly burdensome and not proportional to the needs of the case considering the burden and expense of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Defendants will meet and confer with Plaintiffs regarding the scope of this Request. Investigation continues.

23. Communications between any CPD supervisory personnel and any other CPD personnel, including their superiors or subordinates, relating to traffic stops from 2015 to the present.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("Communications between . . . supervisory personnel and any other CPD personnel") and time ("from 2015 to the present"). Defendants also object to the extent that this Request seeks documents protected by the attorney-client, attorney work product, and deliberative process privileges. Responding further, this Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense of the proposed discovery outweighs any

27

likely benefit. Defendants further object that this Request fails to describe the documents requested with reasonable particularity ("relating to traffic stops").

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time, non-privileged communications, pursuant to a search protocol to be agreed upon by the parties or otherwise ordered by the Court. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

24.     All documents relating to any instructions, directions, or guidance given to CPD officers about traffic stops during roll call, including how and where to conduct traffic stops and what the purpose of traffic stops should be.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("All documents relating to instructions . . . given to CPD Officers about traffic stops during roll call") and time ("from 2015 to the present"). Responding further, this Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Defendants will search for  and produce or make available for inspection at a mutually agreeable place and time responsive documents. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

25.     Blank versions of all current and previous CPD officer evaluation forms or systems (paper or electronic) that are used to track individual officers' traffic stops, including but not limited to evaluations of officer "activity," "performance," or "productivity."

28

**RESPONSE:** Defendants object to this Request as overly broad in scope ("all current and previous . . . forms or systems . . . paper or electronic . . . including but not limited to") and time ("all current and previous"), and that the terms "activity, performance, productivity" are vague and ambiguous. Responding further, this Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time responsive documents. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

26.     All reports, presentations, and other documents relating to the CPD's Performance Recognition System ("PRS") and how the PRS is used by CPD supervisors.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("All reports, presentations, and other documents") and time as it lacks any temporal reference, and that the term "presentations" and phrase "how the PRS is used" are vague ambiguous, such that this Request fails to describe the documents requested with reasonable particularity.

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time responsive documents. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

27.     All documents, including summaries, breakdowns or analyses relating to how individual CPD Districts and units compile and review PRS activity and data, including the

29

frequency with which such compilations and reviews occur and the extent to which those evaluations track traffic stop numbers and outcomes.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("All documents, including summaries, breakdowns, or analyses relating to"). Defendants also object that this Request is vague and ambiguous as to the terms "breakdowns, data, review, evaluations, track, outcomes" and the phrase "the extent to which," such that this Request fails to describe the documents requested with reasonable particularity. Responding further, this Request seeks documents not proportional to the needs of the case considering the burden and expense of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time responsive documents. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

28.     All communications and other documents relating to PRS activity reviews, including communications from CPD officials to CPD Captains, Lieutenants, Sergeants, and officers regarding the activity of their command, unit, or individual performance, including but not limited to evaluations of traffic stop numbers and outcomes.

**RESPONSE:** Defendants object that this Request is overly broad in scope ("All communications and other documents . . . including but not limited to") and is vague and ambiguous as to the terms "CPD officials," "activity reviews," "evaluations," and "outcomes," such that this Request fails to describe the documents requested with reasonable particularity. Responding further, this Request seeks documents not proportional to the needs of the case considering the burden and expense of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Defendants will meet and confer with Plaintiffs regarding the scope of this Request as part of a discussion on collection of ESI. Investigation continues.

29.     All documents relating to the efficacy (or lack thereof) of traffic stops in reducing traffic accidents, crime, violent crime, or gun violence, including but not limited to any such documents produced by the CPD audit division or CPD supervisors.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("All documents . . . including but not limited to any such documents") and is vague and ambiguous as to the phrase "efficacy (or lack thereof)." Responding further, Defendants also object to the extent that this Request seeks documents protected by the deliberative process, attorney-client, or work product privilege and that it is unduly burdensome and not proportional to the needs of the case considering the burden and expense of the proposed discovery.

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time responsive documents and communications. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

30.     A complete copy of the University of Chicago Crime Lab workforce allocation study that was conducted for CPD, as well as all emails, memoranda, and other documents or communications relating to any CPD responses to the study.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("all emails, memoranda, and other documents or communications relating to any CPD responses to the study") and vague and ambiguous as to the phrase "CPD responses to." Defendants further object that this Request seeks documents not proportional to the needs of the case considering the burden and

31

expense of the proposed discovery outweighs any likely benefit. Responding further, Defendants also object to the extent that this Request seeks documents protected by the deliberative process, attorney-client, or work product privilege.

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection a copy of the University of Chicago Crime Lab workforce allocation study, but stand on their objection to producing all emails, memoranda, and other documents or communications relating to any CPD responses to the study.

31.     For the period of time subsequent to CPD's decision not to adopt the University of Chicago Crime Lab workforce allocation study, all emails, memoranda, and other documents and communications relating to any steps has CPD taken to conduct (or retain a third party to conduct) a workforce allocation study.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("all emails, memoranda, and other documents and communications relating to any steps"), and vague and ambiguous as to the phrase "relating to any steps." Defendants further object to this Request as unduly burdensome and not proportional to the needs of the case considering the burden and expense of the proposed discovery outweighs any likely benefit. Responding further, Defendants also object to the extent that this Request seeks documents protected by the deliberative process, attorney-client, or work product privilege. Investigation continues.

32.     All data, reports, analyses, and other documents relating to CPD deployment decisions and deployment data, including but not limited to where officers are deployed, how that deployment has changed over time, and the number and the extent to which individual officers' or units' traffic stop numbers changed with changes in their deployments.

32

**RESPONSE:** Defendants object to this Request as overly broad in scope ("All data, reports, analyses, and other documents . . . including but not limited to") and vague and ambiguous as to the phrases "deployment data" and "the extent to which." Defendants further object on the basis of public safety to the extent that responsive documents or information would disclose information concerning specific deployment of CPD officers which would place individuals and businesses at harm. Consequently, this Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense of the proposed discovery outweighs any likely benefit. Responding further, Defendants also object to the extent that this Request seeks documents protected by the deliberative process, attorney-client, or work product privileges. Investigation continues.

33. All documents relating to District Strategic Plans, including but not limited to documents and communications instructing district commanders how to develop such strategic plans and how to measure whether their goals are achieved, and any evaluations regarding whether the desired outcomes of the District Strategic Plans have been achieved.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("All documents relating to…including but not limited to") and vague and ambiguous as to the phrases "relating to," "how to develop," and "how to measure." Objecting further, this Request is unduly burdensome and not proportional to the needs of the case because the proposed scope seeks documents beyond the claims and defenses at issue in this case, the burden and expense of the proposed discovery outweighs its likely benefit, and to the extent that this Request seeks documents protected by the deliberative process, attorney-client, or work product privileges.

Subject to and without waiving the foregoing objections, Defendants will search for District Strategic Plans. Investigation continues.

34. All CPD documents, including but not limited to memoranda, policies, directives, guidance, training materials, and emails, relating to the various "missions" mentioned in the District Strategic Plans, including but not limited to:

     a.     Vehicle theft mission

     b.     Direct robbery mission

     c.     Enforcement mission

     d.     Focused deterrence mission or focused deterrence enforcement action mission

     e.     Gun offender registration mission

     f.     Shooting mission

     g.     Traffic mission or traffic enforcement mission

     h.     High visibility mission

     i.     License plate reader mission or LPR mission

     j.     Joint POD mission

     k.     POD mission

     l.     Violence suppression mission

     m.     Gang suppression mission or gang mission

     n.     Priority zone mission

     o.     Joint-agency mission or joint mission

     p.     Blue light mission

     q.     Mars light mission

     r.     Theft from auto mission

     s.     Index crime mission

**RESPONSE:** Defendants object to this Request as overly broad in scope ("All CPD documents . . . including but not limited to. . . emails"). Objecting further, this Request is unduly burdensome and not proportional to the needs of the case because the proposed scope seeks documents beyond the claims and defenses at issue in this case, the burden and expense of the proposed discovery outweighs its likely benefit, and to the extent that this Request seeks documents protected by the deliberative process, attorney-client, or work product privileges. Investigation continues.

35.     All memoranda, emails, directives, policies, and other communications and documents relating to the mission, strategies or goals of CPD's "motor vehicle theft task force" dating from its inception to the present.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("All . . . emails . . . and other communications and documents . . . relating to") and time ("from inception to the present"). Objecting further, this Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense associated with responding to the scope of this Request outweighs any likely benefit. Defendants further object to this Request to the extent that it seeks documents protected by the deliberative process, attorney-client, or work product privileges. Investigation continues.

36.     All memoranda, emails, directives, policies, and other communications and documents relating to the mission, strategies or goals of CPD's "traffic unit" dating from its inception to the present.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("All . . . emails . . . and other communications and documents…relating to") and time ("from inception to the present"), vague and ambiguous as to "traffic unit," and to the extent that it seeks documents

35

protected by the attorney-client, work product, and deliberative process privileges. Objecting further, this Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense associated with responding to the scope of this Request outweighs any likely benefit. Investigation continues.

37.     All memoranda, emails, directives, policies, and other communications and documents relating to the mission, strategies or goals of CPD's "critical incident response team" dating from its inception to the present.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("All . . . emails . . . and other communications and documents…relating to") and time ("from inception to the present"), and to the extent that it seeks documents protected by the attorney-client, work product, and deliberative process privileges. Objecting further, this Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense associated with responding to the scope of this Request outweighs any likely benefit. Investigation continues.

38.     All memoranda, emails, directives, policies, and other communications and documents relating to the mission, strategies or goals of CPD's "summer mobile unit" dating from its inception to the present.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("All . . . emails…and other communications and documents…relating to") and time ("from inception to the present"), and to the extent that it seeks documents protected by the attorney-client, work product, and deliberative process privileges. Objecting further, this Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense associated with responding to the scope of this Request outweighs any likely benefit. Investigation continues.

39. All memoranda, emails, directives, policies, and other communications and documents relating to the mission, strategies or goals of CPD's "rapid response team(s)" dating from its inception to the present.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("All . . . emails . . . and other communications and documents . . . relating to") and time ("from inception to the present"), and to the extent that it seeks documents protected by the attorney-client, work product, and deliberative process privileges. Objecting further, this Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense to fulfill the Request outweighs any likely benefit. Investigation continues.

40. All memoranda, emails, directives, policies, and other communications and documents relating to CPD's "Top 15 Beats" strategy, including, but not limited to, a list of the beats subject to the strategy, the decision to implement the strategy and the impetus to change from prior strategy, the deployment of personnel and resources to implement the strategy, the analysis and identification of the particular beats subject to the strategy, any change or shift in the composition of the beats, the role of traffic stops in the strategy, and any analysis, assessment, or discussion of the efficacy (or lack thereof) of the strategy.

**RESPONSE:** Defendants object that this Request is overly broad in scope ("All . . . emails . . . and other communications and documents relating to…including, but not limited to . . . any analysis, assessment, or discussion") and time ("2016 to the present"), vague and ambiguous as to the terms "composition" and "strategy," and to the extent that it seeks documents protected by the attorney-client, work product, and deliberative process privileges. Defendants also object that this Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense to fulfill the Request outweighs any likely benefit. Investigation continues.

41. All memoranda, emails, directives, policies, and other communications and documents relating to CPD's "Top 55 Beats" strategy, including, but not limited to, a list of the beats subject to the strategy, the decision to implement the strategy and the impetus to change from prior strategy, the deployment of personnel and resources to implement the strategy, the analysis and identification of the particular beats subject to the strategy, any change or shift in the composition of the beats, the role of traffic stops in the strategy, and any analysis, assessment, or discussion of the efficacy (or lack thereof) of the strategy.

**RESPONSE:** Defendants object that this Request because is overly broad in scope ("All . . . emails . . . and other communications and documents relating to . . . including, but not limited to . . . any analysis, assessment, or discussion"), and time ("2016 to the present"), and as vague and ambiguous as to the terms "composition" and "strategy." Defendants further object to the extent that this Request seeks documents protected by the attorney-client, work product, and deliberative process privileges. Objecting further, this Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense to fulfill the Request outweighs any likely benefit. Investigation continues.

42. All memoranda, emails, directives, policies, and other communications and documents relating to CPD's "top beats" strategy, as described by former Superintendent David Brown and Chief of Patrol Brian McDermott in or around October 2022, including, but not limited to, a list of the beats subject to the strategy, the decision to implement the strategy and the impetus to change from prior strategy, the deployment of personnel and resources to implement the strategy, the analysis and identification of the particular beats subject to the strategy, any change or shift in the composition of the beats, the role of traffic stops in the strategy, and any analysis, assessment, or discussion of the efficacy (or lack thereof) of the strategy.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("All . . . emails . . . and other communications and documents relating to . . . including, but not limited to . . . any analysis, assessment, or discussion") and vague and ambiguous as to the terms "composition" and "strategy,' and to the extent that it seeks documents protected by the attorney-client, work product, and deliberative process privileges. Objecting further, this Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense to fulfill the Request outweighs any likely benefit. Investigation continues.

43.　Data relating to all misconduct complaints against CPD personnel arising from or relating to (a) traffic stops, or (b) discrimination based on race, ethnicity and/or national origin, including the following information for each complaint:

  a. Date complaint created

  b. Date of intake

  c. Record ID

  d. Incident origin (e.g., phone, web complaint, in-person, etc.)

  e. Case closed date

  f. Date of incident

  g. Agency (e.g., COPA, CPD)

  h. Category Tier 1 (e.g., Traffic, Excessive Force, Civil Rights Violation)

  i. Allegation

  j. Recommendation

  k. Record status

  l. Finding

  m. COPA recommended finding (where applicable)

**RESPONSE:** Defendants object to this Request as overly broad in scope ("Data relating to all misconduct complaints against all CPD personnel arising from or relating to . . . discrimination based on race, ethnicity, and/or national origin") and time ("2016 to the present"), and is vague and ambiguous as to the terms "Data" and "Agency." Objecting further, this Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense to fulfill the Request outweighs any likely benefit. Defendants also object that this Request goes beyond the claims and defenses at issue in this matter. Plaintiffs' allegations are limited to CPD's treatment of Black and Latino drivers and do not encompass "all misconduct complaints against CPD personnel arising from or relating to [any allegation of] discrimination based on race, ethnicity and/or national origin."

Subject to and without waiving the foregoing objections, Defendants will meet and confer with Plaintiffs regarding the scope of this Request.

44.   With respect to CPD General Order G10-01, "Gang Violence Reduction Strategy":

a.   All documents relating to the implementation of General Order G10-01 in particular neighborhoods or beats.

b.   Any studies, audits, and similar or related reports, publications, memoranda, and other documents and communications that pertain to the efficacy (or lack thereof) of General Order G10-01.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("and other documents and communications") and vague ambiguous as to the phrase "particular neighborhoods or beats," such that it fails to describe the requested documents with reasonable particularity. Objecting further, this Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense to fulfill the Request outweighs any likely

benefit. Defendants also object to the extent that this Request seeks documents protected by the attorney-client, work product, and deliberative process privileges, and to the extent the Request goes beyond the claims and defenses at issue in this matter. Plaintiffs' allegations do not encompass the totality of CPD's "Gang Violence Reduction Strategy." Investigation continues.

45.     All studies, audits, and similar or related reports, publications, memoranda, emails and other documents and communications relating to CPD's decision to prioritize or focus on specific neighborhoods and beats for traffic stops for the purpose of reducing gang violence, shootings, drive-by shootings, or other crime.

**RESPONSE:** Defendants object to this Request because it presupposes that CPD used traffic stops as a pretextual purpose for preventing or investigating other criminal activity and "prioritized" or "focused on" specific neighborhoods with respect to traffic stops. Defendants further object to the terms "prioritize" and "focus on" as vague and ambiguous. Defendants also object to this Request as overly broad in scope ("emails and other documents and communications relating to") and to the extent that this Request seeks documents protected by the attorney-client, work product, and deliberative process privileges. Investigation continues.

46.     Emails, memoranda, and other communications between Deputy Chief Frederick Melean and other CPD employees relating to traffic stops or traffic missions, including but not limited to traffic stops and traffic missions in Chinatown.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("Emails . . . and other communications between Deputy Chief Frederick Melean and other CPD employees relating to . . . including but not limited to").

Subject to and without waiving the foregoing objections, Defendants will meet and confer with Plaintiffs regarding the scope of this Request as part of a discussion on collection of ESI. Investigation continues.

47. All documents relating to policies, practices, procedures, guidelines, directives, general orders, or special orders relating to:

      a. Conducting traffic stops, whether for the purpose of enforcing traffic laws or for other purposes, such as investigating criminal activity unrelated to an alleged traffic violation.

      b. Measures to prevent discrimination based on race or ethnicity, racial or ethnic profiling, biased-based policing, racial or ethnic disparities, or racial or ethnic prejudice in policing.

      c. Investigative and disciplinary procedures for addressing misconduct complaints alleging that CPD officers have committed the types of discrimination listed in (b) above.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("All documents relating to"), as ambiguous as to the phrase "or for other purposes," and to the extent that it seeks documents protected by the attorney-client, work product, and deliberative process privileges. Objecting further, this Request is unduly burdensome and not proportional to the needs of the case considering the burden and expense to fulfill the Request outweighs any likely benefit. Defendants also object that subpart (c) of this Request seeks documents that go beyond the claims and defenses at issue in this matter. Plaintiffs' allegations do not encompass the totality of CPD's policies, practices, or procedures concerning investigation and disciplinary measures for addressing officer misconduct.

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time responsive documents. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

48. All documents—including, but not limited to, memoranda, meeting minutes, meeting notes, and emails—created or distributed, or both, by any CPD employee regarding the evaluation of CPD officers on the basis of their traffic stops.

**RESPONSE:** Defendants object to this Request because it presupposes that CPD officers are evaluated on the basis of traffic stops. Defendants also object to the ambiguity of this Request. As written ("All documents . . . regarding the evaluation of CPD officers"), the Request fails to specify whether Plaintiffs are requesting documents about the evaluations of every CPD officer, the actual evaluations of every CPD officer, or both. Consequently, this Request fails to describe the documents Plaintiffs seek with reasonable particularity. Defendants further object to this Request as overly broad in scope ("All documents" and "by any employee") and disproportionate to the needs of the case considering the burden and expense of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Defendants will meet and confer with Plaintiffs regarding the scope of this Request as part of a discussion on collection of ESI. Investigation continues.

49. The following CPD training materials regarding traffic stop data collection, review, analysis, and reporting, and all other training materials relating to traffic stops, as well as all documents relating to how officers are evaluated for compliance with the same:

    a.    ICVS_Policy_1_IN-CAR_VIDEO_SYSTEMS_R

b. In-Car_Video_System_Hour_2_Reformatted

c. Patrol Procedures LP Hrs 8-11 2017 R

d. Patrol_Procedures_PPT_Hr_10_2019_

e. Police_Community_Relations_LP_Hrs_1-10_FEB_2022_

f. Police_Community_Relations_LP_Hrs_1-10_MAR_2021_

g. Traffic Stop Statistical Study, Profiling, Courtesy and Demeanor: A Two Hour Review

h. Vehicle Stops and Occupant Control – Chicago Police Department Basic Recruit Training – Hour 2 of 28

i. Vehicle Stops and Occupant Control: Racial Profiling

**RESPONSE:** Defendants object to this Request as vague and ambiguous ("relating to officer compliance with the same"). As written, the Request fails to specify whether Plaintiffs are requesting documents on the topic of officer compliance with the collection, review, analysis and reporting of traffic stop data or officer compliance in the execution of traffic stops, consequently, this portion of the Request fails to describe with reasonable particularity the documents it seeks.

Subject to and without waiving the foregoing objections, Defendants will search for training documents and materials related to traffic stops and produce or make available for inspection at a mutually agreeable place and time responsive documents. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

50. All documents relating to the training of CPD officers with respect to prohibiting and preventing discrimination based on race or ethnicity, racial or ethnic profiling, biased-based

policing, racial or ethnic disparities, or racial or ethnic prejudice in policing, including but not limited to handouts, PowerPoints, presentations, and documents provided to CPD officers.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("All documents relating to the training," "documents provided to CPD officers").

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place training materials provided to CPD officers. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

51.     All documents relating to investigative and disciplinary policies and procedures for CPD officers, supervisors, and units when misconduct complaints are filed against them regarding traffic stops.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("All documents relating to") and vague and ambiguous as to the phrase "misconduct complaints."

Subject to and without waiving the foregoing objections, Defendants will search for policies and procedures related to traffic stop misconduct complaints and produce or make available for inspection at a mutually agreeable place and time responsive documents. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

52.     All organizational charts for all divisions, branches, and other components of CPD.

**RESPONSE:** Defendants object to this Request as vague and ambiguous as to the terms "branches," and "components," and consequently, this portion of the Request fails to describe with reasonable particularity the documents it seeks. Objecting further, this Requests seeks documents

45

that are equally available to Plaintiffs. Organizational charts for CPD are available at https://home.chicagopolice.org/about/organization-for-command/.

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place CPD organizational charts. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

53.     All reports, audits, publications, analyses, memoranda, and similar documents or evaluations relating to:

> a.     Discrimination by CPD officers based on race or ethnicity, racial or ethnic profiling, biased-based policing, racial or ethnic disparities, or racial or ethnic prejudice in policing.
>
> b.     The racial and ethnic distribution of individuals who are the subject of traffic stops in Chicago.
>
> c.     The racial and ethnic distribution of individuals whose traffic stops result in citation or arrest in Chicago.
>
> d.     Complaints against CPD officers arising from traffic stops.

**RESPONSE:** Defendants object to this Request as overly broad in scope because it seeks documents beyond the claims and defenses at issue in this matter. Plaintiffs' allegations are limited to the alleged discrimination, disparate treatment, and disparate impact of traffic stops of "Black and Latino drivers." Objecting further, the terms "disparities," "distribution," and "complaints" are vague and ambiguous and the Request seeks documents not in the possession, custody, or control of Defendants ("audits, publications, analyses"), and therefore, is unduly burdensome and not proportional to the needs of the case. Further, Defendants object to the Request to the extent

that it seeks documents protected by the deliberative process, attorney-client, and attorney work product privileges.

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time responsive non-privileged documents. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

54. All documents and data relating to training CPD officers on the Illinois Traffic and Pedestrian Stop Statistical Study Act, 625 ILCS 5/11-212, and related requirements for documenting traffic stops, including but not limited to the content of the training and training attendance and completion records.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("including but not limited to" and "training attendance and completion records" of all CPD officers) and vague and ambiguous as to the term "data."

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time responsive documents. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

55. All documents and data related to CPD's policies and practices for monitoring, auditing, and assessing officers' compliance with requirements for documenting traffic stops.

**RESPONSE:** Defendants object to this Request as ambiguous as to the term "data."

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time responsive

47

documents. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

56.     All documents or data showing the rate of CPD officers' compliance (or lack thereof) with requirements for documenting traffic stops.

**RESPONSE:** Defendants object to this Request as vague and ambiguous as to the phrases "data," "CPD officers' compliance," and the term "rate."

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time responsive documents. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

57.     Documents sufficient to identify the names, job titles, and job descriptions of all individuals whom Defendants consider to be officials with final policymaking authority for Defendants' policies and practices related to traffic stops, including traffic stop quotas and/or pretextual traffic stops (using traffic stops not for the purpose of enforcing traffic laws but for other purposes, such as investigating criminal activity unrelated to an alleged traffic violation).

**RESPONSE:** Defendants object to the terms "officials," "final policymaking authority," and "sufficient to identify" as vague and ambiguous and/or calling for a legal conclusion. Defendants further object this Request because it presumes that CPD has a policy concerning "quotas and/or pretextual traffic stops (using traffic stops not for the purpose of enforcing traffic laws but for other purposes, such as investigating criminal activity unrelated to an alleged traffic violation)."

Subject to and without waiving the foregoing objections, CPD will search for and produce or make available for inspection at a mutually agreeable place and time responsive documents.

48

Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Defendants also refer Plaintiffs to G01-02-01 (Organization and Functions of the Office of the Superintendent), available at https://directives.chicagopolice.org/#directive/public/6611. Investigation continues.

58.     The below CPD policies and activity tracking forms, in addition to all similar or related reports, publications, and other documents:

a.     G01-08 (CompStat and Command Engagement)

b.     G01-09 (Supervisory Responsibilities)

c.     G10-01 (Gang Violence Reduction Strategy)

d.     S03-03-03 (Watch Operations Lieutenant)

e.     S04-14-09 (Illinois Traffic and Pedestrian Stop Statistical Study)

f.     S04-13-09 (Investigatory Stop System)

g.     S11-02 (Field Training and Evaluation Program)

h.     E05-01 (Performance Evaluations of All Sworn Department Members Below the Rank of Superintendent)

i.     E05-02 (Performance Recognition System)

j.     D21-09 (Performance Evaluations System – Pilot Program)

k.     Activity Tracking Forms CPD 21.318, 21.320, 21.328, 21.450, 21.460, 21.636, 21.641, 21.642, 21.947, 22.101, 22.103, 22.308, 42.506, 62.217, 62.357, and 62.358

l.     Traffic Stop Statistical Study Driver Information Card

m.     Traffic Stop Statistical Study Sticker

n.     Investigatory Stop Report

49

o. Investigatory Stop Receipt

**RESPONSE:** Defendants object to this Request because it is overly broad in scope ("in addition to all similar or related reports, publications, and other documents"), vague ambiguous as to the term "policies," and unduly burdensome and not proportional to the needs of the case considering the burden and expense to fulfill the Request because the requested documents are equally available to Plaintiffs at https://directives.chicagopolice.org.

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time responsive policies and tracking forms. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

59. The complete versions of all email chains referenced in the following report: Free 2 Move Coalition, "A New Vehicle for 'Stop and Frisk': Update," May 2023 (https://www.impactforequity.org/wp-content/uploads/2023/05/IFE_Traffic-Stop-Report-Update_F.pdf.).

**RESPONSE:** Defendants object to this Request as overly broad in scope ("complete versions of all email chains") and vague and ambiguous as to the phrase "email chains referenced in the following report." Defendants further object to this Request as unduly burdensome and not proportional to the needs of the case considering the burden and expense to fulfill the Request outweighs any likely benefit because Plaintiffs fail to describe with reasonable particularity which of the "more than 550 [CPD] emails" noted in the report they seek, because it requests documents equally available to Plaintiffs at the website noted in this Request or that are already in Plaintiffs' possession, to the extent it seeks documents not in the possession, custody, or control of

Defendants, and because the Request fails to describe the requested documents with reasonable particularity.

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place complete email chains for those emails identified in the Appendix to "A New Vehicle for 'Stop and Frisk': Update," May 2023 (https://www.impactforequity.org/wp-content/uploads/2023/05/Appendix_New-Stop-and-Frisk-UPDATE.pdf). Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

60.     All notes, agendas, readouts, and related or similar documents relating to meetings between any current or former Superintendent(s), interim or permanent, of CPD, and the offices of Mayors Rahm Emanuel, Lori Lightfoot, and Brandon Johnson or their respective Deputy Mayor for Public Safety, from 2011 to the present, related to CPD's investigatory stop practices or CPD's traffic stop practices.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("related or similar documents" and time ("2011 to the present") and as vague and ambiguous as to the terms "readouts" and "related or similar documents." Defendants further object to this Request as unduly burdensome and not proportional to the needs of the case considering the burden and expense to fulfill the Request outweighs any likely benefit. Objecting further, Defendants object to the Request to the extent that it seeks documents protected by the deliberative process, attorney-client, and attorney work product privileges.

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time responsive non-privileged documents for the time period 2016 to December 31, 2023. Pursuant to the agreement

51

of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024.

Investigation continues.

61.     All documents and communications within the offices of Mayors Rahm Emanuel, Lori Lightfoot, and Brandon Johnson or the Office of the Deputy Mayor for Public Safety, from 2011 to the present, related to CPD's investigatory stop practices or CPD's traffic stop practices.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("within the offices") and time ("2011 to the present") and vague and ambiguous as to the phrase "within the offices." Defendants further object because this Request as unduly burdensome and not proportional to the needs of the case considering the burden and expense to fulfill the Request outweighs any likely benefit. Objecting further, the Request seeks documents protected by the deliberative process, attorney-client and attorney work product privileges. Defendants further object to this Request as duplicative of Request No. 60.

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time responsive non-privileged documents for the time period 2016 to December 31, 2023. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

62.     All public statements, including but not limited to testimony, press conferences, press releases, and social media posts, by any current or former CPD Superintendent, Deputy Superintendent, Chief of Patrol, or other supervisor of CPD, relating to traffic stops and/or officer "productivity," "activity" or "proactive policing" or similar.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("by any" and "or other supervisor of CPD") and time, vague and ambiguous as to the terms ("testimony" and

"press conferences," "productivity," "activity" and "proactive policing or similar"), and as unduly burdensome and not proportional to the needs of the case considering the burden and expense to fulfill the Request outweighs any likely benefit. Defendants further object because this Requests seeks documents beyond the claims and defenses in this matter and is unduly burdensome and not proportional to the needs of the case considering the burden and expense to fulfill the Request outweighs any likely benefit. Plaintiffs' claims in this matter are limited to CPD traffic stops of Black and Latino drivers, and not "officer 'productivity,' 'activity,' or 'proactive policing' or similar." Objecting further, this Request seeks documents not in Defendants' possession, custody, or control and equally available to Plaintiff. Press releases from the Chicago Police Departing dating back to 2016 are available at https://home.chicagopolice.org/category/press-releases/.

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time responsive documents. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

63.     All public statements, including but not limited to testimony, press conferences, press releases, and social media posts, by any current or former Mayor, Deputy Mayor for Public Safety, Assistant Deputy Mayor for Public Safety, or other equivalent supervisor, relating to traffic stops and/or officer "productivity," "activity" or "proactive policing" or similar.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("or other equivalent supervisor," "by any," "or other equivalent supervisor") and time, vague and ambiguous as to the terms ("testimony," "press conferences," "productivity," "activity," and "'proactive policing' or similar"), and as unduly burdensome and not proportional to the needs of the case considering the burden and expense to fulfill the Request outweighs any likely benefit. Defendants

53

further object because this Requests seeks documents beyond the claims and defenses in this matter. Plaintiffs' claims in this matter are limited to CPD traffic stops of Black and Latino drivers, and not "officer 'productivity,' 'activity,' or 'proactive policing' or similar." Objecting further, this Request seeks documents not in Defendants' possession, custody, or control and equally available to Plaintiff. Press releases from the Mayor's Office dating back to 2016 are available at https://www.chicago.gov/city/en/depts/mayor/press_room/press_releases.html.

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time responsive documents. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

64.     Presentations, dating to the summer of 2021, from the Assistant Deputy Mayor for Public Safety to Mayor Lori Lightfoot, relating to the "Summer Safety Strategy Zone Weekend Summary," and all similar or related presentations, reports, and other documents given to Mayors Rahm Emanuel, Lori Lightfoot, and Brandon Johnson, from 2011 to the present.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("all similar or related presentations, reports, and other documents," "given to") and time ("2011 to the present"), and vague and ambiguous as to the phrase "and all similar or related presentations, reports, and other documents given to."

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time responsive documents for the time period 2016 to December 31, 2023. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

54

65.     The below documents associated with the ongoing litigation in *Paz v. City of Chicago*, 2021L000514 (Cook Cty. Cir. Ct.) ("Paz litigation"):

a.     Emails and other communications between Lt. Paz and then-Deputy Superintendent Barb West, dated in and around September 2020, outlining Paz's concerns with the Community Safety Team ("CST") quota policy, and all similar or related emails and other communications between Paz and/or West and other CPD supervisors and managerial staff.

b.     The letter Lt. Paz sent to other supervising officers regarding Deputy Chief Michael Barz's conduct, dated on or about September 25, 2020, and all related or similar documents and communications, including, but not limited to, emails and other conversations.

c.     Emails and other communications between Lt. Paz and Deputy Chief Barz, dated in and around September 2020, outlining Paz's concerns with the CST quota policy, and all similar or related emails and other communications between Paz and/or Barz and other CPD supervisors and managers, except to the extent that Defendants have produced these in connection with sub-paragraph a, *supra*.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("associated with," "all related or similar documents and communications," "all similar or related emails and other communications") and unduly burdensome and not proportional to the needs of the case considering the burden and expense to fulfill the Request outweighs any likely benefit. Defendants further object to this Request because the phrase "the letter that Lt. Paz sent to other supervising officers regarding Deputy Chief Michael Barz's conduct" is vague and ambiguous, such that the Request

55

fails to describe the information requested with reasonable particularity. Defendants further object that the Request presupposes the existence of a "quota policy."

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time responsive documents. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

66. All notes, agendas, memoranda, emails, or other documents relating to the following communications, including documents sufficient to identify all recipients of the communication:

     a.    Any meeting and other instances wherein Deputy Chief Michael Barz pressured CPD supervisors on the Community Safety Team to increase traffic stops and arrests

     b.    Any roll call that occurred in the Second District, on or about November 17, 2020, in which Watch Operations Lieutenant ("WOL") Robert Vanna threatened officers who did not increase their traffic stops with adverse employment consequences

     c.    An email sent from the Deputy Chief, Office of Operations, on or around December 6, 2020, relating to traffic stops

     d.    An email sent from Evelynna T. Quarterman, Commander for the Third District, with the subject header, "Traffic Missions as a crime reduction strategdy" [sic]

e. Any other email, memoranda, or other communication sent by a Superintendent, Deputy Chief, or District Commander relating to traffic stops

**RESPONSE:** Defendants object to this Request as overly broad in scope ("other documents relating to," "meeting or other instances," "Any other email, memoranda, or other communication . . . relating to traffic stops") and unduly burdensome and not proportional to the needs of the case considering the burden and expense to fulfill the Request outweighs any likely benefit. Defendants further object to the phrase "sufficient to identify" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time responsive documents. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Defendants will meet and confer with Plaintiffs regarding the scope of this Request as part of a discussion on collection of ESI. Investigation continues.

67. For all officers who received the communications described in Request 66, all documents subsequent to the communications and/or meetings that pertain to (1) traffic stops the officer(s) made and/or (2) any discipline or adverse employment actions that those officers experienced.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("all documents . . . that pertain to . . . the traffic stops," ("any discipline or adverse action") and unduly burdensome and not proportional to the needs of the case considering the burden and expense to fulfill the Request outweighs any likely benefit.

57

Subject to and without waiving the foregoing objections, Defendants will search for and produce or make available for inspection at a mutually agreeable place and time responsive documents. Pursuant to the agreement of the parties, Defendants agreed to commence a rolling production no later than February 7, 2024. Investigation continues.

68.     All records, emails, memoranda, and other documents and/or communications, to or from Michael Barz relating to traffic stops.

**RESPONSE:** Defendants object to this Request as overly broad in scope ("other documents and/or communications," "relating to traffic stops") and unduly burdensome and not proportional to the needs of the case considering the burden and expense to fulfill the Request outweighs any likely benefit. Defendants further object that the term "records" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants will meet and confer with Plaintiffs regarding the scope of this Request as part of a discussion on collection of ESI. Investigation continues.

69.     All documents that you may use to support your defenses in this action.

**RESPONSE:** Defendants object to this Request as premature. Subject to this objection, Defendants will supplement its response to this Request in accordance with the Federal Rules of Civil Procedure, or any court order issued in this matter.

Dated: February 14, 2024                    Respectfully submitted,

                                             **CITY OF CHICAGO AND CHICAGO POLICE DEPARTMENT**

                                By:  */s/ Michael P. Sheehan*
                                      One of Defendants' Attorneys

Michael P. Sheehan
Allan T. Slagel
Elizabeth A. Winkowski
T. Hudson Cross, IV
TAFT STETTINIUS AND HOLLISTER LLP
111 East Wacker Drive
Suite 2600
Chicago, Illinois 60601
Telephone:      (312) 527-4000
Facsimile:      (312) 527-4011
Email:          msheehan@taftlaw.com
                aslagel@taftlaw.com
                ewinkowski@taftlaw.com
                hcross@taftlaw.com

## CERTIFICATE OF SERVICE

I, Michael P. Sheehan, hereby certify that on February 14, 2024, the foregoing *Defendants'*

*Responses to Plaintiffs' First Set of Requests for the Production of Documents* were served on the following

counsel of record by email:

Alexandra K. Block (ARDC # 6285766)
Joshua M. Levin (ARDC # 6320993)
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 N. Michigan, Suite 600
Chicago, IL 60601
ABlock@aclu-il.org
JLevin@aclu-il.org

Sheldon L. Solow (ARDC # 2673061)
Patrick Derocher (ARDC # 3668891)
Cate Baskin (ARDC # 6343199)
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Sheldon.Solow@arnoldporter.com
Patrick.Derocher@arnoldporter.com
Cate.Baskin@arnoldporter.com

John A. Freedman (*pro hac vice*)
Joshua M. Davis (*pro hac vice*)
Stacey Menjivar (*pro hac vice* forthcoming)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001-3743
John.Freedman@arnoldporter.com
Joshua.Davis@arnoldporter.com

Andrew Hannemann (*pro hac vice* forthcoming)
Mikaila O. Skaroff (*pro hac vice* forthcoming)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Andrew.Hannemann@arnoldporter.com
Mikaila.Skaroff@arnoldporter.com

60

# EXHIBIT A

2024-02-14 - Exhibit A to Defendants' Response to Plaintiffs' First Set of Requests for Production

| Bates Beg | Bates End | RTP# |
|---|---|---|
| CITY00000001 | CITY00000002 | 04;05 |
| CITY00000003 | CITY00000003 | 04;05 |
| CITY00000004 | CITY00000004 | 04;05 |
| CITY00000005 | CITY00000005 | 04;05 |
| CITY00000006 | CITY00000006 | 5 |
| CITY00000007 | CITY00000008 | 5 |
| CITY00000009 | CITY00000010 | 58 |
| CITY00000011 | CITY00000018 | 52 |
| CITY00000019 | CITY00000026 | 52 |
| CITY00000027 | CITY00000034 | 52 |
| CITY00000035 | CITY00000042 | 52 |
| CITY00000043 | CITY00000049 | 52 |
| CITY00000050 | CITY00000057 | 52 |
| CITY00000058 | CITY00000063 | 52 |
| CITY00000064 | CITY00000066 | 47 |
| CITY00000067 | CITY00000068 | 47;50 |
| CITY00000069 | CITY00000074 | 47 |
| CITY00000075 | CITY00000086 | 47;58 |
| CITY00000087 | CITY00000090 | 47 |
| CITY00000091 | CITY00000097 | 47;58 |
| CITY00000098 | CITY00000101 | 47;50 |
| CITY00000102 | CITY00000110 | 47 |
| CITY00000111 | CITY00000117 | 47;49 |
| CITY00000118 | CITY00000126 | 47 |
| CITY00000127 | CITY00000133 | 47 |
| CITY00000134 | CITY00000143 | 47 |
| CITY00000144 | CITY00000157 | 47;58 |
| CITY00000158 | CITY00000171 | 47;58 |
| CITY00000172 | CITY00000196 | 47 |
| CITY00000197 | CITY00000200 | 47 |
| CITY00000201 | CITY00000212 | 47 |
| CITY00000213 | CITY00000214 | 47 |
| CITY00000215 | CITY00000220 | 47;58 |
| CITY00000221 | CITY00000229 | 47 |
| CITY00000230 | CITY00000231 | 47 |
| CITY00000232 | CITY00000235 | 47 |
| CITY00000236 | CITY00000238 | 47 |
| CITY00000239 | CITY00000251 | 47;58 |
| CITY00000252 | CITY00000258 | 47;58 |
| CITY00000259 | CITY00000261 | 47 |
| CITY00000262 | CITY00000264 | 47 |
| CITY00000265 | CITY00000279 | 47 |
| CITY00000280 | CITY00000287 | 47 |
| CITY00000288 | CITY00000293 | 44;47;58 |
| CITY00000294 | CITY00000297 | 49 |
| CITY00000298 | CITY00000308 | 49 |
| CITY00000309 | CITY00000394 | 50 |
| CITY00000395 | CITY00000396 | 49 |
| CITY00000397 | CITY00000451 | 49 |
| CITY00000452 | CITY00000537 | 50 |
| CITY00000538 | CITY00000592 | 49 |
| CITY00000593 | CITY00000603 | 49 |
| CITY00000604 | CITY00000622 | 50 |
| CITY00000623 | CITY00000829 | 50 |

| | | |
|---|---|---|
| CITY00000830 | CITY00000830 | 50 |
| CITY00000831 | CITY00000964 | 50 |
| CITY00000965 | CITY00000965 | 50 |
| CITY00000966 | CITY00001052 | 50 |
| CITY00001053 | CITY00001126 | 50 |
| CITY00001127 | CITY00001200 | 50 |
| CITY00001201 | CITY00001225 | 50 |
| CITY00001226 | CITY00001280 | 49 |
| CITY00001281 | CITY00001354 | 50 |
| CITY00001355 | CITY00001437 | 50 |
| CITY00001438 | CITY00001511 | 50 |
| CITY00001512 | CITY00001598 | 50 |
| CITY00001599 | CITY00001685 | 50 |
| CITY00001686 | CITY00001770 | 50 |
| CITY00001771 | CITY00001771 | 50 |
| CITY00001772 | CITY00001786 | 50 |
| CITY00001787 | CITY00001887 | 49 |
| CITY00001888 | CITY00001890 | 47 |
| CITY00001891 | CITY00001893 | 47 |
| CITY00001894 | CITY00001895 | 47 |
| CITY00001896 | CITY00001898 | 47 |
| CITY00001899 | CITY00001900 | 47 |
| CITY00001901 | CITY00001908 | 47 |
| CITY00001909 | CITY00001917 | 47;49 |
| CITY00001918 | CITY00001926 | 47 |
| CITY00001927 | CITY00001936 | 47 |
| CITY00001937 | CITY00001990 | 49 |
| CITY00001991 | CITY00002012 | 49;50 |
| CITY00002013 | CITY00002036 | 49;50 |
| CITY00002037 | CITY00002037 | 47;49 |
| CITY00002038 | CITY00002042 | 47;49 |
| CITY00002043 | CITY00002079 | 49 |
| CITY00002080 | CITY00002112 | 49 |
| CITY00002113 | CITY00002140 | 49 |
| CITY00002141 | CITY00002157 | 49 |
| CITY00002158 | CITY00002158 | 47;49 |
| CITY00002159 | CITY00002162 | 47;49 |
| CITY00002163 | CITY00002167 | 47;49 |
| CITY00002168 | CITY00002180 | 49 |
| CITY00002181 | CITY00002214 | 49 |
| CITY00002215 | CITY00002216 | 47;49 |
| CITY00002217 | CITY00002256 | 49 |
| CITY00002257 | CITY00002277 | 49 |
| CITY00002278 | CITY00002285 | 49 |
| CITY00002286 | CITY00002297 | 49 |
| CITY00002298 | CITY00002311 | 49 |
| CITY00002312 | CITY00002322 | 49 |
| CITY00002323 | CITY00002332 | 49 |
| CITY00002333 | CITY00002369 | 49 |
| CITY00002370 | CITY00002375 | 49 |
| CITY00002376 | CITY00002384 | 49 |
| CITY00002385 | CITY00002394 | 49;50 |
| CITY00002395 | CITY00002395 | 49 |
| CITY00002396 | CITY00002396 | 49 |
| CITY00002397 | CITY00002420 | 49 |

| | | |
|---|---|---|
| CITY00002421 | CITY00002425 | 47;49 |
| CITY00002426 | CITY00002426 | 47;49 |
| CITY00002427 | CITY00002427 | 47;49 |
| CITY00002428 | CITY00002428 | 47;49 |
| CITY00002429 | CITY00002429 | 47;49 |
| CITY00002430 | CITY00002451 | 49 |
| CITY00002452 | CITY00002467 | 49 |
| CITY00002468 | CITY00002486 | 49 |
| CITY00002487 | CITY00002499 | 49;50 |
| CITY00002500 | CITY00002515 | 49 |
| CITY00002516 | CITY00002533 | 49 |
| CITY00002534 | CITY00002545 | 49 |
| CITY00002546 | CITY00002561 | 49 |
| CITY00002562 | CITY00002567 | 49 |
| CITY00002568 | CITY00002599 | 49 |
| CITY00002600 | CITY00002604 | 49;50 |
| CITY00002605 | CITY00002622 | 49 |
| CITY00002623 | CITY00002628 | 49 |
| CITY00002629 | CITY00002638 | 49 |
| CITY00002639 | CITY00002644 | 49 |
| CITY00002645 | CITY00002662 | 49 |
| CITY00002663 | CITY00002673 | 49 |
| CITY00002674 | CITY00002679 | 49 |
| CITY00002680 | CITY00002690 | 49 |
| CITY00002691 | CITY00002700 | 49 |
| CITY00002701 | CITY00002732 | 49 |
| CITY00002733 | CITY00002741 | 49 |
| CITY00002742 | CITY00002750 | 49 |
| CITY00002751 | CITY00002759 | 49 |
| CITY00002760 | CITY00002763 | 47;49 |
| CITY00002764 | CITY00002765 | 47;49 |
| CITY00002766 | CITY00002797 | 49 |
| CITY00002798 | CITY00002805 | 49 |
| CITY00002806 | CITY00002810 | 49 |
| CITY00002811 | CITY00002826 | 49 |
| CITY00002827 | CITY00002844 | 49 |
| CITY00002845 | CITY00002857 | 49 |
| CITY00002858 | CITY00002866 | 49 |
| CITY00002867 | CITY00002867 | 47;49 |
| CITY00002868 | CITY00002868 | 47;49 |
| CITY00002869 | CITY00002894 | 49 |
| CITY00002895 | CITY00002932 | 49 |
| CITY00002933 | CITY00002941 | 49 |
| CITY00002942 | CITY00002965 | 49 |
| CITY00002966 | CITY00002992 | 49 |
| CITY00002993 | CITY00003003 | 49 |
| CITY00003004 | CITY00003044 | 49;50 |
| CITY00003045 | CITY00003045 | 49 |
| CITY00003046 | CITY00003076 | 49 |
| CITY00003077 | CITY00003101 | 49 |
| CITY00003102 | CITY00003194 | 49;50 |
| CITY00003195 | CITY00003238 | 49;50 |
| CITY00003239 | CITY00003239 | 49 |
| CITY00003240 | CITY00003314 | 49;50 |
| CITY00003315 | CITY00003365 | 49 |

| | | |
|---|---|---|
| CITY00003366 | CITY00003366 | 49 |
| CITY00003367 | CITY00003367 | 49 |
| CITY00003368 | CITY00003368 | 49 |
| CITY00003369 | CITY00003369 | 49 |
| CITY00003370 | CITY00003370 | 49 |
| CITY00003371 | CITY00003412 | 49 |
| CITY00003413 | CITY00003413 | 49 |
| CITY00003414 | CITY00003431 | 49 |
| CITY00003432 | CITY00003434 | 49;50 |
| CITY00003435 | CITY00003449 | 49;50 |
| CITY00003450 | CITY00003466 | 49 |
| CITY00003467 | CITY00003523 | 49 |
| CITY00003524 | CITY00003565 | 49;54 |
| CITY00003566 | CITY00003566 | 49;54 |
| CITY00003567 | CITY00003606 | 49;54 |
| CITY00003607 | CITY00003607 | 49;54 |
| CITY00003608 | CITY00003624 | 49;50;54 |
| CITY00003625 | CITY00003649 | 49 |
| CITY00003650 | CITY00003700 | 49 |
| CITY00003701 | CITY00003701 | 49 |
| CITY00003702 | CITY00003702 | 49 |
| CITY00003703 | CITY00003703 | 49 |
| CITY00003704 | CITY00003704 | 49 |
| CITY00003705 | CITY00003705 | 49 |
| CITY00003706 | CITY00003762 | 49;50 |
| CITY00003763 | CITY00003779 | 49;50 |
| CITY00003780 | CITY00003811 | 49 |
| CITY00003812 | CITY00003812 | 49 |
| CITY00003813 | CITY00003813 | 49 |
| CITY00003814 | CITY00003814 | 49 |
| CITY00003815 | CITY00003815 | 49 |
| CITY00003816 | CITY00003816 | 49 |
| CITY00003817 | CITY00003817 | 49 |
| CITY00003818 | CITY00003818 | 49 |
| CITY00003819 | CITY00003819 | 49 |
| CITY00003820 | CITY00003820 | 49 |
| CITY00003821 | CITY00003821 | 49 |
| CITY00003822 | CITY00003822 | 49 |
| CITY00003823 | CITY00003823 | 49 |
| CITY00003824 | CITY00003824 | 49 |
| CITY00003825 | CITY00003825 | 49 |
| CITY00003826 | CITY00003826 | 49 |
| CITY00003827 | CITY00003827 | 49 |
| CITY00003828 | CITY00003867 | 49 |
| CITY00003868 | CITY00003868 | 49 |
| CITY00003869 | CITY00003910 | 49 |
| CITY00003911 | CITY00003911 | 49 |
| CITY00003912 | CITY00003943 | 49 |
| CITY00003944 | CITY00003944 | 49 |
| CITY00003945 | CITY00003945 | 49 |
| CITY00003946 | CITY00003946 | 49 |
| CITY00003947 | CITY00003947 | 49 |
| CITY00003948 | CITY00003948 | 49 |
| CITY00003949 | CITY00003949 | 49 |
| CITY00003950 | CITY00003950 | 49 |

2024-02-14 - Exhibit A to Defendants' Response to Plaintiffs' First Set of Requests for Production

| | | |
|---|---|---|
| CITY00003951 | CITY00003951 | 49 |
| CITY00003952 | CITY00003952 | 49 |
| CITY00003953 | CITY00003953 | 49 |
| CITY00003954 | CITY00003954 | 49 |
| CITY00003955 | CITY00003955 | 49 |
| CITY00003956 | CITY00003956 | 49 |
| CITY00003957 | CITY00003957 | 49 |
| CITY00003958 | CITY00003968 | 49 |
| CITY00003969 | CITY00003987 | 49 |
| CITY00003988 | CITY00004026 | 49 |
| CITY00004027 | CITY00004064 | 49 |
| CITY00004065 | CITY00004159 | 49 |
| CITY00004160 | CITY00004165 | 47 |
| CITY00004166 | CITY00004173 | 49 |
| CITY00004174 | CITY00004183 | 49 |
| CITY00004184 | CITY00004188 | 49 |
| CITY00004189 | CITY00004194 | 49 |
| CITY00004195 | CITY00004225 | 49;50 |
| CITY00004226 | CITY00004234 | 49;50 |
| CITY00004235 | CITY00004245 | 49;50;54 |
| CITY00004246 | CITY00004248 | 50 |
| CITY00004249 | CITY00004253 | 50 |
| CITY00004254 | CITY00004257 | 50 |
| CITY00004258 | CITY00004261 | 50 |
| CITY00004262 | CITY00004265 | 50 |
| CITY00004266 | CITY00004271 | 50 |
| CITY00004272 | CITY00004275 | 50 |
| CITY00004276 | CITY00004278 | 50 |
| CITY00004279 | CITY00004281 | 50 |
| CITY00004282 | CITY00004285 | 50 |
| CITY00004286 | CITY00004290 | 50 |
| CITY00004291 | CITY00004295 | 49;50 |
| CITY00004296 | CITY00004304 | 50 |
| CITY00004305 | CITY00004309 | 50 |
| CITY00004310 | CITY00004313 | 50 |
| CITY00004314 | CITY00004317 | 50 |
| CITY00004318 | CITY00004319 | 50 |
| CITY00004320 | CITY00004324 | 50 |
| CITY00004325 | CITY00004328 | 50 |
| CITY00004329 | CITY00004333 | 50 |
| CITY00004334 | CITY00004337 | 50 |
| CITY00004338 | CITY00004342 | 50 |
| CITY00004343 | CITY00004347 | 50 |
| CITY00004348 | CITY00004447 | 50;54 |
| CITY00004448 | CITY00004560 | 49;50;54 |
| CITY00004561 | CITY00004561 | 50 |
| CITY00004562 | CITY00004562 | 50 |
| CITY00004563 | CITY00004563 | 50 |
| CITY00004564 | CITY00004564 | 50 |
| CITY00004565 | CITY00004565 | 50 |
| CITY00004566 | CITY00004566 | 50 |
| CITY00004567 | CITY00004567 | 50 |
| CITY00004568 | CITY00004568 | 50 |
| CITY00004569 | CITY00004646 | 49;50;54 |
| CITY00004647 | CITY00004757 | 49;50;54 |

2024-02-14 - <u>Exhibit A</u> to Defendants' Response to Plaintiffs' First Set of Requests for Production

| | | |
|---|---|---|
| CITY00004758 | CITY00004762 | 50 |
| CITY00004763 | CITY00004852 | 49;50 |
| CITY00004853 | CITY00004894 | 49;50 |
| CITY00004895 | CITY00004895 | 49;50 |
| CITY00004896 | CITY00004896 | 49;50 |
| CITY00004897 | CITY00004897 | 49;50 |
| CITY00004898 | CITY00004898 | 49;50 |
| CITY00004899 | CITY00004899 | 49;50 |
| CITY00004900 | CITY00004900 | 49;50 |
| CITY00004901 | CITY00004901 | 49;50 |
| CITY00004902 | CITY00004902 | 49;50 |
| CITY00004903 | CITY00004903 | 49;50 |
| CITY00004904 | CITY00004904 | 50 |
| CITY00004905 | CITY00004983 | 49;50 |
| CITY00004984 | CITY00005009 | 49 |
| CITY00005010 | CITY00005039 | 49;50 |
| CITY00005040 | CITY00005061 | 49;50 |
| CITY00005062 | CITY00005074 | 49;50 |
| CITY00005075 | CITY00005081 | 49;50 |
| CITY00005082 | CITY00005103 | 49;50 |
| CITY00005104 | CITY00005139 | 49;50 |
| CITY00005140 | CITY00005148 | 50 |
| CITY00005149 | CITY00005154 | 50 |
| CITY00005155 | CITY00005159 | 50 |
| CITY00005160 | CITY00005161 | 50 |
| CITY00005162 | CITY00005166 | 50 |
| CITY00005167 | CITY00005171 | 50 |
| CITY00005172 | CITY00005172 | 50 |
| CITY00005173 | CITY00005174 | 50 |
| CITY00005175 | CITY00005175 | 50 |
| CITY00005176 | CITY00005186 | 50 |
| CITY00005187 | CITY00005211 | 50 |
| CITY00005212 | CITY00005213 | 50 |
| CITY00005214 | CITY00005217 | 50 |
| CITY00005218 | CITY00005223 | 50 |
| CITY00005224 | CITY00005227 | 50 |
| CITY00005228 | CITY00005231 | 50 |
| CITY00005232 | CITY00005235 | 50 |
| CITY00005236 | CITY00005239 | 50 |
| CITY00005240 | CITY00005258 | 49;50 |
| CITY00005259 | CITY00005269 | 50 |
| CITY00005270 | CITY00005285 | 50 |
| CITY00005286 | CITY00005302 | 50 |
| CITY00005303 | CITY00005316 | 49 |
| CITY00005317 | CITY00005322 | 50 |
| CITY00005323 | CITY00005327 | 50 |
| CITY00005328 | CITY00005438 | 49;50;54 |
| CITY00005439 | CITY00005515 | 49;50;54 |
| CITY00005516 | CITY00005541 | 50 |
| CITY00005542 | CITY00005548 | 50 |
| CITY00005549 | CITY00005549 | 50 |
| CITY00005550 | CITY00005576 | 50 |
| CITY00005577 | CITY00005577 | 50 |
| CITY00005578 | CITY00005578 | 50 |
| CITY00005579 | CITY00005662 | 50 |

| | | |
|---|---|---|
| CITY00005663 | CITY00005674 | 50 |
| CITY00005675 | CITY00005708 | 50 |
| CITY00005709 | CITY00005710 | 50 |
| CITY00005711 | CITY00005763 | 49;50 |
| CITY00005764 | CITY00005764 | 49 |
| CITY00005765 | CITY00005889 | 49 |
| CITY00005890 | CITY00005906 | 49 |
| CITY00005907 | CITY00005920 | 49 |
| CITY00005921 | CITY00005940 | 49 |
| CITY00005941 | CITY00005953 | 49 |
| CITY00005954 | CITY00005967 | 49 |
| CITY00005968 | CITY00005980 | 49 |
| CITY00005981 | CITY00005992 | 49 |
| CITY00005993 | CITY00005996 | 49 |
| CITY00005997 | CITY00006019 | 49 |
| CITY00006020 | CITY00006033 | 49 |
| CITY00006034 | CITY00006051 | 49 |
| CITY00006052 | CITY00006056 | 49 |
| CITY00006057 | CITY00006104 | 49 |
| CITY00006105 | CITY00006114 | 49 |
| CITY00006115 | CITY00006134 | 49 |
| CITY00006135 | CITY00006155 | 47;49 |
| CITY00006156 | CITY00006170 | 50 |
| CITY00006171 | CITY00006192 | 50 |
| CITY00006193 | CITY00006204 | 49;50 |
| CITY00006205 | CITY00006243 | 49;50 |
| CITY00006244 | CITY00006254 | 50 |
| CITY00006255 | CITY00006269 | 50 |
| CITY00006270 | CITY00006356 | 50 |
| CITY00006357 | CITY00006374 | 50 |
| CITY00006375 | CITY00006395 | 49 |
| CITY00006396 | CITY00006396 | 50 |
| CITY00006397 | CITY00006397 | 50 |
| CITY00006398 | CITY00006398 | 50 |
| CITY00006399 | CITY00006399 | 50 |
| CITY00006400 | CITY00006400 | 50 |
| CITY00006401 | CITY00006401 | 50 |
| CITY00006402 | CITY00006402 | 49 |
| CITY00006403 | CITY00006403 | 50 |
| CITY00006404 | CITY00006404 | 49;50 |
| CITY00006405 | CITY00006405 | 49;50 |
| CITY00006406 | CITY00006406 | 49;50;54 |
| CITY00006407 | CITY00006407 | 49;50 |
| CITY00006408 | CITY00006408 | 49;50 |
| CITY00006409 | CITY00006409 | 49;50 |
| CITY00006410 | CITY00006410 | 49;50 |
| CITY00006411 | CITY00006411 | 49;50 |
| CITY00006412 | CITY00006412 | 49;50 |
| CITY00006413 | CITY00006413 | 49;50 |
| CITY00006414 | CITY00006414 | 49;50 |
| CITY00006415 | CITY00006415 | 49;50 |
| CITY00006416 | CITY00006416 | 49;50 |
| CITY00006417 | CITY00006417 | 49;50 |
| CITY00006418 | CITY00006418 | 49;50 |
| CITY00006419 | CITY00006419 | 49;50 |

| CITY00006420 | CITY00006420 | 49;50 |
| CITY00006421 | CITY00006421 | 49;50 |
| CITY00006422 | CITY00006422 | 49;50 |
| CITY00006423 | CITY00006423 | 49;50 |
| CITY00006424 | CITY00006424 | 49;50 |
| CITY00006425 | CITY00006425 | 49;50 |
| CITY00006426 | CITY00006426 | 49;50 |
| CITY00006427 | CITY00006427 | 49;50 |
| CITY00006428 | CITY00006428 | 49;50 |
| CITY00006429 | CITY00006429 | 49;50 |
| CITY00006430 | CITY00006430 | 49;50 |
| CITY00006431 | CITY00006431 | 49;50 |
| CITY00006432 | CITY00006432 | 49;50 |
| CITY00006433 | CITY00006433 | 49;50 |
| CITY00006434 | CITY00006434 | 49;50 |
| CITY00006435 | CITY00006435 | 49;50 |
| CITY00006436 | CITY00006436 | 49;50 |
| CITY00006437 | CITY00006437 | 49;50 |
| CITY00006438 | CITY00006438 | 49;50 |
| CITY00006439 | CITY00006439 | 49 |
| CITY00006440 | CITY00006440 | 49;50 |
| CITY00006441 | CITY00006441 | 49;50 |
| CITY00006442 | CITY00006442 | 49;50 |
| CITY00006443 | CITY00006443 | 49;50 |
| CITY00006444 | CITY00006444 | 49;50 |
| CITY00006445 | CITY00006445 | 49;50 |
| CITY00006446 | CITY00006446 | 49;50 |
| CITY00006447 | CITY00006447 | 49;50 |
| CITY00006448 | CITY00006448 | 49;50 |
| CITY00006449 | CITY00006449 | 49;50 |
| CITY00006450 | CITY00006450 | 49;50 |
| CITY00006451 | CITY00006451 | 49;50 |
| CITY00006452 | CITY00006452 | 49;50 |
| CITY00006453 | CITY00006453 | 49;50 |
| CITY00006454 | CITY00006454 | 49;50 |
| CITY00006455 | CITY00006455 | 49;50 |
| CITY00006456 | CITY00006456 | 49;50 |
| CITY00006457 | CITY00006457 | 49;50 |
| CITY00006458 | CITY00006458 | 49;50 |
| CITY00006459 | CITY00006459 | 49;50 |
| CITY00006460 | CITY00006460 | 49;50 |
| CITY00006461 | CITY00006461 | 49 |
| CITY00006462 | CITY00006462 | 49 |
| CITY00006463 | CITY00006463 | 49 |
| CITY00006464 | CITY00006464 | 49 |
| CITY00006465 | CITY00006465 | 49 |
| CITY00006466 | CITY00006466 | 49 |
| CITY00006467 | CITY00006467 | 49 |
| CITY00006468 | CITY00006468 | 49 |
| CITY00006469 | CITY00006469 | 49 |
| CITY00006470 | CITY00006470 | 49 |
| CITY00006471 | CITY00006471 | 49 |
| CITY00006472 | CITY00006472 | 49 |
| CITY00006473 | CITY00006473 | 49 |
| CITY00006474 | CITY00006474 | 49 |

| | | |
|---|---|---|
| CITY00006475 | CITY00006475 | 49 |
| CITY00006476 | CITY00006476 | 49 |
| CITY00006477 | CITY00006477 | 49 |
| CITY00006478 | CITY00006478 | 49 |
| CITY00006479 | CITY00006479 | 49 |
| CITY00006480 | CITY00006480 | 49 |
| CITY00006481 | CITY00006481 | 49 |
| CITY00006482 | CITY00006482 | 49 |
| CITY00006483 | CITY00006483 | 49 |
| CITY00006484 | CITY00006484 | 49 |
| CITY00006485 | CITY00006485 | 49 |
| CITY00006486 | CITY00006486 | 49 |
| CITY00006487 | CITY00006487 | 49 |
| CITY00006488 | CITY00006488 | 49 |
| CITY00006489 | CITY00006489 | 49 |
| CITY00006490 | CITY00006490 | 49 |
| CITY00006491 | CITY00006491 | 49 |
| CITY00006492 | CITY00006492 | 49 |
| CITY00006493 | CITY00006493 | 49 |
| CITY00006494 | CITY00006494 | 49 |
| CITY00006495 | CITY00006495 | 49 |
| CITY00006496 | CITY00006496 | 49 |
| CITY00006497 | CITY00006497 | 49 |
| CITY00006498 | CITY00006498 | 49 |
| CITY00006499 | CITY00006499 | 49 |
| CITY00006500 | CITY00006500 | 49 |
| CITY00006501 | CITY00006501 | 49 |
| CITY00006502 | CITY00006502 | 49 |
| CITY00006503 | CITY00006503 | 49 |
| CITY00006504 | CITY00006504 | 49 |
| CITY00006505 | CITY00006505 | 49 |
| CITY00006506 | CITY00006506 | 49 |
| CITY00006507 | CITY00006507 | 49 |
| CITY00006508 | CITY00006508 | 49 |
| CITY00006509 | CITY00006509 | 49 |
| CITY00006510 | CITY00006510 | 49 |
| CITY00006511 | CITY00006511 | 49 |
| CITY00006512 | CITY00006512 | 49 |
| CITY00006513 | CITY00006513 | 49 |
| CITY00006514 | CITY00006514 | 49 |
| CITY00006515 | CITY00006515 | 49 |
| CITY00006516 | CITY00006516 | 49 |
| CITY00006517 | CITY00006517 | 49 |
| CITY00006518 | CITY00006518 | 49 |
| CITY00006519 | CITY00006519 | 49 |
| CITY00006520 | CITY00006520 | 49 |
| CITY00006521 | CITY00006521 | 49 |
| CITY00006522 | CITY00006522 | 49 |
| CITY00006523 | CITY00006523 | 49 |
| CITY00006524 | CITY00006524 | 49 |
| CITY00006525 | CITY00006525 | 49 |
| CITY00006526 | CITY00006526 | 49 |
| CITY00006527 | CITY00006527 | 49 |
| CITY00006528 | CITY00006528 | 49 |
| CITY00006529 | CITY00006529 | 49 |

| | | |
|---|---|---|
| CITY00006530 | CITY00006530 | 49 |
| CITY00006531 | CITY00006531 | 49 |
| CITY00006532 | CITY00006532 | 49 |
| CITY00006533 | CITY00006533 | 49 |
| CITY00006534 | CITY00006534 | 49 |
| CITY00006535 | CITY00006535 | 49 |
| CITY00006536 | CITY00006536 | 49 |
| CITY00006537 | CITY00006537 | 49 |
| CITY00006538 | CITY00006538 | 49 |
| CITY00006539 | CITY00006539 | 49 |
| CITY00006540 | CITY00006540 | 49 |
| CITY00006541 | CITY00006541 | 49 |
| CITY00006542 | CITY00006542 | 49 |
| CITY00006543 | CITY00006543 | 49 |
| CITY00006544 | CITY00006544 | 49 |
| CITY00006545 | CITY00006545 | 49 |
| CITY00006546 | CITY00006546 | 49 |
| CITY00006547 | CITY00006547 | 49 |
| CITY00006548 | CITY00006548 | 49 |
| CITY00006549 | CITY00006549 | 49 |
| CITY00006550 | CITY00006550 | 49 |
| CITY00006551 | CITY00006551 | 49 |
| CITY00006552 | CITY00006552 | 49 |
| CITY00006553 | CITY00006553 | 49 |
| CITY00006554 | CITY00006554 | 49 |
| CITY00006555 | CITY00006555 | 49 |
| CITY00006556 | CITY00006556 | 49 |
| CITY00006557 | CITY00006557 | 49 |
| CITY00006558 | CITY00006558 | 49 |
| CITY00006559 | CITY00006559 | 49 |
| CITY00006560 | CITY00006560 | 49 |
| CITY00006561 | CITY00006561 | 49 |
| CITY00006562 | CITY00006562 | 49 |
| CITY00006563 | CITY00006563 | 49 |
| CITY00006564 | CITY00006564 | 49 |
| CITY00006565 | CITY00006565 | 49 |
| CITY00006566 | CITY00006566 | 49 |
| CITY00006567 | CITY00006567 | 49 |
| CITY00006568 | CITY00006568 | 49 |
| CITY00006569 | CITY00006569 | 49 |
| CITY00006570 | CITY00006570 | 49 |
| CITY00006571 | CITY00006571 | 49 |
| CITY00006572 | CITY00006572 | 49 |
| CITY00006573 | CITY00006573 | 49 |
| CITY00006574 | CITY00006574 | 49 |
| CITY00006575 | CITY00006575 | 49 |
| CITY00006576 | CITY00006576 | 49 |
| CITY00006577 | CITY00006577 | 49 |
| CITY00006578 | CITY00006578 | 49 |
| CITY00006579 | CITY00006579 | 49 |
| CITY00006580 | CITY00006580 | 49 |
| CITY00006581 | CITY00006581 | 49 |
| CITY00006582 | CITY00006582 | 49 |
| CITY00006583 | CITY00006583 | 49 |
| CITY00006584 | CITY00006584 | 49 |

| | | |
|---|---|---|
| CITY00006585 | CITY00006585 | 49 |
| CITY00006586 | CITY00006586 | 49 |
| CITY00006587 | CITY00006587 | 49 |
| CITY00006588 | CITY00006588 | 49 |
| CITY00006589 | CITY00006589 | 49 |
| CITY00006590 | CITY00006590 | 49 |
| CITY00006591 | CITY00006591 | 49 |
| CITY00006592 | CITY00006592 | 49 |
| CITY00006593 | CITY00006593 | 49 |
| CITY00006594 | CITY00006594 | 49 |
| CITY00006595 | CITY00006595 | 49 |
| CITY00006596 | CITY00006596 | 49 |
| CITY00006597 | CITY00006597 | 49 |
| CITY00006598 | CITY00006598 | 49 |
| CITY00006599 | CITY00006599 | 49 |
| CITY00006600 | CITY00006600 | 49 |
| CITY00006601 | CITY00006601 | 49 |
| CITY00006602 | CITY00006602 | 49 |
| CITY00006603 | CITY00006603 | 49 |
| CITY00006604 | CITY00006604 | 49 |
| CITY00006605 | CITY00006605 | 49 |
| CITY00006606 | CITY00006606 | 49 |
| CITY00006607 | CITY00006607 | 49 |
| CITY00006608 | CITY00006608 | 49 |
| CITY00006609 | CITY00006609 | 49 |
| CITY00006610 | CITY00006610 | 49 |
| CITY00006611 | CITY00006611 | 49 |
| CITY00006612 | CITY00006612 | 49 |
| CITY00006613 | CITY00006613 | 49 |
| CITY00006614 | CITY00006614 | 49 |
| CITY00006615 | CITY00006615 | 49 |
| CITY00006616 | CITY00006616 | 49 |
| CITY00006617 | CITY00006617 | 49 |
| CITY00006618 | CITY00006618 | 49 |
| CITY00006619 | CITY00006619 | 49 |
| CITY00006620 | CITY00006620 | 49 |
| CITY00006621 | CITY00006621 | 49 |
| CITY00006622 | CITY00006622 | 49 |
| CITY00006623 | CITY00006623 | 49 |
| CITY00006624 | CITY00006624 | 49 |
| CITY00006625 | CITY00006625 | 49 |
| CITY00006626 | CITY00006626 | 49 |
| CITY00006627 | CITY00006627 | 49 |
| CITY00006628 | CITY00006628 | 49 |
| CITY00006629 | CITY00006629 | 49 |
| CITY00006630 | CITY00006630 | 49 |
| CITY00006631 | CITY00006631 | 49 |
| CITY00006632 | CITY00006632 | 49 |
| CITY00006633 | CITY00006633 | 49 |
| CITY00006634 | CITY00006687 | 49 |
| CITY00006688 | CITY00006688 | 49 |
| CITY00006689 | CITY00006689 | 49 |
| CITY00006690 | CITY00006690 | 49 |
| CITY00006691 | CITY00006691 | 49 |
| CITY00006692 | CITY00006692 | 49 |

| | | |
|---|---|---|
| CITY00006693 | CITY00006693 | 49 |
| CITY00006694 | CITY00006694 | 49 |
| CITY00006695 | CITY00006695 | 49;50 |
| CITY00006696 | CITY00006696 | 49;50 |
| CITY00006697 | CITY00006697 | 49;50 |
| CITY00006698 | CITY00006698 | 49;50 |
| CITY00006699 | CITY00006699 | 49;50 |
| CITY00006700 | CITY00006700 | 49;50 |
| CITY00006701 | CITY00006701 | 49;50 |
| CITY00006702 | CITY00006702 | 49;50 |
| CITY00006703 | CITY00006703 | 49;50 |
| CITY00006704 | CITY00006704 | 49;50 |
| CITY00006705 | CITY00006705 | 49;50 |
| CITY00006706 | CITY00006706 | 49;50 |
| CITY00006707 | CITY00006707 | 49;50 |
| CITY00006708 | CITY00006708 | 49;50 |
| CITY00006709 | CITY00006709 | 49;50 |
| CITY00006710 | CITY00006710 | 49;50 |
| CITY00006711 | CITY00006711 | 49;50 |
| CITY00006712 | CITY00006712 | 49;50 |
| CITY00006713 | CITY00006713 | 49;50 |
| CITY00006714 | CITY00006714 | 49;50 |
| CITY00006715 | CITY00006715 | 49;50 |
| CITY00006716 | CITY00006716 | 49;50 |
| CITY00006717 | CITY00006717 | 49;50 |
| CITY00006718 | CITY00006718 | 49;50 |
| CITY00006719 | CITY00006719 | 49;50 |
| CITY00006720 | CITY00006720 | 49;50 |
| CITY00006721 | CITY00006721 | 49;50 |
| CITY00006722 | CITY00006722 | 49;50 |
| CITY00006723 | CITY00006723 | 49;50 |
| CITY00006724 | CITY00006724 | 49;50 |
| CITY00006725 | CITY00006725 | 49;50 |
| CITY00006726 | CITY00006726 | 49;50 |
| CITY00006727 | CITY00006727 | 49;50 |
| CITY00006728 | CITY00006728 | 49;50 |
| CITY00006729 | CITY00006729 | 49;50 |
| CITY00006730 | CITY00006730 | 49;50 |
| CITY00006731 | CITY00006731 | 49;50 |
| CITY00006732 | CITY00006732 | 49;50 |
| CITY00006733 | CITY00006733 | 49;50 |
| CITY00006734 | CITY00006734 | 49;50 |
| CITY00006735 | CITY00006735 | 49;50 |
| CITY00006736 | CITY00006736 | 49;50 |
| CITY00006737 | CITY00006737 | 49;50 |
| CITY00006738 | CITY00006738 | 49;50 |
| CITY00006739 | CITY00006739 | 49;50 |
| CITY00006740 | CITY00006740 | 49;50 |
| CITY00006741 | CITY00006741 | 49;50 |
| CITY00006742 | CITY00006742 | 49;50 |
| CITY00006743 | CITY00006743 | 49;50 |
| CITY00006744 | CITY00006744 | 49;50 |
| CITY00006745 | CITY00006745 | 49;50 |
| CITY00006746 | CITY00006746 | 49;50 |
| CITY00006747 | CITY00006747 | 49;50 |

2024-02-14 - <u>Exhibit A</u> to Defendants' Response to Plaintiffs' First Set of Requests for Production

| | | |
|---|---|---|
| CITY00006748 | CITY00006748 | 49;50 |
| CITY00006749 | CITY00006749 | 49;50 |
| CITY00006750 | CITY00006750 | 49;50 |
| CITY00006751 | CITY00006751 | 49;50 |
| CITY00006752 | CITY00006752 | 49;50 |
| CITY00006753 | CITY00006753 | 49;50 |
| CITY00006754 | CITY00006754 | 49;50 |
| CITY00006755 | CITY00006755 | 49;50 |
| CITY00006756 | CITY00006756 | 49;50 |
| CITY00006757 | CITY00006757 | 49;50 |
| CITY00006758 | CITY00006758 | 49;50 |
| CITY00006759 | CITY00006759 | 49;50 |
| CITY00006760 | CITY00006760 | 49 |
| CITY00006761 | CITY00006761 | 49 |
| CITY00006762 | CITY00006762 | 49 |
| CITY00006763 | CITY00006763 | 49 |
| CITY00006764 | CITY00006764 | 49 |
| CITY00006765 | CITY00006765 | 49 |
| CITY00006766 | CITY00006766 | 49 |
| CITY00006767 | CITY00006767 | 49;50 |
| CITY00006768 | CITY00006768 | 49 |
| CITY00006769 | CITY00006769 | 49 |
| CITY00006770 | CITY00006770 | 49 |
| CITY00006771 | CITY00006771 | 49 |
| CITY00006772 | CITY00006772 | 49;50 |
| CITY00006773 | CITY00006773 | 49;50 |
| CITY00006774 | CITY00006774 | 49;50 |
| CITY00006775 | CITY00006775 | 49;50 |
| CITY00006776 | CITY00006776 | 49;50 |
| CITY00006777 | CITY00006777 | 49;50 |
| CITY00006778 | CITY00006778 | 49;50 |
| CITY00006779 | CITY00006779 | 49;50 |
| CITY00006780 | CITY00006780 | 49;50 |
| CITY00006781 | CITY00006781 | 49;50 |
| CITY00006782 | CITY00006782 | 49;50 |
| CITY00006783 | CITY00006783 | 49;50 |
| CITY00006784 | CITY00006784 | 49;50 |
| CITY00006785 | CITY00006785 | 49;50 |
| CITY00006786 | CITY00006786 | 49;50 |
| CITY00006787 | CITY00006787 | 49;50 |
| CITY00006788 | CITY00006788 | 49;50 |
| CITY00006789 | CITY00006789 | 49;50 |
| CITY00006790 | CITY00006790 | 49;50 |
| CITY00006791 | CITY00006791 | 49;50 |
| CITY00006792 | CITY00006792 | 49;50 |
| CITY00006793 | CITY00006793 | 49;50 |
| CITY00006794 | CITY00006794 | 49;50 |
| CITY00006795 | CITY00006795 | 49;50 |
| CITY00006796 | CITY00006796 | 49;50 |
| CITY00006797 | CITY00006797 | 49;50 |
| CITY00006798 | CITY00006798 | 49;50 |
| CITY00006799 | CITY00006799 | 49;50 |
| CITY00006800 | CITY00006800 | 49;50 |
| CITY00006801 | CITY00006801 | 49;50 |
| CITY00006802 | CITY00006802 | 49;50 |

| | | |
|---|---|---|
| CITY00006803 | CITY00006803 | 49;50 |
| CITY00006804 | CITY00006804 | 49;50 |
| CITY00006805 | CITY00006805 | 49;50 |
| CITY00006806 | CITY00006806 | 49;50 |
| CITY00006807 | CITY00006807 | 49;50 |
| CITY00006808 | CITY00006808 | 49;50 |
| CITY00006809 | CITY00006809 | 49;50 |
| CITY00006810 | CITY00006810 | 49;50 |
| CITY00006811 | CITY00006811 | 49;50 |
| CITY00006812 | CITY00006812 | 49;50 |
| CITY00006813 | CITY00006813 | 49;50 |
| CITY00006814 | CITY00006814 | 49;50 |
| CITY00006815 | CITY00006815 | 49;50 |
| CITY00006816 | CITY00006816 | 49;50 |
| CITY00006817 | CITY00006817 | 49;50 |
| CITY00006818 | CITY00006818 | 49;50 |
| CITY00006819 | CITY00006819 | 49;50 |
| CITY00006820 | CITY00006820 | 49;50 |
| CITY00006821 | CITY00006821 | 49;50 |
| CITY00006822 | CITY00006822 | 49;50 |
| CITY00006823 | CITY00006823 | 49;50 |
| CITY00006824 | CITY00006824 | 49;50 |
| CITY00006825 | CITY00006825 | 49;50 |
| CITY00006826 | CITY00006826 | 49;50 |
| CITY00006827 | CITY00006827 | 49;50 |
| CITY00006828 | CITY00006828 | 49;50 |
| CITY00006829 | CITY00006829 | 49;50 |
| CITY00006830 | CITY00006830 | 49;50 |
| CITY00006831 | CITY00006831 | 49;50 |
| CITY00006832 | CITY00006832 | 49;50 |
| CITY00006833 | CITY00006833 | 49;50 |
| CITY00006834 | CITY00006834 | 49;50 |
| CITY00006835 | CITY00006835 | 49;50 |
| CITY00006836 | CITY00006836 | 49;50 |
| CITY00006837 | CITY00006837 | 49;50 |
| CITY00006838 | CITY00006838 | 49;50 |
| CITY00006839 | CITY00006839 | 49;50 |
| CITY00006840 | CITY00006840 | 49;50 |
| CITY00006841 | CITY00006841 | 49;50 |
| CITY00006842 | CITY00006842 | 49;50 |
| CITY00006843 | CITY00006843 | 49;50 |
| CITY00006844 | CITY00006844 | 49;50 |
| CITY00006845 | CITY00006845 | 49;50 |
| CITY00006846 | CITY00006846 | 49;50 |
| CITY00006847 | CITY00006847 | 49;50 |
| CITY00006848 | CITY00006848 | 49;50 |
| CITY00006849 | CITY00006849 | 49;50 |
| CITY00006850 | CITY00006850 | 49;50 |
| CITY00006851 | CITY00006851 | 49;50 |
| CITY00006852 | CITY00006852 | 49;50 |
| CITY00006853 | CITY00006853 | 49;50 |
| CITY00006854 | CITY00006854 | 49;50 |
| CITY00006855 | CITY00006855 | 49;50 |
| CITY00006856 | CITY00006856 | 49;50 |
| CITY00006857 | CITY00006857 | 49;50 |

| | | |
|---|---|---|
| CITY00006858 | CITY00006858 | 49;50 |
| CITY00006859 | CITY00006859 | 49;50 |
| CITY00006860 | CITY00006860 | 49;50 |
| CITY00006861 | CITY00006861 | 49;50 |
| CITY00006862 | CITY00006862 | 49;50 |
| CITY00006863 | CITY00006863 | 49;50 |
| CITY00006864 | CITY00006864 | 49;50 |
| CITY00006865 | CITY00006865 | 49;50 |
| CITY00006866 | CITY00006866 | 49;50 |
| CITY00006867 | CITY00006867 | 49;50 |
| CITY00006868 | CITY00006868 | 49;50 |
| CITY00006869 | CITY00006869 | 49;50 |
| CITY00006870 | CITY00006870 | 49;50 |
| CITY00006871 | CITY00006871 | 49;50 |
| CITY00006872 | CITY00006872 | 49;50 |
| CITY00006873 | CITY00006873 | 49;50 |
| CITY00006874 | CITY00006874 | 49;50 |
| CITY00006875 | CITY00006875 | 49;50 |
| CITY00006876 | CITY00006876 | 49;50 |
| CITY00006877 | CITY00006877 | 49;50 |
| CITY00006878 | CITY00006878 | 49;50 |
| CITY00006879 | CITY00006879 | 49;50 |
| CITY00006880 | CITY00006880 | 49;50 |
| CITY00006881 | CITY00006881 | 49;50 |
| CITY00006882 | CITY00006882 | 49;50 |
| CITY00006883 | CITY00006883 | 49;50 |
| CITY00006884 | CITY00006884 | 49;50 |
| CITY00006885 | CITY00006885 | 49;50 |
| CITY00006886 | CITY00006886 | 49;50 |
| CITY00006887 | CITY00006887 | 49;50 |
| CITY00006888 | CITY00006888 | 49;50 |
| CITY00006889 | CITY00006889 | 49;50 |
| CITY00006890 | CITY00006890 | 49;50 |
| CITY00006891 | CITY00006891 | 49;50 |
| CITY00006892 | CITY00006892 | 49;50 |
| CITY00006893 | CITY00006893 | 49;50 |
| CITY00006894 | CITY00006894 | 49;50 |
| CITY00006895 | CITY00006895 | 49;50 |
| CITY00006896 | CITY00006896 | 49;50 |
| CITY00006897 | CITY00006897 | 49;50 |
| CITY00006898 | CITY00006898 | 49;50 |
| CITY00006899 | CITY00006899 | 49;50 |
| CITY00006900 | CITY00006900 | 49;50 |
| CITY00006901 | CITY00006901 | 49;50 |
| CITY00006902 | CITY00006902 | 49;50 |
| CITY00006903 | CITY00006903 | 49;50 |
| CITY00006904 | CITY00006904 | 49;50 |
| CITY00006905 | CITY00006905 | 49;50 |
| CITY00006906 | CITY00006906 | 49;50 |
| CITY00006907 | CITY00006907 | 49;50 |
| CITY00006908 | CITY00006908 | 49;50 |
| CITY00006909 | CITY00006909 | 49;50 |
| CITY00006910 | CITY00006910 | 49;50 |
| CITY00006911 | CITY00006911 | 49;50 |
| CITY00006912 | CITY00006912 | 49;50 |

2024-02-14 - <u>Exhibit A</u> to Defendants' Response to Plaintiffs' First Set of Requests for Production

| | | |
|---|---|---|
| CITY00006913 | CITY00006913 | 49;50 |
| CITY00006914 | CITY00006914 | 49;50 |
| CITY00006915 | CITY00006915 | 49;50 |
| CITY00006916 | CITY00006916 | 49;50 |
| CITY00006917 | CITY00006917 | 49;50 |
| CITY00006918 | CITY00006918 | 49;50 |
| CITY00006919 | CITY00006919 | 49;50 |
| CITY00006920 | CITY00006920 | 49;50 |
| CITY00006921 | CITY00006921 | 49;50 |
| CITY00006922 | CITY00006922 | 49;50 |
| CITY00006923 | CITY00006923 | 49;50 |
| CITY00006924 | CITY00006924 | 49;50 |
| CITY00006925 | CITY00006925 | 49;50 |
| CITY00006926 | CITY00006926 | 49;50 |
| CITY00006927 | CITY00006927 | 49;50 |
| CITY00006928 | CITY00006928 | 49;50 |
| CITY00006929 | CITY00006929 | 49;50 |
| CITY00006930 | CITY00006930 | 49;50 |
| CITY00006931 | CITY00006931 | 49;50 |
| CITY00006932 | CITY00006932 | 49;50 |
| CITY00006933 | CITY00006933 | 49;50 |
| CITY00006934 | CITY00006934 | 49;50 |
| CITY00006935 | CITY00006935 | 49;50 |
| CITY00006936 | CITY00006936 | 49;50 |
| CITY00006937 | CITY00006937 | 49;50 |
| CITY00006938 | CITY00006938 | 49;50 |
| CITY00006939 | CITY00006939 | 49;50 |
| CITY00006940 | CITY00006940 | 49;50 |
| CITY00006941 | CITY00006941 | 49;50 |
| CITY00006942 | CITY00006942 | 49;50 |
| CITY00006943 | CITY00006943 | 49;50 |
| CITY00006944 | CITY00006944 | 49;50 |
| CITY00006945 | CITY00006945 | 49;50 |
| CITY00006946 | CITY00006946 | 49;50 |
| CITY00006947 | CITY00006947 | 49;50 |
| CITY00006948 | CITY00006948 | 49;50 |
| CITY00006949 | CITY00006949 | 49;50 |
| CITY00006950 | CITY00006950 | 49;50 |
| CITY00006951 | CITY00006951 | 49;50 |
| CITY00006952 | CITY00006952 | 49;50 |
| CITY00006953 | CITY00006953 | 49;50 |
| CITY00006954 | CITY00006954 | 49;50 |
| CITY00006955 | CITY00006955 | 49;50 |
| CITY00006956 | CITY00006956 | 49;50 |
| CITY00006957 | CITY00006957 | 49;50 |
| CITY00006958 | CITY00006958 | 49;50 |
| CITY00006959 | CITY00006959 | 49;50 |
| CITY00006960 | CITY00006960 | 49;50 |
| CITY00006961 | CITY00006961 | 49;50 |
| CITY00006962 | CITY00006962 | 49;50 |
| CITY00006963 | CITY00006963 | 49;50 |
| CITY00006964 | CITY00006964 | 49;50 |
| CITY00006965 | CITY00006965 | 49;50 |
| CITY00006966 | CITY00006966 | 49;50 |
| CITY00006967 | CITY00006967 | 49;50 |

| | | |
|---|---|---|
| CITY00006968 | CITY00006968 | 49;50 |
| CITY00006969 | CITY00006969 | 49;50 |
| CITY00006970 | CITY00006970 | 49;50 |
| CITY00006971 | CITY00006971 | 49;50 |
| CITY00006972 | CITY00006972 | 49 |
| CITY00006973 | CITY00006973 | 49 |
| CITY00006974 | CITY00006974 | 49 |
| CITY00006975 | CITY00006975 | 49 |
| CITY00006976 | CITY00006976 | 49 |
| CITY00006977 | CITY00006977 | 49 |
| CITY00006978 | CITY00006978 | 49 |
| CITY00006979 | CITY00006979 | 49 |
| CITY00006980 | CITY00006980 | 49 |
| CITY00006981 | CITY00006981 | 49 |
| CITY00006982 | CITY00006982 | 49 |
| CITY00006983 | CITY00006983 | 49 |
| CITY00006984 | CITY00006984 | 49 |
| CITY00006985 | CITY00006985 | 49 |
| CITY00006986 | CITY00006986 | 49 |
| CITY00006987 | CITY00006987 | 49 |
| CITY00006988 | CITY00006988 | 49 |
| CITY00006989 | CITY00006989 | 49 |
| CITY00006990 | CITY00006990 | 49 |
| CITY00006991 | CITY00006991 | 49 |
| CITY00006992 | CITY00006992 | 49 |
| CITY00006993 | CITY00006993 | 49 |
| CITY00006994 | CITY00006994 | 49 |
| CITY00006995 | CITY00006995 | 49 |
| CITY00006996 | CITY00006996 | 49 |
| CITY00006997 | CITY00006997 | 49 |
| CITY00006998 | CITY00006998 | 49 |
| CITY00006999 | CITY00006999 | 49 |
| CITY00007000 | CITY00007000 | 49 |
| CITY00007001 | CITY00007001 | 49 |
| CITY00007002 | CITY00007002 | 49 |
| CITY00007003 | CITY00007003 | 49 |
| CITY00007004 | CITY00007004 | 49 |
| CITY00007005 | CITY00007005 | 49 |
| CITY00007006 | CITY00007006 | 49 |
| CITY00007007 | CITY00007007 | 49 |
| CITY00007008 | CITY00007008 | 49 |
| CITY00007009 | CITY00007009 | 49 |
| CITY00007010 | CITY00007010 | 49 |
| CITY00007011 | CITY00007011 | 49 |
| CITY00007012 | CITY00007012 | 49 |
| CITY00007013 | CITY00007013 | 49 |
| CITY00007014 | CITY00007014 | 49 |
| CITY00007015 | CITY00007015 | 49 |
| CITY00007016 | CITY00007016 | 49 |
| CITY00007017 | CITY00007017 | 49 |
| CITY00007018 | CITY00007018 | 49 |
| CITY00007019 | CITY00007019 | 49 |
| CITY00007020 | CITY00007020 | 49 |
| CITY00007021 | CITY00007021 | 49 |
| CITY00007022 | CITY00007022 | 49 |

| | | |
|---|---|---|
| CITY00007023 | CITY00007023 | 49 |
| CITY00007024 | CITY00007024 | 49 |
| CITY00007025 | CITY00007025 | 49 |
| CITY00007026 | CITY00007026 | 49 |
| CITY00007027 | CITY00007027 | 49 |
| CITY00007028 | CITY00007028 | 49 |
| CITY00007029 | CITY00007029 | 49 |
| CITY00007030 | CITY00007030 | 49 |
| CITY00007031 | CITY00007031 | 49 |
| CITY00007032 | CITY00007032 | 49 |
| CITY00007033 | CITY00007033 | 49 |
| CITY00007034 | CITY00007034 | 49 |
| CITY00007035 | CITY00007035 | 49 |
| CITY00007036 | CITY00007036 | 49 |
| CITY00007037 | CITY00007037 | 49 |
| CITY00007038 | CITY00007038 | 49 |
| CITY00007039 | CITY00007039 | 49 |
| CITY00007040 | CITY00007040 | 49 |
| CITY00007041 | CITY00007041 | 49 |
| CITY00007042 | CITY00007042 | 49 |
| CITY00007043 | CITY00007043 | 49 |
| CITY00007044 | CITY00007044 | 49 |
| CITY00007045 | CITY00007045 | 49 |
| CITY00007046 | CITY00007046 | 49 |
| CITY00007047 | CITY00007047 | 49 |
| CITY00007048 | CITY00007048 | 49 |
| CITY00007049 | CITY00007049 | 49 |
| CITY00007050 | CITY00007050 | 49 |
| CITY00007051 | CITY00007051 | 49 |
| CITY00007052 | CITY00007052 | 49 |
| CITY00007053 | CITY00007053 | 49 |
| CITY00007054 | CITY00007054 | 49 |
| CITY00007055 | CITY00007055 | 49 |
| CITY00007056 | CITY00007056 | 49 |
| CITY00007057 | CITY00007057 | 49 |
| CITY00007058 | CITY00007058 | 49 |
| CITY00007059 | CITY00007059 | 49 |
| CITY00007060 | CITY00007060 | 49 |
| CITY00007061 | CITY00007061 | 49 |
| CITY00007062 | CITY00007062 | 49 |
| CITY00007063 | CITY00007063 | 49 |
| CITY00007064 | CITY00007064 | 49 |
| CITY00007065 | CITY00007065 | 49 |
| CITY00007066 | CITY00007066 | 49 |
| CITY00007067 | CITY00007067 | 49 |
| CITY00007068 | CITY00007068 | 49 |
| CITY00007069 | CITY00007069 | 49 |
| CITY00007070 | CITY00007070 | 49 |
| CITY00007071 | CITY00007071 | 49 |
| CITY00007072 | CITY00007142 | 50 |
| CITY00007143 | CITY00007143 | 49 |
| CITY00007144 | CITY00007144 | 49 |
| CITY00007145 | CITY00007145 | 49 |
| CITY00007146 | CITY00007146 | 49 |
| CITY00007147 | CITY00007147 | 49 |

| | | |
|---|---|---|
| CITY00007148 | CITY00007148 | 49 |
| CITY00007149 | CITY00007149 | 49 |
| CITY00007150 | CITY00007150 | 49 |
| CITY00007151 | CITY00007151 | 49 |
| CITY00007152 | CITY00007152 | 49 |
| CITY00007153 | CITY00007153 | 49 |
| CITY00007154 | CITY00007154 | 49 |
| CITY00007155 | CITY00007155 | 49 |
| CITY00007156 | CITY00007156 | 49;50 |
| CITY00007157 | CITY00007157 | 49;50 |
| CITY00007158 | CITY00007158 | 49;50 |
| CITY00007159 | CITY00007159 | 49;50 |
| CITY00007160 | CITY00007160 | 49;50 |
| CITY00007161 | CITY00007161 | 49;50 |
| CITY00007162 | CITY00007162 | 49;50 |
| CITY00007163 | CITY00007163 | 49;50 |
| CITY00007164 | CITY00007164 | 49;50 |
| CITY00007165 | CITY00007165 | 49;50 |
| CITY00007166 | CITY00007166 | 49;50 |
| CITY00007167 | CITY00007167 | 49;50 |
| CITY00007168 | CITY00007168 | 49;50 |
| CITY00007169 | CITY00007169 | 49;50 |
| CITY00007170 | CITY00007170 | 49;50 |
| CITY00007171 | CITY00007171 | 49;50 |
| CITY00007172 | CITY00007172 | 49;50 |
| CITY00007173 | CITY00007173 | 49;50 |
| CITY00007174 | CITY00007174 | 49;50 |
| CITY00007175 | CITY00007175 | 49;50 |
| CITY00007176 | CITY00007176 | 49;50 |
| CITY00007177 | CITY00007177 | 49;50 |
| CITY00007178 | CITY00007178 | 49;50 |
| CITY00007179 | CITY00007179 | 49;50 |
| CITY00007180 | CITY00007180 | 49 |
| CITY00007181 | CITY00007181 | 49 |
| CITY00007182 | CITY00007182 | 49 |
| CITY00007183 | CITY00007183 | 49 |
| CITY00007184 | CITY00007184 | 49 |
| CITY00007185 | CITY00007185 | 49 |
| CITY00007186 | CITY00007186 | 49 |
| CITY00007187 | CITY00007187 | 49 |
| CITY00007188 | CITY00007188 | 49 |
| CITY00007189 | CITY00007189 | 49 |
| CITY00007190 | CITY00007190 | 49 |
| CITY00007191 | CITY00007191 | 49 |
| CITY00007192 | CITY00007192 | 49 |
| CITY00007193 | CITY00007193 | 49 |
| CITY00007194 | CITY00007194 | 49 |
| CITY00007195 | CITY00007195 | 49 |
| CITY00007196 | CITY00007196 | 49 |
| CITY00007197 | CITY00007197 | 49 |
| CITY00007198 | CITY00007198 | 49 |
| CITY00007199 | CITY00007199 | 49 |
| CITY00007200 | CITY00007200 | 49 |
| CITY00007201 | CITY00007201 | 49 |
| CITY00007202 | CITY00007202 | 49 |

2024-02-14 - <u>Exhibit A</u> to Defendants' Response to Plaintiffs' First Set of Requests for Production

| | | |
|---|---|---|
| CITY00007203 | CITY00007203 | 49 |
| CITY00007204 | CITY00007204 | 49 |
| CITY00007205 | CITY00007205 | 49 |
| CITY00007206 | CITY00007206 | 49 |
| CITY00007207 | CITY00007207 | 49 |
| CITY00007208 | CITY00007208 | 49 |
| CITY00007209 | CITY00007209 | 49 |
| CITY00007210 | CITY00007210 | 49 |
| CITY00007211 | CITY00007211 | 49 |
| CITY00007212 | CITY00007212 | 49 |
| CITY00007213 | CITY00007213 | 49 |
| CITY00007214 | CITY00007214 | 49 |
| CITY00007215 | CITY00007215 | 49 |
| CITY00007216 | CITY00007216 | 49 |
| CITY00007217 | CITY00007217 | 49 |
| CITY00007218 | CITY00007218 | 49 |
| CITY00007219 | CITY00007219 | 49 |
| CITY00007220 | CITY00007220 | 49 |
| CITY00007221 | CITY00007221 | 49 |
| CITY00007222 | CITY00007222 | 49 |
| CITY00007223 | CITY00007223 | 49 |
| CITY00007224 | CITY00007224 | 49 |
| CITY00007225 | CITY00007225 | 49 |
| CITY00007226 | CITY00007226 | 49 |
| CITY00007227 | CITY00007227 | 49 |
| CITY00007228 | CITY00007228 | 49 |
| CITY00007229 | CITY00007229 | 49 |
| CITY00007230 | CITY00007230 | 49 |
| CITY00007231 | CITY00007231 | 49 |
| CITY00007232 | CITY00007232 | 49 |
| CITY00007233 | CITY00007233 | 49 |
| CITY00007234 | CITY00007234 | 49 |
| CITY00007235 | CITY00007235 | 49 |
| CITY00007236 | CITY00007236 | 49 |
| CITY00007237 | CITY00007237 | 49 |
| CITY00007238 | CITY00007238 | 49 |
| CITY00007239 | CITY00007239 | 49 |
| CITY00007240 | CITY00007240 | 49 |
| CITY00007241 | CITY00007241 | 49 |
| CITY00007242 | CITY00007242 | 49 |
| CITY00007243 | CITY00007243 | 49 |
| CITY00007244 | CITY00007244 | 49 |
| CITY00007245 | CITY00007245 | 49 |
| CITY00007246 | CITY00007246 | 49 |
| CITY00007247 | CITY00007247 | 49 |
| CITY00007248 | CITY00007248 | 49 |
| CITY00007249 | CITY00007249 | 49 |
| CITY00007250 | CITY00007250 | 49 |
| CITY00007251 | CITY00007251 | 49 |
| CITY00007252 | CITY00007252 | 49 |
| CITY00007253 | CITY00007253 | 49 |
| CITY00007254 | CITY00007254 | 49 |
| CITY00007255 | CITY00007255 | 49 |
| CITY00007256 | CITY00007256 | 49 |
| CITY00007257 | CITY00007257 | 49 |

2024-02-14 - Exhibit A to Defendants' Response to Plaintiffs' First Set of Requests for Production

| | | |
|---|---|---|
| CITY00007258 | CITY00007258 | 49 |
| CITY00007259 | CITY00007259 | 49 |
| CITY00007260 | CITY00007260 | 49 |
| CITY00007261 | CITY00007261 | 49 |
| CITY00007262 | CITY00007262 | 49 |
| CITY00007263 | CITY00007263 | 49 |
| CITY00007264 | CITY00007264 | 49 |
| CITY00007265 | CITY00007265 | 49 |
| CITY00007266 | CITY00007266 | 49 |
| CITY00007267 | CITY00007267 | 49 |
| CITY00007268 | CITY00007268 | 49 |
| CITY00007269 | CITY00007269 | 49 |
| CITY00007270 | CITY00007270 | 49 |
| CITY00007271 | CITY00007271 | 49 |
| CITY00007272 | CITY00007272 | 49 |
| CITY00007273 | CITY00007273 | 49 |
| CITY00007274 | CITY00007274 | 49 |
| CITY00007275 | CITY00007275 | 49 |
| CITY00007276 | CITY00007276 | 49 |
| CITY00007277 | CITY00007277 | 49 |
| CITY00007278 | CITY00007278 | 49 |
| CITY00007279 | CITY00007279 | 49 |
| CITY00007280 | CITY00007280 | 49 |
| CITY00007281 | CITY00007281 | 49 |
| CITY00007282 | CITY00007282 | 49 |
| CITY00007283 | CITY00007283 | 49 |
| CITY00007284 | CITY00007284 | 49 |
| CITY00007285 | CITY00007285 | 49 |
| CITY00007286 | CITY00007286 | 49 |
| CITY00007287 | CITY00007287 | 49 |
| CITY00007288 | CITY00007288 | 49 |
| CITY00007289 | CITY00007289 | 49 |
| CITY00007290 | CITY00007290 | 49 |
| CITY00007291 | CITY00007291 | 49 |
| CITY00007292 | CITY00007292 | 49 |
| CITY00007293 | CITY00007293 | 49 |
| CITY00007294 | CITY00007294 | 49 |
| CITY00007295 | CITY00007295 | 49 |
| CITY00007296 | CITY00007296 | 49 |
| CITY00007297 | CITY00007297 | 49 |
| CITY00007298 | CITY00007298 | 49 |
| CITY00007299 | CITY00007299 | 49 |
| CITY00007300 | CITY00007300 | 49 |
| CITY00007301 | CITY00007301 | 49 |
| CITY00007302 | CITY00007302 | 49 |
| CITY00007303 | CITY00007303 | 49 |
| CITY00007304 | CITY00007304 | 49 |
| CITY00007305 | CITY00007305 | 49 |
| CITY00007306 | CITY00007306 | 49 |
| CITY00007307 | CITY00007307 | 49 |
| CITY00007308 | CITY00007308 | 49 |
| CITY00007309 | CITY00007309 | 49 |
| CITY00007310 | CITY00007310 | 49 |
| CITY00007311 | CITY00007311 | 49 |
| CITY00007312 | CITY00007312 | 49 |

| | | |
|---|---|---|
| CITY00007313 | CITY00007313 | 49 |
| CITY00007314 | CITY00007314 | 49 |
| CITY00007315 | CITY00007315 | 49 |
| CITY00007316 | CITY00007316 | 49 |
| CITY00007317 | CITY00007317 | 49 |
| CITY00007318 | CITY00007318 | 49 |
| CITY00007319 | CITY00007319 | 49 |
| CITY00007320 | CITY00007320 | 49 |
| CITY00007321 | CITY00007321 | 49 |
| CITY00007322 | CITY00007322 | 49 |
| CITY00007323 | CITY00007323 | 49 |
| CITY00007324 | CITY00007324 | 49 |
| CITY00007325 | CITY00007325 | 49 |
| CITY00007326 | CITY00007326 | 49 |
| CITY00007327 | CITY00007327 | 49 |
| CITY00007328 | CITY00007328 | 49 |
| CITY00007329 | CITY00007329 | 49 |
| CITY00007330 | CITY00007330 | 49 |
| CITY00007331 | CITY00007331 | 49 |
| CITY00007332 | CITY00007332 | 49 |
| CITY00007333 | CITY00007333 | 49 |
| CITY00007334 | CITY00007334 | 49 |
| CITY00007335 | CITY00007335 | 49 |
| CITY00007336 | CITY00007336 | 49 |
| CITY00007337 | CITY00007337 | 49 |
| CITY00007338 | CITY00007338 | 49 |
| CITY00007339 | CITY00007339 | 49 |
| CITY00007340 | CITY00007340 | 49 |
| CITY00007341 | CITY00007341 | 49 |
| CITY00007342 | CITY00007342 | 49 |
| CITY00007343 | CITY00007343 | 49 |
| CITY00007344 | CITY00007344 | 49 |
| CITY00007345 | CITY00007345 | 49 |
| CITY00007346 | CITY00007346 | 49 |
| CITY00007347 | CITY00007347 | 49 |
| CITY00007348 | CITY00007348 | 49 |
| CITY00007349 | CITY00007349 | 49 |
| CITY00007350 | CITY00007350 | 49 |
| CITY00007351 | CITY00007351 | 49 |
| CITY00007352 | CITY00007352 | 49 |
| CITY00007353 | CITY00007353 | 49 |
| CITY00007354 | CITY00007354 | 49 |
| CITY00007355 | CITY00007355 | 49 |
| CITY00007356 | CITY00007356 | 49 |
| CITY00007357 | CITY00007357 | 49 |
| CITY00007358 | CITY00007358 | 49 |
| CITY00007359 | CITY00007359 | 49 |
| CITY00007360 | CITY00007360 | 49 |
| CITY00007361 | CITY00007361 | 49 |
| CITY00007362 | CITY00007362 | 49 |
| CITY00007363 | CITY00007363 | 49 |
| CITY00007364 | CITY00007364 | 49 |
| CITY00007365 | CITY00007365 | 49 |
| CITY00007366 | CITY00007366 | 49 |
| CITY00007367 | CITY00007367 | 49 |

2024-02-14 - <u>Exhibit A</u> to Defendants' Response to Plaintiffs' First Set of Requests for Production

| | | |
|---|---|---|
| CITY00007368 | CITY00007368 | 49 |
| CITY00007369 | CITY00007369 | 49 |
| CITY00007370 | CITY00007370 | 49 |
| CITY00007371 | CITY00007371 | 49 |
| CITY00007372 | CITY00007372 | 49 |
| CITY00007373 | CITY00007373 | 49 |
| CITY00007374 | CITY00007374 | 49 |
| CITY00007375 | CITY00007408 | 49 |
| CITY00007409 | CITY00007442 | 50 |
| CITY00007443 | CITY00007476 | 50 |
| CITY00007477 | CITY00007484 | 49 |
| CITY00007485 | CITY00007485 | 49 |
| CITY00007486 | CITY00007607 | 50 |
| CITY00007608 | CITY00007608 | 50 |
| CITY00007609 | CITY00007728 | 50 |
| CITY00007729 | CITY00007847 | 50 |
| CITY00007848 | CITY00007868 | 47;50 |
| CITY00007869 | CITY00008017 | 47;50 |
| CITY00008018 | CITY00008062 | 47;50 |
| CITY00008063 | CITY00008327 | 50 |
| CITY00008328 | CITY00008348 | 47;50 |
| CITY00008349 | CITY00008372 | 50 |
| CITY00008373 | CITY00008430 | 49 |
| CITY00008431 | CITY00008514 | 50 |
| CITY00008515 | CITY00008533 | 50 |
| CITY00008534 | CITY00008579 | 50 |
| CITY00008580 | CITY00008666 | 50 |
| CITY00008667 | CITY00008750 | 50 |
| CITY00008751 | CITY00008793 | 50 |
| CITY00008794 | CITY00008878 | 50 |
| CITY00008879 | CITY00008879 | 5 |
| CITY00008880 | CITY00008883 | 04;05 |
| CITY00008884 | CITY00008884 | 5 |
| CITY00008885 | CITY00008889 | 5 |
| CITY00008890 | CITY00008890 | 5 |
| CITY00008891 | CITY00008891 | 5 |
| CITY00008892 | CITY00008892 | 5 |
| CITY00008893 | CITY00008893 | 5 |
| CITY00008894 | CITY00008894 | 5 |
| CITY00008895 | CITY00008895 | 5 |
| CITY00008896 | CITY00008896 | 5 |
| CITY00008897 | CITY00008897 | 5 |
| CITY00008898 | CITY00008898 | 5 |
| CITY00008899 | CITY00008901 | 5 |
| CITY00008902 | CITY00008903 | 04;05 |
| CITY00008904 | CITY00008904 | |
| CITY00008905 | CITY00008906 | 5 |
| CITY00008907 | CITY00008907 | 4 |
| CITY00008908 | CITY00008934 | |
| CITY00008935 | CITY00008935 | |
| CITY00008936 | CITY00008936 | |
| CITY00008937 | CITY00008937 | 53 |
| CITY00008938 | CITY00008938 | 53 |
| CITY00008939 | CITY00008939 | 53 |
| CITY00008940 | CITY00008940 | 53 |

| | | |
|---|---|---|
| CITY00008941 | CITY00008941 | |
| CITY00008942 | CITY00008942 | |
| CITY00008943 | CITY00008943 | |
| CITY00008944 | CITY00008944 | |
| CITY00008945 | CITY00008945 | 53 |
| CITY00008946 | CITY00008946 | |
| CITY00008947 | CITY00008947 | |
| CITY00008948 | CITY00008948 | |
| CITY00008949 | CITY00008949 | 3 |
| CITY00008950 | CITY00008950 | 3 |
| CITY00008951 | CITY00008951 | 3 |
| CITY00008952 | CITY00008952 | 3 |
| CITY00008953 | CITY00008953 | 4 |
| CITY00008954 | CITY00008954 | 3 |
| CITY00008955 | CITY00008955 | 3 |
| CITY00008956 | CITY00008956 | 3 |
| CITY00008957 | CITY00008957 | 3 |
| CITY00008958 | CITY00008958 | 3 |
| CITY00008959 | CITY00008959 | 3 |
| CITY00008960 | CITY00008987 | 4 |
| CITY00008988 | CITY00008988 | 3 |
| CITY00008989 | CITY00008989 | 3 |
| CITY00008990 | CITY00008990 | 3 |
| CITY00008991 | CITY00008991 | 3 |
| CITY00008992 | CITY00008992 | 3 |
| CITY00008993 | CITY00008993 | 3 |
| CITY00008994 | CITY00008994 | 3 |
| CITY00008995 | CITY00008996 | 4 |
| CITY00008997 | CITY00008997 | 3 |
| CITY00008998 | CITY00008998 | 3 |
| CITY00008999 | CITY00008999 | 3 |
| CITY00009000 | CITY00009000 | 3 |
| CITY00009001 | CITY00009001 | 3 |
| CITY00009002 | CITY00009004 | 4 |
| CITY00009005 | CITY00009005 | 3 |
| CITY00009006 | CITY00009006 | 3 |
| CITY00009007 | CITY00009007 | 3 |
| CITY00009008 | CITY00009029 | 4 |
| CITY00009030 | CITY00009030 | 3 |
| CITY00009031 | CITY00009031 | 3 |
| CITY00009032 | CITY00009033 | 4 |
| CITY00009034 | CITY00009034 | 3 |
| CITY00009035 | CITY00009035 | 3 |
| CITY00009036 | CITY00009036 | 3 |
| CITY00009037 | CITY00009039 | 4 |
| CITY00009040 | CITY00009040 | 3 |
| CITY00009041 | CITY00009041 | 3 |
| CITY00009042 | CITY00009043 | 4 |
| CITY00009044 | CITY00009044 | 3 |
| CITY00009045 | CITY00009045 | 3 |
| CITY00009046 | CITY00009047 | 4 |
| CITY00009048 | CITY00009048 | 3 |
| CITY00009049 | CITY00009049 | 4 |
| CITY00009050 | CITY00009050 | 3 |
| CITY00009051 | CITY00009051 | 3 |

Page 24 of 25

2024-02-14 - Exhibit A to Defendants' Response to Plaintiffs' First Set of Requests for Production

| | | |
|---|---|---|
| CITY00009052 | CITY00009052 | 3 |
| CITY00009053 | CITY00009053 | 3 |
| CITY00009054 | CITY00009055 | 4 |
| CITY00009056 | CITY00009056 | 3 |
| CITY00009057 | CITY00009058 | 4 |
| CITY00009059 | CITY00009059 | 3 |
| CITY00009060 | CITY00009092 | 04;05 |
| CITY00009093 | CITY00009095 | 04;05 |
| CITY00009096 | CITY00009099 | 04;05 |
| CITY00009100 | CITY00009105 | 04;05 |
| CITY00009106 | CITY00009106 | 04;05 |
| CITY00009107 | CITY00009150 | 04;05 |
| CITY00009151 | CITY00009152 | 04;05 |
| CITY00009153 | CITY00009154 | 04;05 |
| CITY00009155 | CITY00009156 | 5 |
| CITY00009157 | CITY00009160 | 04;05 |
| CITY00009161 | CITY00009161 | 04;05 |
| CITY00009162 | CITY00009164 | 04;05 |
| CITY00009165 | CITY00009165 | 04;05 |
| CITY00009166 | CITY00009189 | 04;05 |
| CITY00009190 | CITY00009242 | 04;05 |
| CITY00009243 | CITY00009245 | 04;05 |
| CITY00009246 | CITY00009246 | 04;05 |
| CITY00009247 | CITY00009279 | 04;05 |
| CITY00009280 | CITY00009305 | 04;05 |
| CITY00009306 | CITY00009312 | 65 |
| CITY00009313 | CITY00009314 | 65 |
| CITY00009315 | CITY00009318 | 65 |
| CITY00009319 | CITY00009321 | 65 |
| CITY00009322 | CITY00009323 | 66 |
| CITY00009324 | CITY00009324 | 66 |
| CITY00009325 | CITY00009352 | 66 |
| CITY00009353 | CITY00009355 | 65 |
| CITY00009356 | CITY00009356 | 65 |
| CITY00009357 | CITY00009359 | 65 |
| CITY00009360 | CITY00009361 | 65 |
| CITY00009362 | CITY00009362 | 65 |
| CITY00009363 | CITY00009365 | 5 |
| CITY00009366 | CITY00009385 | 5 |
| CITY00009386 | CITY00009400 | 5 |
| CITY00009401 | CITY00009404 | 5 |
| CITY00009405 | CITY00009405 | 5 |
| CITY00009406 | CITY00009406 | 65 |
| CITY00009407 | CITY00009412 | 47 |
| CITY00009413 | CITY00009417 | 26 |
| CITY00009418 | CITY00009421 | 26 |
| CITY00009422 | CITY00009425 | 47 |
| CITY00009426 | CITY00009427 | 66 |

Page 25 of 25