# EXHIBIT B



Taft Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2600 **/** Chicago, IL 60601 USA
Tel: 312.527.4000 **/** Fax: 312.527.4011
www.taftlaw.com

**BARTON O'BRIEN**

Tel: (312) 836-4186
bobrien@taftlaw.com

March 8, 2024

<u>Via Email</u>

Alexandra K. Block
Joshua M. Levin
Roger Baldwin Foundation of ACLU, Inc.
150 North Michigan Avenue, Suite 600
Chicago, Illinois 60601
ablock@aclu-il.org
jlevin@aclu-il.org

> Re: *Wilkins et al. v. City of Chicago et al.,* No. 23-cv-4072 (N.D. Ill.)
> Discovery Matters Discussed at February 26, 2024 Conference

Counsel:

In furtherance of the parties' efforts to resolve their differences regarding certain discovery matters. This letter addresses those items discussed at the parties' videoconference of February 26, 2024, for which the City agreed to provide additional information. As discussed during the parties' conference, Defendants have provided a verification of their interrogatory responses as well as ESI search terms and custodians pursuant to the parties' agreement. Based on our call of March 6, 2024 concerning ESI issues, we are continuing to consider Plaintiffs' position regarding the provided ESI search terms, custodians, and Defendants' responses to Plaintiff's production requests, including but not limited to Request For Production ("RFP") Nos. 18, 19, 22, 28, 43, 46, 48, 68. This letter, however, addresses the outstanding items from our February 26 call.

- **RFP Nos. 6-10, 60-61, and 64 (Pre-2016 Time Period)**

Plaintiffs requested that Defendants provide information dating back to 2015 for RFP Nos. 6-10 and dating back to 2011 for RFP Nos. 60-61, and 64. Defendants agree to provide information for the period January 1, 2015 to December 31, 2023 (provisional end date) for RFP Nos. 6-9.

Alexandra K. Block
Joshua M. Levin
March 8, 2024
Page 2

However, for RFP No. 10, with respect to pedestrian stop data, Defendants will provide such data for the period January 1, 2016 to the present, as stated in Defendants' response to this request.[1]

For RFP Nos. 60-61 and 64, Defendants are in the process of amending their respective responses in response to our discussion during the March 6, 2024 call.

- **RFP No. 5 (Plaintiff-Specific Information)**

Plaintiffs requested that Defendants provide Plaintiff-specific information from CPD (such as criminal history reports, arrest reports, traffic citations, etc.) without limitation as to time. Defendants agree to provide such information for each of the five named plaintiffs.

- **RFP Nos. 11-17, 64 (Position on Data-Related Requests)**

Defendants agreed to meet and confer with Plaintiffs as to these data-related requests. For RFP Nos. 11-14, Defendants generally agree to provide such data for the period January 1, 2015 to December 31, 2023 (provisional end date).

For RFP No. 11 specifically, Defendants agree to Plaintiffs' proposal to limit this request for calls for service to those calls coded "TS" by OEMC. Defendants have further identified the following OEMC traffic related codes, which will similarly be searched during the collection of potentially responsive documents: "VEHSTO," "TVB," "ELUDE," "DUI," and "TP."[2] Defendants further agree to conduct a word search of the CAD Library/Database System database for "traffic stop."

For RFP No. 12 and 14, Defendants agree to provide CPD data the period noted above.

For RFP No. 13, Defendants will agree to produce the requested use of force information for the period January 1, 2015 to December 31, 2023 (provisional end date), subject to Plaintiffs' agreement that such records will be limited to use of force incidents occurring during traffic stops specifically.

For RFP Nos. 15-17, which concern red-light camera, speed camera, and traffic sensor data, Defendants do not agree to provide the requested data as it is not relevant to the claims or defenses at issue in this action and not reasonably proportionate to the needs of the matters at issue. Accordingly, Defendants stand on their objections.

For RFP No. 64, Defendants are in the process of amending their responses as noted above.

---

[1] As discussed during the conference, Defendants agree that they will supplement the end date for the collection period prior to the close of discovery pursuant to further agreement.

[2] VEHSTO (Vehicle Stop), TVB (Traffic Violator Bond), TP (Traffic Pursuit); Elude (Elude On-View), DUI (Driving Under The Influence).

Alexandra K. Block
Joshua M. Levin
March 8, 2024
Page 3

- **RFP No. 6 (Rosters)**

Plaintiffs stated that they require CPD "rosters" because data concerning each CPD officers' race is not available in the Attendance and Assignment ("A&A") sheets that Defendants agreed to produce. Defendants have confirmed that A&A sheets include officer race data and will produce the A&A sheets as previously agreed.

- **RFP No. 30 (University of Chicago Crime Lab Workforce Allocation Study)**

Plaintiffs asked that Defendants revisit their objection to producing emails, memoranda, and other documents and communications relating the University of Chicago Crime Lab workforce allocation study. Defendants agree to produce a complete copy of the study but stand on their objection to producing related documents and communications.

- **RFP Nos. 49 and 50 (Training)**

The parties discussed certain objections raised in Defendants' responses to these requests. For RFP No. 49, Plaintiffs explained that they are seeking training materials with respect officer compliance with both: (1) the collection, review, analysis, and reporting of traffic stop data, and (2) execution of traffic stops, and Defendants agreed to produce all such materials. With respect to RFP No. 50, Defendants explained that training documents encompass related documents such as handouts and agreed to produce all such documents.

- **Deliberative Process Privilege**

Plaintiffs ask that Defendants provide notice, prior to the production of their privilege log, as to whether any documents have been withheld on deliberative process grounds. At present, no documents have been withheld on this basis. Defendants agree to provide reasonable notice to Plaintiffs if such documents have been withheld and will not withhold such objections until after substantial completion of all Document production.

- **Retention Policies**

Plaintiffs asked Defendants to explain their objection to RFP Nos. 3 and 4, which indicate that responsive audio, video, and other records will be produced subject to Defendants' retention policies and schedules in place prior to the filing of this lawsuit. Pursuant to the parties' discussion, Defendants agreed to provide the retention schedules for OEMC dispatch transmissions, body-worn cameras, and in-car camera. The subject retention information is as follows:

- Data Transmission Backup Tapes (CAD)   4 years
- Video Surveillance Recordings          3 days
- PDT Tapes Instant Messages             90 days
- OVS Surveillance Records               30 days

Alexandra K. Block
Joshua M. Levin
March 8, 2024
Page 4

- o   Legacy Camera Surveillance Records     15 days
- o   GPS Data                                90 days
- o   9-1-1 Call Recordings                   90 days

As previously mentioned, OEMC follows the above retention schedule for its technical data. The schedule is documented in an Application for Authority to Dispose of Local Records, filed with the Local Records Commission of Cook County (Application No. 02:019C). Records Disposal Certificates are applied for each year prior to record disposal in accordance with Application No. 02:019C. We have requested the underlying documentation setting forth the retention schedule and will provide upon receipt.

Additional CPD retention schedules - FORMS RETENTION SCHEDULE - CPD-11.717 - are located at the following link https://directives.chicagopolice.org/#directive/public/6409?f=Retention.

- **Additional Issues:**

Defendants agreed to withdraw their objection to the definition of the term "Document" set forth ion Plaintiffs' First Set of RFPs and First Set of Interrogatories and will update their responses accordingly. Lastly, Defendants stand on their answer to Interrogatory No. 6. Defendants fully answered the interrogatory as stated.

We believe that this letter addresses all outstanding items at the February 26, 2024 conference for which Defendants agreed to provide a further response. We are also in receipt of your March 5, 2024 letter, which raises issues not discussed during the February 26 conference. We will separately respond to those discrete issues.

Should you have any questions, please do not hesitate to contact us.

Sincerely,

**TAFT STETTINIUS & HOLLISTER LLP**:

cc: All Counsel.

Taft Stettinius & Hollister LLP

Chicago / Cincinnati / Cleveland / Columbus / Dayton / Delaware / Denver / Indianapolis / Minneapolis / Northern Kentucky / Phoenix