# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERIC WILKINS, MAHARI BELL, ESSENCE JEFFERSON, JOSE MANUEL ALMANZA, JR., AND JACQUEZ BEASLEY, | ) ) ) ) ) ) |
| Plaintiffs, | ) Case No. 23-cv-4072 ) ) Hon. Mary M. Rowland |
| v. | ) ) |
| CITY OF CHICAGO | ) ) ) |
| Defendant. | ) |

## JOINT STATUS REPORT

Pursuant to the Court's orders of August 7, 2024 and September 23, 2024 (Dkt. Nos. 91, 94), Plaintiffs Eric Wilkins, Mahari Bell, Essence Jefferson, José Manuel Almanza, Jr., and Jacquez Beasley (collectively, "Plaintiffs") and Defendant City of Chicago ("City") have conferred and jointly submit the following joint status report in advance of the status hearing scheduled for October 9, 2024.

**I.   Status of Pleadings**

The City filed its Answer and Affirmative Defenses (Dkt. No. 96) to Plaintiffs' First Amended Complaint on September 20, 2024. Pursuant to Rule 12(f), Plaintiffs intend to file a motion to strike the City's jury demand and a motion to strike certain of the City's asserted affirmative defenses.

1

II. **Pending Motions**

Plaintiffs' Motion to Compel (Dkt. No. 66) is before the Court. It was argued on April 2, 2024, and the Court took the motion under advisement (Dkt. No. 69) pending the City's decision whether to assert an affirmative defense that it possesses a legitimate non-discriminatory explanation for the documented racial and ethnic disparities in Chicago Police Department traffic stops. In conjunction with its September 20, 2024 Answer, the City has now asserted an affirmative defense of "Operational Necessity/Public Interest," claiming that "CPD's policing policies and practices respecting traffic stops have a manifest relationship to CPD's legitimate interests in public safety and addressing unlawful activity." City's Answer and Aff. Def. (Dkt. No. 96) p. 209. The City also asserts throughout its Answer "that traffic stops are one of many tools utilized to reduce crime and improve road safety." Answer ¶¶ 622, 682, 683, 686, 689; *see also id.* ¶ 691 ("…the City states that traffic stops are one of many tools utilized to reduce crime and improve road safety and are a necessary tool to achieve legitimate, non-discriminatory policing objectives."). Therefore, it is Plaintiffs' position that their Motion to Compel (Dkt. No. 66) is now ripe for decision and should be granted to require the City to answer Plaintiffs' Interrogatory No. 6 seeking specification of and evidence supporting the City's asserted legitimate non-discriminatory justification, as well as the traffic-related data requested and needed to evaluate the City's "road safety" defense. The City will be prepared to address this issue at the status hearing on October 9, 2024.

III. **Status of Electronic Discovery**

A. **City's ESI Custodians**

The City produced a proposed list of 146 ESI Custodians on August 30, 2024. Plaintiffs' counsel sent a letter to the City's counsel dated September 10, 2024, stating that the City's

custodian list appeared to be missing the names of many police officers who stopped the Plaintiffs. The City responded to Plaintiffs' letter on September 27, 2024, addressing Plaintiffs' inquiries and supplementing its list of ESI custodians with two additional officers identified in discovery after the initial disclosure on August 30, 2024. The City has identified all known officers to date and will supplement should further officers be identified in the course of discovery.

      **B.**      **Hit List for CPD-Issued Mobile Devices: CPD leadership**

On September 20, 2024, the City produced two one-page "hit lists" for CPD-issued mobile devices for certain CPD Superintendents and First Deputy Superintendents. It is Plaintiffs' position that the summaries are insufficient because they fail to show: (a) which custodians' data is included in each searchable set; (b) for each custodian, which data source(s) were included in each searchable set, (c) which custodians' data generated each of the "hits;" and (d) what type of data in each mobile device (i.e., text messages, emails, photos, etc.) was searched. Counsel for the parties have corresponded about these issues but have not reached a resolution to date.

The City's position is that the hit counts provided on September 20, 2024—which included a breakdown of hits for each search term queried—were compliant with this Court's August 7, 2024 order. Notwithstanding, to accommodate Plaintiffs' request for additional information, the City has provided a supplemental hit report including a breakdown of hits per custodian, per ESI source, and per search term resulting in hits.

      **C.**      **Hit List for CPD Emails and Shared Drives**

The Court ordered (Dkt. 97) the City to produce "hit lists" of CPD email accounts and shared drives by October 11, 2024, with no further extensions. At present, due to the volume and technical considerations set forth in the Ganiyu Declaration (Dkt. 95-3), CPD is still in the process

of searching CPD email accounts for designated custodians and searching the shared drives specified in the Court's August 7, 2024 order.[1]

### D. Hit List for Mayor's Office Email, Mobile Devices, Microsoft Exchange Data

The Court ordered (Dkt. 97) the City to produce "hit lists" of the City email accounts, City-issued mobile devices, and Microsoft Exchange data for the ESI custodians who are current and former Mayors and Deputy Mayors for Public Safety by September 27, 2024, with no further extensions. On September 27, 2024, the City provided a hit list of City-issued mobile devices for designated custodians, City email accounts for designated custodians, and searchable Microsoft Exchange application data for designated custodians.

### E. Hit List for Mayor's Office Shared Drive, Network Drives for Designated Custodians, and Microsoft Teams Data

The Court ordered (Dkt. 97) the City to provide an update in this status report regarding uploading and analyzing data contained in the Mayor's Office's shared drive, network drives for designated custodians, and Microsoft Teams Data. At this time, the City has made a copy of the Mayor's Office shared drive and is in the process of loading the data into its in-house eDiscovery platform where it can be queried and a hit count provided. Due to the volume of data (approximately three terabytes), the City has advised that loading the file into its platform will take several additional days. With respect to custodial network drives, the City has identified those custodians who have network drive data and has loaded such data into its in-house eDiscovery platform where it can be queried and a hit count provided. The City has advised that only two of ten custodians within the Mayor's Office have network (U:) drive data. The City is commencing

---

[1] The shared drives to be searched are the following: Office of the Superintendent; Office of the First Deputy Superintendent; District 1 (Loop); District 7 (Englewood); District 8 (Chicago Lawn); District 10 (Ogden) District 11 (Humboldt Park); District 16 (Jefferson Park); District 18 (Near North); Chief of Patrol; Community Safety Team; Summer Mobile Unit; Traffic Unit.

the query of this data. As to Microsoft Teams data, the City has identified those Microsoft Teams repositories utilized by the designated custodians and reports that only one of the ten custodians within the Mayor's Office is associated with such Microsoft Teams data. As the relevant Teams repositories have now been identified, this data can now be collected and queried.

### IV. Fact Discovery Closure

Currently, fact discovery is set to close on January 31, 2025 (Dkt. No. 38).

Dated: September 27, 2024

Respectfully Submitted,

/s/ Daniel E. Raymond

**Counsel for Plaintiffs**
Sheldon L. Solow (ARDC # 2673061)
Daniel E. Raymond (ARDC # 6313789)
Emily Dorner (ARDC # 6318489)
Patrick Derocher (ARDC # 6338891)
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Phone: (312) 583-2300
Fax: (312) 583-2360

John A. Freedman (*pro hac vice*)
Joshua M. Davis (*pro hac vice*)
Stacey Menjivar (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001-3743
Phone: (202) 942-5000
Fax: (202) 942-5999

Alexandra K. Block (ARDC # 6285766)
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 N. Michigan, Suite 600
Chicago, IL 60601
Phone: (312) 201-9740
Fax: (312) 201-9760
ABlock@aclu-il.org

Andrew Hannemann (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Phone: (415) 471-3100
Fax: (415) 471-3400

Mikaila O. Skaroff* (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
1144 Fifteenth Street, Suite 3100
Denver, CO 80202-2848
Phone: (303) 863-1000
Fax: (303) 863-2301

*Admitted only in California; not admitted to the practice of law in Colorado.*

/s/ Michael P. Sheehan
**Counsel for Defendant**
Michael P. Sheehan

Allan T. Slagel
Barton J. O'Brien
Elizabeth A. Winkowski
Sara J. Schroeder
T. Hudson Cross, IV
Joan E. Ahn
TAFT STETTINIUS AND HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
Email:
    msheehan@taftlaw.com
    aslagel@taftlaw.com
    bobrien@taftlaw.com
    ewinkowski@taftlaw.com
    sschroeder@taftlaw.com
    hcross@taftlaw.com
    jahn@taftlaw.com