IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC WILKINS, MAHARI BELL, ESSENCE JEFFERSON, JOSE MANUEL ALMANZA, JR., AND JACQUEZ BEASLEY, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 23-cv-4072 |
| v. | ) ) | Hon. Mary M. Rowland |
| CITY OF CHICAGO, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' MOTION FOR CLARIFICATION OF THE COURT'S ORDERS OF JULY 28, 2025 AND OCTOBER 22, 2025 REGARDING DEADLINES FOR CITY TO PROVIDE DEPOSITION DATES AND PROPOSED STIPULATIONS**

Pursuant to Federal Rule of Civil Procedure 54(b), Plaintiffs Eric Wilkins, Mahari Bell, Essence Jefferson, José Manuel Almanza, Jr., and Jacquez Beasley (collectively, "Plaintiffs"), respectfully request the Court clarify its Orders of July 28, 2025 (Dkt. 153) and October 22, 2025 (Dkt. 182), specifying deadlines for Defendant City of Chicago ("the City") to provide dates for all depositions noticed by Plaintiffs and to propose language for any stipulations in lieu of deposition:

1.  For Plaintiffs to complete the depositions they have noticed before the close of fact discovery, the City needs to provide dates for the witnesses it represents. Where the City intends to propose stipulations in lieu of deposition, it must do so promptly. As presented below, on July 28, 2025, the Court set a September 4, 2025, deadline for "firm deposition dates" (Dkt. 153). Notwithstanding the clarity of this deadline, Plaintiffs still await the City to provide dates or

1

stipulations for seventeen witnesses.

2. On July 3, 2025, Plaintiffs issued Notices of Deposition to the City for thirty-nine witnesses, all current and former City employees. Exs. 1 and 2 (Plaintiffs' July 3, 2025 email to City and attached letter regarding depositions). On August 19, Plaintiffs subsequently noticed one additional, current City employee.

3. The Court held a status hearing on July 28, 2025. Dkt. 153. In relevant part, the Court's order stated, "For the reasons stated on the record, the court grants Plaintiffs leave to conduct 39 depositions. By 8/1/25, Defendants are to respond to Plaintiffs' deposition notices in writing as discussed in court. Status hearing set for 9/4/25 at 9:30am. **Firm deposition dates should be set by that date**." *Id.* (emphasis added). Plaintiffs seek clarification of this deadline, which has long passed and remains unsatisfied by the City.

4. Starting on August 1, 2025, and over the course of August, the City provided dates for 16 of the witnesses.

5. On the morning of September 3, 2025, the day before the Court had ordered "firm deposition dates should be set," (Dkt. 153) Plaintiffs emailed the City stating, "Plaintiffs have noticed 40 depositions of City witnesses, and we are awaiting confirmation of dates for 24 of [the 40 noticed] depositions." Ex. 3 (Parties' September 3, 2025 emails).

6. In response, the City provided dates for two additional witnesses, but retracted the date for one of the 16 witnesses (Officer Michael Donnelly) previously scheduled. *Id.* at 1. To summarize, as of the September 4 deadline (set by Dkt. 153), the City had provided dates for 17 of the 40 requested witnesses.

7. The City also advised on September 3 that it had contact information for six additional witnesses. *Id.* Of these six, the City provided dates for two of them – on October 9 and

2

October 29 respectively. *Id.*

8. On October 17, 2025, the parties filed a Joint Status Report ("JSR") on depositions. Dkt. 180. Recognizing that depositions would not be completed by November 28, 2025, the parties each proposed new cut-off dates in 2026. *Id.* at ¶¶ 9-11. As of the October 17 JSR, there were nineteen depositions of "individuals with whom the City's counsel has been in contact" which had not yet been scheduled. *Id.* at ¶ 6. Eleven of those nineteen individuals are current or former CPD employees. Eight of the nineteen individuals are current or former Mayors or Deputy Mayors for Public Safety.

9. Regarding six of the Mayors or Deputy Mayors, the City stated in the JSR that it "will be proposing stipulations in lieu of deposition." *Id.* at ¶ 8.

10. The Court held a status on October 22, 2025, and heard from the parties regarding the status of discovery. *See* Dkt. 182. The Court's Order (*Id.*), which Plaintiffs here seek to clarify, stated:

> MINUTE entry before the Honorable Mary M. Rowland: Status hearing held. Parties report on oral discovery. Close of discovery extended to 3/13/26. Plaintiffs to produce documents pertaining to the expert subject to deposition by 11/4/25. In person status hearing set for 12/3/25 at 9:30am.

11. The October 22 Order did not reset the deadline for the City to provide "firm dates."

12. Subsequent to the status conference and Minute Order, on October 28, 2021, the City emailed the Plaintiffs to advise that defense counsel would be representing a witness under subpoena (Steve Caluris) and cancelling his November 11 deposition. Ex. 4 at 3-4 (Parties' emails from October 29, 2025 to November 3, 2025).

13. Plaintiffs' counsel replied two hours later and requested the City provide, by October 31, available deposition dates (or proposed language for stipulations in lieu of deposition)

3

for seventeen[1] unconfirmed deponents represented by the City. *Id.* at 2-3. Since that email, the City has provided one additional deposition date – January 14, 2026 for Barbara West, one of the six witnesses whom the City advised on September 3 it had contact information for and was attempting to schedule. *Id* at 1-2.

14. The City did not provide dates or proposed stipulations for the sixteen other unscheduled depositions by October 31 as requested, nor has it provided these to date. *Id.*

15. On November 2, Plaintiffs' counsel replied to the City's October 29 email, accepted the proposed date for Ms. West's deposition and, again, requested dates for "all seventeen unscheduled witnesses" by Monday, November 3. *Id* at 1.

16. The City responded (*Id.*) at 5:21pm on November 3:

> We are working to schedule dates with the deponents and will be providing them over the course of the next couple weeks. We will proceed in good faith but not in response to arbitrary and extraordinarily tight timelines set by you and not the Court.
>
> We appeared on October 22 before the Court. On that date, the close of discovery schedule was set for March 13. We will set mutually convenient dates within that deadline. We see no basis for court intervention in this scheduling process.

17. The City and defense counsel seem to have forgotten that on July 28, the Court ordered the City to provide "firm deposition dates" by September 4.

18. At this juncture, there is ample factual basis for the Court's intervention. It is now two months past the deadline, and the City has provided dates for only 60 percent of the witnesses first requested on July 3. Due to the City's delay, Plaintiffs have expended time, effort, and money to serve several subpoenas on witnesses only for the City to then announce it will represent those

---

[1] These are seventeen of the nineteen unconfirmed deponents as listed in the JSR. Dkt. 182. Plaintiffs' October 28, 2021 email omitted Mayor Brandon Johnson and Superintendent Larry Snelling as the City has advised it will be filing motions for a protective order regarding their depositions. *See* Dkt. 182 at ¶ 8.

4

individuals. The parties require clarity to ensure all depositions are completed by March 13, 2026, the schedule set by the Court.

19. The Court's October 22 Order extending the fact discovery cutoff is silent as to the deadline for the City to fulfill its obligations to produce witnesses and facilitate the completion of discovery. The extension of discovery until March should not excuse the City of its violation of the Court's July 28 Order (Dkt. 153).

20. As for the legal basis for intervention, Plaintiffs' requested relief is well within the Court's discretion. "Under Rule 54(b), the Court may exercise its inherent authority to reconsider its interlocutory orders because such orders 'may be revised at any time before the entry of judgment adjudicating all the claims.'" *T.S. v. Twentieth Century Fox Television*, 2017 WL 11884055, at *1 (N.D. Ill. Oct. 30, 2017) (citations omitted). The Court's Order at issue was not a final decree on all claims and can thus be clarified under the Federal Rules and the Court's inherent power.

21. Plaintiffs need time to schedule court reporters and to prepare for these outstanding depositions, and any proposed stipulations will require time to negotiate and may involve motion practice. Clear deadlines for the City's discovery obligations, keyed to the Court's fact discovery cutoff date, are necessary to efficiently manage this stage of the case.

WHEREFORE, Plaintiffs respectfully ask the Court to clarify its order of July 28, 2025 (Dkt. 153) and October 22, 2025 (Dkt. 182), as follows:

   a. Set a deadline within five business days for the City to provide deposition dates for all unconfirmed witnesses;

   b. Set a deadline within five business days for the City to provide proposed language for stipulations in lieu of deposition; and

      c.   Granting any additional relief deemed just and proper.

Dated: November 4, 2025         Respectfully Submitted,

                                            */s/ Joseph P. DiCola*
                                            Joseph P. DiCola (ARDC # 6329608)
                                            Alexandra K. Block (ARDC # 6285766)
                                            Hirsh Joshi (ARDC # 1137655)
                                            Roger Baldwin Foundation of ACLU, Inc.
                                            150 N. Michigan, Suite 600
                                            Chicago, IL 60601
                                            Phone: (312) 201-9740
                                            Fax: (312) 201-9760
                                            ABlock@aclu-il.org
                                            JDiCola@aclu-il.org

                                            Emily Dorner (ARDC # 6318489)
                                            Daniel Raymond (ARDC # 6313789)
                                            Daniel Meyers
                                            Arnold & Porter Kaye Scholer LLP
                                            70 West Madison Street, Suite 4200
                                            Chicago, IL 60602-4231
                                            Phone: (312) 583-2300
                                            Fax: (312) 583-2360

                                            John A. Freedman (*pro hac vice*)
                                            Stacey Menjivar (*pro hac vice*)
                                            Arnold & Porter Kaye Scholer LLP
                                            601 Massachusetts Ave., N.W.
                                            Washington, D.C. 20001-3743
                                            Phone: (202) 942-5000
                                            Fax: (202) 942-5999

                                            Andrew Hannemann (*pro hac vice*)
                                            Arnold & Porter Kaye Scholer LLP
                                            Three Embarcadero Center, 10th Floor
                                            San Francisco, CA 941110-4024
                                            Phone: (415) 471-3100
                                            Fax: (415) 471-3400

                                            Mikaila O. Skaroff (*pro hac vice*)
                                            Arnold & Porter Kaye Scholer LLP
                                            1144 Fifteenth Street, Suite 3100
                                            Denver, CO 80202-2848
                                            Phone: (303) 863-1000

Fax: (303) 863-2301

Maya A. Kouassi (pro hac vice)
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-76
Phone: (212) 836-7964