**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ERIC WILKINS, MAHARI BELL,　　　　　)
ESSENCE JEFFERSON,　　　　　　　　　)
JOSE MANUEL ALMANZA, JR., AND　　　)
JACQUEZ BEASLEY,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiffs,　　　　)　　　Case No. 23-cv-4072
　　　　　　　　　　　　　　　　　　　)
　　　　　　v.　　　　　　　　　　　　)　　　Hon. Mary M. Rowland
　　　　　　　　　　　　　　　　　　　)
CITY OF CHICAGO,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendant.　　　　)

**PLAINTIFFS' STATUS REPORT**

Plaintiffs Eric Wilkins, Mahari Bell, Essence Jefferson, José Manuel Alamanza, Jr., and Jacquez Beasley (collectively "Plaintiffs"), by and through the undersigned counsel, provide this status report to the Court in advance of the status hearing scheduled for July 22, 2026, at 9:30 a.m.

**Pending Discovery Motions**

A. *Former Superintendent Snelling's Deposition*

1.　　　The City's *Motion for Protective Order to Quash Notice of Deposition of Superintendent Snelling* is fully briefed. By way of a *Notice of Supplemental Development and Suggestion that City's Motion to Quash Deposition of Superintendent Snelling is Moot*, filed on July 14, 2026 (Dkt. No. 278), Plaintiffs suggested that this motion is moot due to Superintendent Snelling's retirement effective July 15, 2026. In an order dated July 15 (Dkt. No. 279), the Court instructed the parties to be prepared to discuss this issue at the July 22 status hearing.

2.　　　Since the entry of that order, the City responded to Plaintiffs by e-mail proposing to withdraw its motion to quash and produce Mr. Snelling for a deposition: (a) pursuant to

1

subpoena (despite Plaintiffs having served a valid deposition notice over a year ago); (b) only for three hours; (c) remotely by Zoom; and (d) not until mid- to late-September. Plaintiffs do not agree with the City's proposed limitations, which have not applied to seven already-deposed former Chicago Police Department superintendents (except that former interim Superintendent Charlie Beck was deposed remotely by agreement because he lives in California). Rule 30(d) provides a standard deposition day of seven hours, and now that Mr. Snelling is retired, there is no reason to shorten his deposition. His testimony is especially important because he was the stipulated final decisionmaker regarding CPD's traffic stop policies and practices for the past three years; Plaintiffs thus require the full seven hours provided under the rule. A remote deposition is not called for because, as far as Plaintiffs are aware at this time, Mr. Snelling lives in Chicago. And Plaintiffs object to the City's proposal that Mr. Snelling's deposition take place in mid- to late-September because expert reports are due October 1, and both parties would benefit from completing this deposition with sufficient time to incorporate it into their expert reports. Plaintiffs have requested that the City provide available dates before September 1 for Mr. Snelling's deposition.

3.       Because the parties do not agree on these points regarding Mr. Snelling's deposition, Plaintiffs request the Court's assistance to resolve the dispute at the July 22 hearing.

4.       If the Court is inclined to rule on the City's motion to quash Mr. Snelling's deposition, the relevant documents are:

   a.  City's motion (Dkt. No. 203) dated December 17, 2025

   b.  Plaintiffs' response (Dkt. No. 213) dated January 9, 2026

   c.  City's reply (Dkt. No. 217) dated January 23, 2026

   d.  Plaintiffs' supplemental response (Dkt. No. 246) dated May 1, 2026

   e.  City's supplemental reply (Dkt. No. 263) dated May 29, 2026

B. *Motion to Quash Plaintiffs' Requests for Admission*

5.        The City's *Motion for Protective Order to Quash Plaintiffs' First Set of Requests for Admission and Second Set of Interrogatories* is fully briefed. The relevant documents are:

   a. City's motion (Dkt. No. 240) dated April 17

   b. Plaintiffs' response (Dkt. No. 255) dated May 18

   c. City's reply (Dkt. No. 264) dated June 1

C. *Motion to Compel Production of Withheld Documents and Testimony*

6.        Plaintiffs' *Motion to Compel the Production of Defendant's Improperly Withheld Documents and Certain Testimony of a Key Witness* is fully briefed. The relevant documents are:

   a. Plaintiffs' motion (Dkt. No. 259) dated May 28

   b. City's response (Dkt. No. 272) dated June 30

   c. Plaintiffs' reply (Dkt. No. 275) dated July 14

## Other Pending Motions

7. Plaintiffs' *Motion for Class Certification* is fully briefed. The relevant documents are:

   a. Plaintiffs' re-filed motion (Dkt. 189) and memorandum of law (Dkt. No. 194) dated December 1, 2025

   b. City's response (Dkt. No. 222) dated February 10, 2026

   c. Plaintiffs' reply (Dkt. No. 252) dated May 8, 2026

## Status of Discovery

8.        Fact discovery is now closed (Minute Order 4/29/26, Dkt. No. 245) except for Mr. Snelling's deposition (*supra* at § A) and supplemental written discovery as provided in the Court's Minute Order dated May 19, 2026 (Dkt. No. 256). With respect to its supplemental ESI production, on July 10, 2026, the City reported to Plaintiffs that it collected from the seven agreed custodians

approximately 11,625 documents that "hit" on the applicable search terms and engaged a vendor to convert responsive text messages into a form that the City can review and produce. Plaintiffs requested that the City provide an estimate of the amount of time it believed it would take to complete its review, but Plaintiffs have not received a response to that inquiry as of this filing.

9. The Court entered a schedule for expert discovery on May 19, 2026 (Minute Order, Dkt. No. 256):

   a. By October 1, 2026, disclosures as to any issue on which the party bears the burden of proof are due

   b. By November 15, 2026, rebuttal reports intended to contradict or rebut the same subject matter identified in the 10/1/26 reports are due

   c. By January 15, 2027, expert depositions are to be completed

   d. Expert files are to be produced within 7 calendar days of each report

Dated: July 17, 2026

Respectfully Submitted,

By: */s/ Alexandra K. Block*

Daniel M. Meyers (ARDC # 6299509)
Daniel Raymond (ARDC #6313789)
Emily Dorner (ARDC # 6318489)
Nicholas Zebrowski (ARDC # 6344386)
Jonathan Decker (ARDC # 6352932)
Pilar Martinez (ARDC #6355405)
ARNOLD & PORTER KAYE SCHOLER LLP
300 North LaSalle Dr., Ste. 3500
Chicago, IL 60654-3406
Phone: (312) 583-2300
Fax: (312) 583-2360

John A. Freedman (*pro hac vice*)
Stacey Menjivar (*pro hac vice*)
Julia Wingfield (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001-3743
Phone: (202) 942-5000

Sheldon Solow (ARDC# 2673061)
shel.solow@gmail.com

Alexandra K. Block (ARDC # 6285766)
Joseph P. DiCola (ARDC # 6329608)
Hirsh M. Joshi (ARDC # 1137655)
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 N. Michigan Ave., Suite 600
Chicago, IL 60601
Phone: (312) 201-9740
Fax: (312) 201-9760
ABlock@aclu-il.org
JDiCola@aclu-il.org
HJoshi@aclu-il.org

Andrew Hannemann (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Phone: (415) 471-3100
Fax: (415) 471-3400

Mikaila O. Skaroff (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
1144 Fifteenth Street, Suite 3100
Denver, CO 80202-2848
Phone: (303) 863-1000
Fax: (303) 863-2301

Maya A. Kouassi (*pro hac vice)*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Phone: (212) 836-7964

5